Kenneth N. Wolf (KW 0598)
Edward M. Joffe (Fla Bar No. 314242)*
**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
551 Fifth Ave., Suite 1100
New York, NY 10176
(212) 883-1300
*kwolf@strtrade.com*

* Not admitted in NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZINO DAVIDOFF SA,

               Plaintiff,

v.

SELECTIVE DISTRIBUTION
INTERNATIONAL, INC.,

               Defendant/Third Party Plaintiff,

v.

DIAMOND GROUP INC.,

               Third Party Defendant,

_____/

**SELECTIVE DISTRIBUTION'S ANSWER, AFFIRMATIVE DEFENSES,
JURY DEMAND  AND THIRD-PARTY COMPLAINT
AGAINST DIAMOND GROUP, INC.**

**I.**
**ANSWER**

    Comes now the Defendant, Selective Distribution International, Inc. ("Selective

Distribution"), by and through its undersigned counsel, and hereby files its answer to Plaintiff

Zino Davidoff SA's ("Davidoff") Complaint and states as follows:

## SUBSTANCE OF THE ACTION

1.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fist two sentences of paragraph 1 of the Complaint.  Selective Distribution denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Selective Distribution admits the allegations contained in paragraph 3 of the Complaint.

4.      Selective Distribution admits the allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Selective Distribution denies the allegations contained in the last sentence in paragraph 6.  In further response, Selective Distribution admits the remaining allegations contained in paragraph 6 of the Complaint, except that its suite number is 203.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUEST FOR RELIEF

7.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.    The pleadings and court orders in the referenced action speak for themselves. In further response, Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint.

15.    Selective Distribution denies the allegations contained in paragraph 15 of the Complaint.

16.    Selective Distribution denies the allegations contained in paragraph 16 of the Complaint.

17.    Selective Distribution denies the allegations contained in paragraph 17 of the Complaint.

18.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Selective Distribution denies the allegations contained in paragraph 19 of the Complaint.

20.     Selective Distribution denies the allegations contained in paragraph 20 of the Complaint.

21.     Selective Distribution denies the allegations contained in paragraph 21 of the Complaint.

22.     Selective Distribution denies the allegations contained in paragraph 22 of the Complaint.  In further response, any communications for Selective Distribution was for settlement purposes only.

23.     Selective Distribution denies the allegations contained in paragraph 23 of the Complaint, and any implications or inference that its actions were unlawful.

24.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 24 of the Complaint.

25.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 25 of the Complaint.

26.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 26 of the Complaint.

27.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 27 of the Complaint.

## FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1114)

28.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 27 of the Complaint as is fully set forth at length herein.

29.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 29 of the Complaint.

30.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 30 of the Complaint.

31.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 31 of the Complaint.

32.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 32 of the Complaint.

**SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1114)**

33.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 32 of the Complaint as is fully set forth at length herein.

34.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 34 of the Complaint.

35.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 35 of the Complaint.

36.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 36 of the Complaint.

37.     Selective Distribution denies the allegations contained in paragraph 37 of the Complaint.

38.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 38 of the Complaint.

39.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 39 of the Complaint.

**THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))**

40.    Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 39 of the Complaint as is fully set forth at length herein.

41.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 41 of the Complaint.

42.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 42 of the Complaint.

43.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 43 of the Complaint.

44.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 44 of the Complaint.

45.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 45 of the Complaint.

<u>**FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))**</u>

46.    Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 46 of the Complaint as is fully set forth at length herein.

47.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 47 of the Complaint.

48.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 48 of the Complaint.

49.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 50 of the Complaint.

51.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 51 of the Complaint.

52.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 52 of the Complaint.

**FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(c))**

53.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 52 of the Complaint as is fully set forth at length herein.

54.     Selective Distribution denies the allegations contained in paragraph 54 of the Complaint.

55.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 55 of the Complaint.

56.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 56 of the Complaint.

57.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 57 of the Complaint.

58.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 58 of the Complaint.

59.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 59 of the Complaint.

60.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 60 of the Complaint.

## SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

61.    Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 60 of the Complaint as is fully set forth at length herein.

62.    Selective Distribution denies the allegations contained in paragraph 62 of the Complaint.

63.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 63 of the Complaint.

64.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 64 of the Complaint.

65.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 65 of the Complaint.

66.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 66 of the Complaint.

67.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 67 of the Complaint.

## SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES

68.    Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 67 of the Complaint as is fully set forth at length herein.

69.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 69 of the Complaint.

70.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 70 of the Complaint.

71.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 71 of the Complaint.

72.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 72 of the Complaint.

73. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 73 of the Complaint.

## EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

74. Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 73 of the Complaint as is fully set forth at length herein.

75. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 75 of the Complaint.

76. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 76 of the Complaint.

77. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 77 of the Complaint.

78. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 78 of the Complaint.

79.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 79 of the Complaint.

80.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 80 of the Complaint.

**NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

81.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 80 of the Complaint as is fully set forth at length herein.

82.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 82 of the Complaint.

83.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 83 of the Complaint.

84.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 84 of the Complaint.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which Selective Distribution purchased and sold, were supplied to Selective Distribution's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are precluded by its acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which Selective Distribution purchased and sold, were supplied to Selective Distribution's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff alleges that the removal of production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the

products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Cool Water fragrance products through distribution channels not authorized by plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any rights of plaintiff and is perfectly legal. Plaintiff is seeking to prevent removal of its production codes for an improper purpose and consequently is using its trademarks in violation of the antitrust laws and as a restraint of trade.

## SIXTH AFFIRMATIVE DEFENSE

Selective Distribution presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Selective Distribution reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Selective Distribution respectfully requests entry of an order dismissing Davidoff's complaint and awarding to Selective Distribution its attorneys fees, costs and expenses and such other additional relief as to the Court seems appropriate and just.

**III.**
**THIRD PARTY COMPLAINT AGAINST**
**DIAMOND GROUP INC.**

NOW    COMES    Selective    Distribution,    SELECTIVE    DISTRIBUTION

INTERNATIONAL, INC. ("Selective Distribution"), by and through its undersigned attorneys,

and for its Third Party Complaint and against  DIAMOND GROUP INC., ("Diamond Group")

hereby states, on the basis of information and belief, as follows:

1.    Plaintiff, Zino Davidoff SA, has filed a complaint against Selective Distribution, a

copy of which is attached as "**Exhibit A**".

2.    Third-party Defendant, Diamond Group, is a Nevada Corporation with its

principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts

02458. Diamond Group may be served through its resident agent, CSC Services of Nevada, Inc,

502 East John Street, Carson City, NV 89706.  At all times relevant to this action Diamond

Group conducted business in this judicial district and is subject to the jurisdiction of this court.

3.    Any and all Davidoff Cool Water fragrance products, which Selective

Distribution sold to CVS were purchased by Selective Distribution from Diamond Group.

4.    At all times relevant to this litigation, Diamond Group was a merchant regularly

dealing in fragrance products.  Pursuant to Section 2-312 of the Uniform Commercial Code,

applicable in all jurisdictions relevant to this litigation, Diamond Group warranted that the Cool

Water fragrance products it delivered to Selective Distribution, were free of the rightful claim of

any third person by way of infringement or the like.

5.    In the event that a trier of fact determines that plaintiff has a rightful claim by way

of infringement or the like, such determination will be a breach of the warranty made by

Diamond Group to Selective Distribution and will entitle Selective Distribution to all remedies allowable at law including, but not limited to, the remedies provided for in Sections 2-714 and 2-715 of the applicable Uniform Commercial Code.

**WHEREFORE**, Selective Distribution prays for a judgment against Diamond Group Inc. awarding Selective Distribution all monies and any other relief  to which it may be entitled.

## DEMAND FOR JURY TRIAL

Selective Distribution demands trial by jury on all issues so triable.

Dated : New York, New York, December 7, 2007

Respectfully submitted,
By:    /s/ Kenneth N. Wolf
Kenneth Wolf (KW 0598)

**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Selective Distribution,
*Selective Distribution International, Inc.*
551 Fifth Avenue, Suite 1100
New York, NY 10176
Tel: 212-883-1300
Fax:  212-883-0068
kwolf@strtrade.com

Edward M. Joffe, *Of Counsel**
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford - Suite 600
5200 Blue Lagoon Drive
Miami, Florida  33126
Tel.    (305) 267-9200
Fax     (305) 267-5155
Email:  ejoffe@strtrade.com

*Not admitted in New York; pro hac vice application to be submitted

18

## CERTIFICATE OF SERVICE

      I, KENNETH WOLF, AS ATTORNEY FOR SELECTIVE DISTRIBUTION, SELECTIVE DISTRIBUTION INTERNATIONAL, INC. HEREBY CERTIFY that on **December 7, 2007,** I served a true and correct copy of the foregoing

### SELECTIVE DISTRIBUTION'S ANSWER AND AFFIRMATIVE DEFENSES

upon the below listed parties by depositing, or causing to be deposited, a true copy in a United States mail receptacle properly enclosed in a securely closed envelope postage-prepaid by first class mail addressed to:

Lisa Pearson (LP 4916)
Kilpatrick Stockton LLP
31 West 52nd Street, 14th Floor
New York, NY 10019

        _/s/ Kenneth N Wolf_____
          Kenneth N. Wolf