Bradley D. Schnur (BDS2847)
Law Office of Bradley D. Schnur, Esq., P.C.
380 N. Broadway, Ste. 203
Jericho, New York 11753
(516) 932-4400
bschnur@bdslawoffice.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____/

ZINO DAVIDOFF SA,

                                                                07 CIV 10326 (PAC)

                        Plaintiff,

v.


SELECTIVE DISTRIBUTION
INTERNATIONAL, INC.,

                        Defendant/Third Party Plaintiff,

v.

DIAMOND GROUP INC.,

                        Third Party Defendant/
                        Fourth Party Plaintiff,

v.

J & H COSMETICS, LTD.

                        Fourth Party Defendant
_____/

**<u>THIRD PARTY DEFENDANT DIAMOND GROUP INC'S ANSWER, AFFIRMATIVE
DEFENSES,
JURY DEMAND  AND FOURTH-PARTY COMPLAINT AGAINST
J & H COSMETICS, LTD.</u>**

**I.
<u>ANSWER</u>**

Defendant, Diamond Group, Inc. ("DGI"), by and through its undersigned attorneys, hereby files its Answer to the Third-Party Complaint of Selective Distribution International, Inc. ("SDI"), on the basis of information and belief, as follows:

1.    Admits the allegations contained in paragraph 1 of the Third-Party Complaint.

2.    Admits the allegations contained in paragraph 2 of the Third-Party Complaint to the extent of DGI's location of business; DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Third-Party Complaint related to whether DGI is subject to the jurisdiction of this Court and leaves the Third-Party Plaintiff to its proofs.

3.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Third-Party Complaint and leaves the Third-Party Plaintiff to its proofs.

4.    DGI admits in paragraph 4 that it regularly deals in fragrance products.  As for the other allegations contained in said paragraph, denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 4 of the Third-Party Complaint and leaves the Third-Party Plaintiff to its proofs.

5.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Third-Party Complaint and leaves the Third-Party Plaintiff to its proofs.

## AFFIRMATIVE DEFENSES

1.    The Third-Party Complaint fails to state a claim upon which relief may be granted.

2.      Upon information and belief, all Zino Davidoff products which DGI purchased and sold were supplied to those who supplied DGI by Zino Davidoff (plaintiff) or authorized distributors of Zino Davidoff.  Therefore, to the extent that products provided by those parties which may have passed through to DGI are in fact found to infringe, Zino Davidoff's claims are barred by the doctrine of *Unclean Hands*.

3.      Zino Davidoff unduly delayed notifying the trade as to the presence of alleged infringing products in the market and thus acquiesced in the distribution and resale of these products and withheld information from DGI and others.

4.      Third-Party Plaintiff's claims are barred under the doctrines of waiver, laches and/or estoppel.

5.      The sale of so-called "decoded" products which are otherwise genuine is not unlawful.

6.      No act or conduct by DGI has caused injury or damage to Plaintiff or Third-Party Plaintiff.

7.      DGI presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.


**WHEREFORE**, DGI demands judgment dismissing the Third-Party Complaint as against DGI with prejudice and awarding to DGI its attorneys fees, costs and expenses and such other additional relief as to the Court deems appropriate.

**III.**
## FOURTH PARTY COMPLAINT AGAINST
## J & H COSMETICS, LTD.

Third-Party Defendant Diamond Group, Inc. ("DGI"), by and through its attorney Law Office of Bradley D. Schnur, Esq., PC, for their Fourth Party Complaint, hereby states, on the basis of information and belief, as follows:

1.      Plaintiff, Zino Davidoff SA, has filed a complaint against Selective Distribution ("SDI"), a copy of which is attached as "Exhibit A".

2.      In turn, SDI filed its answer containing a Third Party Complaint as against DGI, a copy of which is attached as "Exhibit B."

### PARTIES

3.       Fourth-party Defendant, J & H Cosmetics, Ltd. is a business corporation duly filed in the State of New York, with a business address located at 58 Eagle Chase, Woodbury, New York 11797. J & H Cosmetics, Ltd. is in the business of, among other things, the purchase and sale of cosmetics and fragrance products. J & H Cosmetics, Ltd. is a merchant as defined in applicable state laws and the Uniform Commercial Code (UCC).

### JURISDICTION

4.      This Court has jurisdiction over J & H Cosmetics, Ltd. in a number of ways including 28 USC 1338, 28 USC 1331, 28 USC 1332, 15 USC 1121 and supplemental jurisdiction by way of 28 USC 1367(a).

5.      Further, personal jurisdiction is proper over J & H Cosmetics, Ltd. pursuant to FRCP Rule 4 as well as the New York State CPLR, including sections 301 and 302.

6.      The claims of DGI are related to, and arise out of the same transactions and occurrences as alleged in both the Complaint in Zino Davidoff v. Selective Distribution

International, Inc. and the Third-Party Complaint in Selective Distribution International, Inc. v. Diamond Group, Inc.

FACTS

7.      Davidoff Cool Water fragrance products which are subject to the underlying litigation were purchased by DGI from J & H Cosmetics, Ltd. in or about April, 2006. Upon information and belief, DGI resold those products to SDI who subsequently resold the Davidoff Cool Water Products to its customer.

8.      DGI purchased said products from J & H Cosmetics, Ltd. by forwarding a purchase order.  J & H Cosmetics, Ltd. filled the order and shipped to DGI.  DGI paid J & H Cosmetics, Ltd. for the aforementioned goods.

9.      To the extent DGI has any liability in the case brought against it, it has claims against J & H Cosmetics, Ltd.

FIRST CLAIM FOR RELIEF (Breach of Warranty)

10.      DGI repeats and realleges the allegations of paragraphs 1 through 9 set forth above as if fully stated herein.

11.      At all times relevant to this litigation, J & H Cosmetics, Ltd. was, and continues to be a merchant regularly dealing in fragrance and cosmetics products.

12.      Pursuant to Section 2-312, 2-313 and 2-314 of the Uniform Commercial Code applicable to all jurisdictions involved in this litigation, J & H Cosmetics, Ltd. warranted that the products it sold to DGI were free of the rightful claim of any third person by way of infringement or the like and that the goods possessed the ability to pass without objection in the trade.

13.      By reason of the foregoing, Fourth Party Defendant J & H Cosmetics, Ltd. is liable for all damages and injuries incurred by DGI as a result of J & H Cosmetics, Ltd.'s breach

of the aforementioned warranty including but not limited to the purchase price, expenses, lost profits, potential liability to others, costs of defense which resulted from J & H Cosmetics, Ltd.'s sale of the products in question to DGI. as well as entitled to those remedies available under UCC 2-714 and 2-715.

<u>SECOND CLAIM FOR RELIEF (False Designation of Origin of Goods)</u>

14.    DGI repeats and reallege the allegations of paragraphs 1 through 13 set forth above as if fully stated herein.

15.    Assuming *arguendo* that the allegations of Zino Davidoff are true, then J & H Cosmetics, Ltd. in connection with said allegedly infringing products falsely designated the origin of the goods, provided a false or misleading representation of fact or used a word, term, name or symbol in commerce which was likely to cause confusion, mistake or deceive DGI as to the approval of the sale goods in question by Zino Davidoff.

16.    By reason of the foregoing, Fourth Party Defendant J & H Cosmetics, Ltd. is liable for all damages and injuries incurred by DGI as a result of J & H Cosmetics, Ltd.'s above conduct including, but not limited to the purchase price, expenses, lost profits, potential liability to others, and costs of defense which resulted from J & H Cosmetics, Ltd.'s sale of the products in question to DGI.

<u>THIRD CLAIM FOR RELIEF (Equitable Indemnity)</u>

17.    DGI repeats and reallege the allegations of paragraphs 1 through 16 set forth above as if fully stated herein.

18.    Upon information and belief, should DGI be found liable for the acts complained of it, such liability would have occurred as a direct and proximate result of J & H Cosmetics, Ltd.'s conduct.

19.    As a result, DGI is entitled to indemnification from J & H Cosmetics, Ltd. for any sums paid as a result of a judgment, damages or other award recovered against DGI, including its costs and expenses including legal fees, investigatory fees and other costs incurred by DGI as it relates to this matter.

20.    The total amount of DGI's damages is unknown at this time and DGI seeks leave to set forth the full amount of its damages pursuant to the pretrial procedures of this Court and the FRCP.

<u>FOURTH CLAIM FOR RELIEF (Unfair Competition)</u>

21.    DGI repeats and reallege the allegations of paragraphs 1 through 20 set forth above as if fully stated herein.

22.    While DGI denies the allegations made against it, should the allegations be found to be true against DGI, J & H Cosmetics Ltd.'s conduct of misrepresenting alleged counterfeit goods as authentic product suitable for resale constitutes unfair competition under common law. As a result of J & H Cosmetics Ltd.'s actions, DGI has been damaged and continues to be damaged in an amount of no less than $1,000,000.00.

**WHEREFORE**, DGI prays for a judgment dismissing the Third Party Complaint as against Diamond Group Inc. and/or awarding judgment in favor of DGI on this Fourth Party Complaint against J & H Cosmetics Ltd. in the manner set forth above including treble damages incurred by reason of the facts and allegations set forth herein; compensatory damages; punitive damages; a determination that J & H Cosmetics Ltd. has a duty to indemnify and hold DGI harmless from any and all costs, expenses and liabilities in connection with any claim against it arising out of the transactions and/or occurrences which are the subject matter herein; DGI's costs and any other relief to which it may be entitled.

## DEMAND FOR JURY TRIAL

DGI demands trial by jury on all issues so triable.

Dated : Jericho, New York

March 24, 2008

Respectfully submitted,
By:    /s/ Bradley D. Schnur
        Bradley D. Schnur (BDS2847)

Law Office of Bradley D. Schnur, Esq., PC
380 N. Broadway, Ste. 203
Jericho, New York 11753
(516) 932-4400
bschnur@bdslawoffice.com

# EXHIBIT "A"

**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorney for Plaintiff Zino Davidoff SA*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**JUDGE CROTTY**

**07 CV 10326**

---

ZINO DAVIDOFF SA,

                        Plaintiff,

        v.

SELECTIVE DISTRIBUTION INTERNATIONAL
INC.,

                    Defendant.

07 Civ. _____

**COMPLAINT**

---

Plaintiff Zino Davidoff SA ("Zino Davidoff"), by its attorneys Kilpatrick Stockton LLP, for its complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.    Zino Davidoff has created a highly successful line of prestige fragrances and related products under its famous DAVIDOFF house mark. In particular, Zino Davidoff's DAVIDOFF COOL WATER men's and women's fragrances consistently rank among the top-selling fragrances in the U.S. Selective Distribution International Inc. ("Selective" or "Defendant") has violated Zino Davidoff's trademark rights in at least two distinct ways. First, Defendant sells blatant counterfeits of Zino Davidoff's DAVIDOFF COOL WATER eau de toilette (the "Counterfeit DAVIDOFF COOL WATER Fragrances") to retailers such as CVS Corporation ("CVS"). The Counterfeit DAVIDOFF COOL WATER Fragrances sold by

Defendant bear the famous and federally registered DAVIDOFF and DAVIDOFF COOL WATER marks and copy Zino Davidoff's trade dress with such precision that they virtually guarantee consumer confusion while also tarnishing and diluting Zino Davidoff's famous marks. Second, Defendant distributes so-called "decoded" DAVIDOFF COOL WATER eau de toilette (the "Decoded DAVIDOFF COOL WATER Fragrances"). Decoded DAVIDOFF COOL WATER Fragrances are materially different from Plaintiff's authorized goods, and beyond the reach of Plaintiff's product integrity and quality controls, because the unique code that Plaintiff uses as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code") has been removed from these unauthorized products

2.    Defendant's sale of Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances is a deliberate effort to trade on Zino Davidoff's fame and goodwill and damage the valuable trademark rights that Zino Davidoff has spent decades developing and protecting. Defendant's actions are causing irreparable harm by creating consumer confusion and by tarnishing and diluting Zino Davidoff's famous trademarks. Zino Davidoff brings claims for trademark infringement under § 32(1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of Zino Davidoff's famous marks under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the laws of several states, including New York, N.Y. GEN. BUS. Law § 360-I, New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2003) and Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); unfair and deceptive trade practices under the laws of several states, including New York, N.Y. GEN. BUS. Law § 349, New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2003) and Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); and unfair competition under common law.  Zino Davidoff seeks

-2-

permanent injunctive relief, an accounting, treble damages or statutory damages of up to

$1,000,000 per counterfeit mark per type of goods sold or distributed by Defendant as authorized

by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), compensatory damages, recovery of

its costs and attorneys' fees and other relief authorized by the Lanham Act and applicable state

law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the

"Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the

Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent

jurisdiction. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity

between the parties and the matter in controversy exceeds, exclusive of interest and costs, the

sum of seventy-five thousand dollars.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.      Plaintiff Zino Davidoff SA is a joint stock company organized and existing under

the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg,

Switzerland. Zino Davidoff is the owner of all trademark rights in the marks DAVIDOFF and

COOL WATER for fragrances in the U.S. Zino Davidoff also owns all trade dress rights in

DAVIDOFF fragrance products.

6.      Upon information and belief, Defendant Selective is a corporation organized and

existing under the laws of New York, with its place of business located at 380 North Broadway,

Suite 204, Jericho, New York 11753. Upon information and belief, Selective sells fragrances

and other products to retailers or other distributors, and transacts business in this District and

-3-

throughout the United States. Upon information and belief, Selective has direct involvement, participation and a financial interest in, as well as supervision over, the unlawful acts complained of herein.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUESTED RELIEF

### DAVIDOFF COOL WATER Fragrances

7.    The DAVIDOFF brand was created by Zino Davidoff in 1911 in Geneva, Switzerland, and is today one of the world's most well known and highly respected brands for luxury products, including a line of fine fragrances. The DAVIDOFF mark has been extensively used in U.S. commerce for many years.

8.    Zino Davidoff launched DAVIDOFF COOL WATER cologne for men in the U.S. in 1991 and its women's DAVIDOFF COOL WATER fragrance in the U.S. in 1997.

9.    Zino Davidoff's DAVIDOFF COOL WATER fragrances and products have been distributed in interstate commerce throughout the United States, including in this judicial district, for many years. Zino Davidoff's DAVIDOFF COOL WATER fragrances and products are renowned for their high quality and are identified and distinguished by the use of both the DAVIDOFF mark and the COOL WATER secondary mark, as well as distinctive trade dress (together, the "DAVIDOFF COOL WATER Marks").

10.    The distinctive packaging of Zino Davidoff's DAVIDOFF COOL WATER men's fragrance consists of a shiny aqua blue box containing a rectangular, aqua blue bottle imprinted with the name of the fragrance in a flowing script or block lettering, the old and new logo respectively, as shown in Exhibit A. Zino Davidoff's DAVIDOFF COOL WATER women's fragrance features a variation on this trade dress with a lighter aqua color and a teardrop-shaped bottle, as shown in Exhibit B.

-4-

11.     Zino Davidoff exercises strict quality control over the production of its DAVIDOFF COOL WATER fragrances, their bottling, their completed packaging, and their distribution by Zino Davidoff's exclusive fragrance licensee Lancaster BV and U.S. sublicensee Coty US LLC (collectively "Coty") Coty marks each unit of men's and women's DAVIDOFF COOL WATER eau de toilette, as well as its outer packaging, with a Production Code. The Production Code is particularly important for maintaining the integrity of Zino Davidoff's DAVIDOFF COOL WATER fragrances, as well as other DAVIDOFF fragrances on which the Production Code is placed. The Production Code provides full traceability for each DAVIDOFF COOL WATER fragrance unit from the moment the unit is produced to the point of consumer purchase. The Production Code permits Zino Davidoff and Coty to take corrective action in the event a product defect should arise and to protect the market from counterfeit products.

12.     Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF COOL WATER Marks, the Marks have acquired enormous value, have become famous among the consuming public and trade, and are recognized as identifying and distinguishing Zino Davidoff exclusively and uniquely as the source of products sold under the marks.

13.     Zino Davidoff owns numerous incontestable U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,439,621 for DAVIDOFF and Design, Reg. No. 2,609,218 for DAVIDOFF, Reg. No. 3,247,745 for DAVIDOFF, Reg. No. 1,735,958 for DAVIDOFF COOL WATER and Design, Reg. No. 2,723,215 for DAVIDOFF COOL WATER in Design for bottle shape and Reg. No. 1,735,965 for COOL WATER. All of the foregoing registrations are valid, subsisting, and in full force and effect. Moreover, as the majority of these registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Zino Davidoff's ownership of the marks and

-5-

of its exclusive rights to use the marks in commerce on or in connection with all of the goods

identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. §

1115(b). True and correct copies of the foregoing registrations from the U.S. Patent and

Trademark Office are attached as Exhibit C.

Defendant's Sale of Counterfeit DAVIDOFF COOL WATER Fragrances

14.    On December 20, 2006, Zino Davidoff commenced an action for trademark

infringement, unfair competition and dilution against CVS in the District Court for the Southern

District of New York. The complaint alleged that CVS was selling counterfeit DAVIDOFF

COOL WATER fragrances in multiple CVS pharmacies throughout the U.S. Zino Davidoff

simultaneously filed a motion for a temporary restraining order and preliminary injunction. By

order dated December 22, 2006, the district court temporarily restrained the sale of counterfeit

DAVIDOFF fragrances by CVS, ordered CVS to withdraw its inventory of DAVIDOFF COOL

WATER men's 2.5 oz. eau de toilette from store shelves and permitted Zino Davidoff to inspect

CVS's inventory. In the course of this court-ordered inspection, Zino Davidoff's inspectors

discovered 836 counterfeit DAVIDOFF COOL WATER products destined for sale or that had

been offered for sale in CVS's drugstores.

15.    Many of the 836 counterfeit DAVIDOFF COOL WATER fragrances found by

Zino Davidoff's investigators were in boxes with labels showing Selective as the shipper with an

address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street,

Somerset, New Jersey 08873. True and correct copies of photographs of Counterfeit

DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these

products were found are attached hereto as Exhibit D. The shipping labels also often listed the

product contained within the box, e.g. "COOL WATER 2.5 MENS," the CVS item number, the

Universal Product Code ("UPC") and the number of units in tne box. True and correct copies of photographs of the labels showing the above-referenced information are attached hereto as Exhibit E.

16.    Zino Davidoff's investigators are trained to identify counterfeit DAVIDOFF fragrance products, and confirmed that the DAVIDOFF COOL WATER fragrances depicted in Exhibit D are not genuine product because, *inter alia*, they are marked with a bogus Production Code.

17.    Upon information and belief, the Counterfeit DAVIDOFF COOL WATER Fragrances sold by Defendant use counterfeit copies of the DAVIDOFF marks and replicate Zino Davidoff's distinctive trade dress for its products.

Defendant's Sale of Decoded DAVIDOFF COOL WATER Fragrances

18.    During the court-ordered inspections of CVS's inventory, Zino Davidoff's investigators also discovered approximately 16,000 units of decoded DAVIDOFF COOL WATER fragrances. "Decoded" DAVIDOFF COOL WATER fragrances are products from which Production Codes have been removed or obliterated. True and correct copies of photographs of Decoded DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these products were found are attached hereto as Exhibit F.

19.    Many of the 16,000 decoded DAVIDOFF COOL WATER fragrances found by Zino Davidoff's investigators were in boxes with either shipping labels or packing slips showing Selective as the shipper with an address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street, Somerset, New Jersey 08873. The packing slips also list a description of the shipped fragrance products, CVS's item number and the quantity of units

-7-

shipped. True and correct copies of photographs of the shipping labels and packing slips showing the above-referenced information are attached hereto as Exhibit G.

20.    Decoding DAVIDOFF COOL WATER fragrances hampers Zino Davidoff's anti-counterfeiting, quality assurance and anti-theft programs. Product lacking a Production Code may be stolen or counterfeit, and is not subject to the same on-going quality assurances as genuine product intended for sale in the U.S. Upon information and belief, Defendant acquired Decoded DAVIDOFF COOL WATER Fragrances from distributors who are not authorized to sell such products in the United States and, in order to hide the fact that it is stolen or counterfeit product or to conceal the identity of the seller of the product, the Production Code has been removed from the bottom of the bottles and the exterior of the boxes, as shown in Exhibit F. The Production Codes on such products have been removed with varying degrees of finesse. In at least some cases, the Production Code has been cut, abraded, or otherwise mutilated, giving the products a damaged appearance.

21.    The removal of the Production Code and resulting mutilation of Decoded DAVIDOFF COOL WATER Fragrances degrades the product's appearance in many instances. In addition, regardless of whether the product packaging has been damaged, the removal of the Production Code significantly interferes with Plaintiff's anti-counterfeiting, quality control and anti-theft programs by hindering Plaintiff's ability to trace the products, thereby potentially endangering the public by preventing Plaintiff from identifying fakes, resolving quality problems, and recalling defective products. Upon information and belief, Defendant has either intentionally altered these products or knowingly distributed these products without the Production Code. The removal of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized DAVIDOFF COOL

-8-

WATER fragrances that are distributed by Coty in the U.S. The Decoded DAVIDOFF COOL WATER Fragrances are therefore infringing products under U.S. trademark law.

22.    After discovering the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances in CVS's inventory, Zino Davidoff, through its attorneys, sent Defendant a cease and desist letter dated February 13, 2007. A true and correct copy of the February 13, 2007 letter from Lisa Pearson, Esq. to Dennis Schnur, Selective Distribution is annexed hereto as Exhibit H. Defendant responded in a letter dated February 16, 2007, in which it refused to provide all of the information requested by Zino Davidoff in its February 13, 2007 letter. A true and correct copy of the letter dated February 16, 2007 from Dennis Schnur, Selective Distribution to Lisa Pearson, Esq. is annexed hereto as Exhibit I. Following these first two letters, Zino Davidoff's counsel and Defendant continued correspond regarding Defendant's sales of DAVIDOFF fragrance products, particularly Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances. Defendant ultimately failed to provide all of the information sought by Zino Davidoff in connection with Defendant's sales of DAVIDOFF fragrance products and refused to provide adequate assurances that it would not engage in the sale of counterfeit and decoded DAVIDOFF fragrance products.

23.    Defendant's unlawful actions commenced many years after Zino Davidoff began using the marks at issue, many years after these marks had achieved worldwide fame, and many years after the DAVIDOFF and COOL WATER marks were registered in the U.S. Patent and Trademark Office.

24.    Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances are likely to deceive, confuse and mislead prospective

-9-

purchasers and purchasers into believing that these unlicensed and unauthorized products were produced or authorized by or in some manner associated with Zino Davidoff. The likelihood of confusion, mistake and deception engendered by Defendant's unlicensed and unauthorized products is causing irreparable harm to Zino Davidoff.

25.    Purchasers and prospective purchasers viewing Defendant's unlicensed and unauthorized Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances and perceiving a defect, lack of quality, or any impropriety are likely to attribute them mistakenly to Zino Davidoff. In addition, due to the nature of the product at issue here, a topical cosmetic, Defendant's sale of Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances upon which there is no certification of quality poses a large risk to public health and safety. By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendant is inflicting irreparable harm to Zino Davidoff's goodwill.

26.    Upon information and belief, Defendant knowingly and willfully uses Zino Davidoff's marks and sells the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances with the deliberate intent to ride on the fame and goodwill that Zino Davidoff has established in its DAVIDOFF and DAVIDOFF COOL WATER brands and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendant's products and to dilute the distinctiveness of Zino Davidoff's marks. If Defendant's conduct is not enjoined, it will greatly injure the value of Zino Davidoff's marks and Zino Davidoff's ability to distinguish its goods.

27.    Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

-10-

## FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1114)

28.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 above, and incorporates them herein by reference.

29.    Defendant's sale and distribution of products bearing counterfeit copies of the DAVIDOFF and COOL WATER marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances. As a result of Defendant's unauthorized use of Zino Davidoff's federally registered marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Zino Davidoff.

30.    Defendant's use of counterfeit copies of Zino Davidoff's marks falsely represents Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF and COOL WATER marks.

31.    Defendant's infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of counterfeit DAVIDOFF fragrance products.

-11-

## SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1114)

33.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above, and incorporates them herein by reference.

34.     The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from Plaintiff's DAVIDOFF COOL WATER fragrances with the Production Code affixed, and such products are not genuine.

35.     Defendant's unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's Decoded DAVIDOFF COOL WATER Fragrances. As a result of Defendant's unauthorized use of Zino Davidoff's federally registered marks, the public is likely to believe that Defendant's goods have been approved by Plaintiff.

36.     Defendant's unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiff.

37.     The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances deprives Plaintiff of the ability to ensure the consistently high quality of products bearing the DAVIDOFF COOL WATER Marks and to maintain the prestige and reputation of the DAVIDOFF brand. The removal of the Production Code also hinders Plaintiff's ability to protect the market from counterfeit DAVIDOFF fragrance products.

-12-

38.    Defendant's infringement of Zino Davidoff's registered marks is willful, intended

to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham

Act, 15 U.S.C. § 1114(1).

39.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff

and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive

the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant

and the public interest would not be disserved by enjoining Defendant's sale of decoded

DAVIDOFF fragrance products.

### THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))

40.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 39 above, and incorporates them herein by reference.

41.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, distinctive and

entitled to the broadest scope of protection.

42.    Defendant's sale and distribution of products bearing counterfeit copies of the

DAVIDOFF COOL WATER Marks constitutes a false designation of origin and a false

description or representation that Defendant's Counterfeit DAVIDOFF COOL WATER

Fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise

somehow connected with Zino Davidoff, and is thereby likely to confuse consumers. As a result

of Defendant's unauthorized use of the DAVIDOFF COOL WATER Marks and/or imitations

thereof, the public is likely to believe that Defendant's goods have been manufactured and/or

approved by Zino Davidoff.

43.    Defendant's use of counterfeit copies of Zino Davidoff's marks falsely represents Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

44.    Defendant's conduct is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

45.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of counterfeit DAVIDOFF fragrance products.

## FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))

46.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 45 above, and incorporates them herein by reference.

47.    The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such products are not genuine.

48.    Defendant's unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that

-14-

Defendant's sale of such products is authorized by Plaintiff, and is thereby likely to confuse consumers.

49.     The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances takes out of Plaintiff's control the quality of products bearing the DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige and reputation of the DAVIDOFF brand.

50.     Defendant is using the DAVIDOFF COOL WATER Marks with full knowledge that they are associated exclusively with Plaintiff and exclusively designate DAVIDOFF COOL WATER fragrances. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's DAVIDOFF COOL WATER Marks.

51.     Defendant's sale and distribution of the Decoded DAVIDOFF COOL WATER Fragrances is in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

52.     The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of decoded DAVIDOFF fragrance products.

**FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(c))**

53.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 52 above, and incorporates them herein by reference.

-15-

54. Zino Davidoff's DAVIDOFF and COOL WATER trademarks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively for many years. By reason of extensive advertising and use, Zino Davidoff's marks have become highly distinctive of Zino Davidoff's goods and are uniquely associated with Zino Davidoff.

55. Defendant's commercial use of Zino Davidoff's DAVIDOFF and COOL WATER marks on its Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's famous marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

56. Defendant's commercial use of the DAVIDOFF and COOL WATER marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

57. Defendant's unlawful use of the DAVIDOFF and COOL WATER marks is intended to and has the effect of trading on Zino Davidoff's reputation and causing dilution of Zino Davidoff's famous marks.

58. Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, DAVIDOFF or COOL WATER and cannot assert any rights in DAVIDOFF or COOL WATER that are prior to Zino Davidoff's first use of either mark.

59. Defendant's conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

-16-

60.     The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of counterfeit and decoded DAVIDOFF fragrance products.

### SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

61.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60 above, and incorporates them herein by reference.

62.     Zino Davidoff, and its exclusive licensee Coty, have extensively and continuously promoted and used the DAVIDOFF and COOL WATER Marks in the United States, and the marks have thereby become distinctive, famous, and well-known symbols of Zino Davidoff's fragrance products.

63.     Defendant's commercial use of the DAVIDOFF COOL WATER Marks on Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

64.     Defendant's commercial use of the DAVIDOFF COOL WATER Marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

-17-

65.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Zino Davidoff's DAVIDOFF COOL WATER Marks or to cause dilution of the DAVIDOFF COOL WATER Marks, to the great and irreparable injury of Zino Davidoff.

66.    Defendant is causing and will continue to cause irreparable injury to Zino Davidoff's goodwill and business reputation, and dilution of the distinctiveness and value of Zino Davidoff's famous and distinctive DAVIDOFF COOL WATER Marks in violation of the New York, New Jersey and Rhode Island anti-dilution acts, N.Y. GEN. BUS. Law § 360-l (2003), N.J. STAT. ANN. 56:3-13.20 (West 2003) and R.I. GEN. LAWS § 6-2-12 (1992) respectively, as well as upon information and belief the anti-dilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003), Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. § 87-

-18-

140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Mexico,

N.M. STAT. ANN. § 57-3B-15 (Michie 2002); Oregon, O.R.S. § 647.107 (2003); Pennsylvania,

54 PA. CONS. STAT. ANN. § 1124 (West 1996); South Carolina, S. C. CODE ANN. § 39-15-

1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM.

CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. § 70-3a-403 (2002); Washington,

WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13

(Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

     67.    Zino Davidoff therefore is entitled to injunctive relief, damages and costs, as well

as, if appropriate, enhanced damages and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES

     68.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 67 above, and incorporates them herein by reference.

     69.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, highly

distinctive of Zino Davidoff and entitled to the broadest scope of protection.

     70.    Defendant's sale and distribution of Counterfeit DAVIDOFF COOL WATER

Fragrances constitutes a false designation of origin and a false description or representation that

Defendant's products originate from, or are offered, sponsored, authorized, licensed by or

otherwise somehow connected with Zino Davidoff, and is thereby likely to confuse consumers.

As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have

been manufactured and/or approved by Zino Davidoff.

     71.    Defendant's use of counterfeit copies of the DAVIDOFF COOL WATER Marks

falsely represents Defendant's Counterfeit DAVIDOFF COOL WATER Fragrances as

-19-

emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

72.    Defendant's conduct is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and constitutes common law unfair competition.

73.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of counterfeit DAVIDOFF fragrance products.

## EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

74.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 73 above, and incorporates them herein by reference.

75.    The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such products are not genuine.

76.    Defendant's unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiff, and is thereby likely to confuse consumers.

77.    The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances takes out of Plaintiff's control the quality of products bearing the

-20-

DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige and reputation of the DAVIDOFF brand.

78.    Defendant is using the DAVIDOFF COOL WATER Marks with full knowledge that they are associated exclusively with Plaintiff and exclusively designate DAVIDOFF COOL WATER fragrances. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's DAVIDOFF COOL WATER Marks.

79.    Defendant's sale and distribution of the Decoded DAVIDOFF COOL WATER Fragrances constitutes common law unfair competition.

80.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant and the public interest would not be disserved by enjoining Defendant's sale of decoded DAVIDOFF fragrance products.

## NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

81.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 80 above, and incorporates them herein by reference.

82.    By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York statute N.Y. GEN. BUS. Law § 349 (McKinney 1988), and upon information and belief the unfair and deceptive trade practices statutes of other states including Colorado, COLO. REV.

-21-

STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN.

tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-

375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL.

COMP. STAT. ANN. 510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216

(West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB.

REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-

12-22 (Michie 1995); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995);

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998) and Oregon,

O.R.S. §§ 646.605 to 646.656 (2003).

83.    The public is likely to be damaged as a result of Defendant's deceptive trade

practices or acts.

84.    The aforesaid conduct of Defendant is causing irreparable injury to Zino Davidoff

and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive

the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendant

and the public interest would not be disserved by enjoining Defendant's sale of counterfeit and

decoded DAVIDOFF fragrance products.

WHEREFORE, Zino Davidoff demands judgment as follows:

1.    That an injunction be issued enjoining Defendant, and any employees, agents,

servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities

owned or controlled by Defendant, and all those in active concert and participation with

Defendant, and each of them who receives notice directly or otherwise of such injunction from:

-22-

a)  imitating, copying, or making unauthorized use of the DAVIDOFF COOL

WATER Marks or any other marks owned by Zino Davidoff (collectively the "DAVIDOFF

Marks");

b)  importing, exporting, manufacturing, producing, distributing, circulating,

selling, offering for sale, advertising, promoting or displaying any product bearing any

simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

c)  using any simulation, reproduction, counterfeit, copy or colorable imitation of

the DAVIDOFF Marks in connection with the importation, promotion, advertisement, display,

sale, offering for sale, manufacture, production, circulation or distribution of any product in such

fashion as to relate or connect, or tend to relate or connect, such product in any way to Zino

Davidoff or to any goods sold, manufactured, sponsored or approved by or connected with Zino

Davidoff;

d)  using any false designation of origin or false description, or performing any

act which is likely to lead members of the trade or public to believe that any infringing product

manufactured, distributed or sold by Defendant is in any manner associated or connected with

Zino Davidoff, or is sold, manufactured, licensed, sponsored, approved or authorized by Zino

Davidoff;

e)  engaging in any other activity constituting unfair competition with Zino

Davidoff, or constituting infringement of the DAVIDOFF Marks;

f)  taking any action, including through the use of the DAVIDOFF Marks or any

simulation reproduction, copy or colorable imitation thereof, that dilutes the unique association

between the DAVIDOFF Marks and Zino Davidoff, or that tarnishes the reputation or image of

Zino Davidoff;

-23-

g) removing, obscuring or otherwise defacing a Production Code or other bar code on any DAVIDOFF COOL WATER product or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any DAVIDOFF COOL WATER product with a removed, obscured or otherwise defaced Production Code or other bar code;

h) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

i) disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

j) directly or indirectly informing Defendant's source(s) for any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks of this action or any of Zino Davidoff's claims herein; or

k) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

2.    Directing that Defendant make available to Zino Davidoff for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of

-24-

products or packaging incorporating a simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and provide Zino Davidoff the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

3.      Directing that Defendant recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendant under or in connection with any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and, upon recall, to deliver such goods up to Zino Davidoff's counsel for destruction at Defendant's costs.

4.      Directing that Defendant cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

5.      Directing that Defendant deliver to Zino Davidoff's counsel for destruction at Defendant's costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

6.      Requiring Defendant to account for and pay over to Zino Davidoff three times the profits realized by Defendant from its infringement of Zino Davidoff's marks and its unfair competition with Zino Davidoff.

7.      Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Zino Davidoff elects, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or

distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendant's acts of willful trademark infringement and counterfeiting.

8.    Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 117(a), arising out of Defendant's acts of willful unfair competition and trademark dilution.

9.    Awarding to Zino Davidoff interest, including pre-judgment interest, on the foregoing sums.

10.    Awarding to Zino Davidoff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

11.    Awarding Zino Davidoff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.    Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendant are authorized by Zino Davidoff or related in any way to Zino Davidoff's products.

13.    Directing that Defendant file with the Court and serve upon Zino Davidoff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

14.    Awarding Zino Davidoff such other and further relief as the Court may deem just and proper.

*Signature Block On Following Page*

-26-

Dated: New York, New York
November 14, 2007

**KILPATRICK STOCKTON LLP**

By: _____
Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 W. 52nd Street, 14th Floor
New York, New York 10019
(212) 775-8700
(212) 775-8800

*Attorneys for Plaintiff Zino Davidoff SA*

-27-

# EXHIBIT "B"

Kenneth N. Wolf (KW 0598)
Edward M. Joffe (Fla Bar No. 314242)*
**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
551 Fifth Ave., Suite 1100
New York, NY 10176
(212) 883-1300
*kwolf@strtrade.com*

\* Not admitted in NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZINO DAVIDOFF SA,

        Plaintiff,

v.


SELECTIVE DISTRIBUTION
INTERNATIONAL, INC.,

        Defendant/Third Party Plaintiff,

v.

DIAMOND GROUP INC.,

        Third Party Defendant,

_____/

**SELECTIVE DISTRIBUTION'S ANSWER, AFFIRMATIVE DEFENSES,
JURY DEMAND AND THIRD-PARTY COMPLAINT
AGAINST DIAMOND GROUP, INC.**

**I.
ANSWER**

Comes now the Defendant, Selective Distribution International, Inc. ("Selective

Distribution"), by and through its undersigned counsel, and hereby files its answer to Plaintiff

Zino Davidoff SA's ("Davidoff") Complaint and states as follows:

## SUBSTANCE OF THE ACTION

1.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fist two sentences of paragraph 1 of the Complaint.  Selective Distribution denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Selective Distribution admits the allegations contained in paragraph 3 of the Complaint.

4.      Selective Distribution admits the allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Selective Distribution denies the allegations contained in the last sentence in paragraph 6.  In further response, Selective Distribution admits the remaining allegations contained in paragraph 6 of the Complaint, except that its suite number is 203.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUEST FOR RELIEF

7.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

2

8.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.      Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.     The pleadings and court orders in the referenced action speak for themselves. In further response, Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint.

15.     Selective Distribution denies the allegations contained in paragraph 15 of the Complaint.

16.     Selective Distribution denies the allegations contained in paragraph 16 of the Complaint.

17.     Selective Distribution denies the allegations contained in paragraph 17 of the Complaint.

18.    Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.    Selective Distribution denies the allegations contained in paragraph 19 of the Complaint.

20.    Selective Distribution denies the allegations contained in paragraph 20 of the Complaint.

21.    Selective Distribution denies the allegations contained in paragraph 21 of the Complaint.

22.    Selective Distribution denies the allegations contained in paragraph 22 of the Complaint.   In further response, any communications for Selective Distribution was for settlement purposes only.

23.    Selective Distribution denies the allegations contained in paragraph 23 of the Complaint, and any implications or inference that its actions were unlawful.

24.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.   To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 24 of the Complaint.

25.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.   To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 25 of the Complaint.

26.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.   To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 26 of the Complaint.

27.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 27 of the Complaint.

## FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
### (15 U.S.C. §1114)

28.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 27 of the Complaint as is fully set forth at length herein.

29.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 29 of the Complaint.

30.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 30 of the Complaint.

31.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 31 of the Complaint.

32.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 32 of the Complaint.

### SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1114)

33.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 32 of the Complaint as is fully set forth at length herein.

34.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 34 of the Complaint.

35.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 35 of the Complaint.

36.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 36 of the Complaint.

37.     Selective Distribution denies the allegations contained in paragraph 37 of the Complaint.

38.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 38 of the Complaint.

39.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 39 of the Complaint.

### THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))

40.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 39 of the Complaint as is fully set forth at length herein.

41.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 41 of the Complaint.

42.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 42 of the Complaint.

43.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 43 of the Complaint.

44.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 44 of the Complaint.

45.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 45 of the Complaint.

## FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))

46.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 46 of the Complaint as is fully set forth at length herein.

47.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 47 of the Complaint.

48.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 48 of the Complaint.

49.     Selective Distribution lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 50 of the Complaint.

51.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 51 of the Complaint.

52.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 52 of the Complaint.

## FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(c))

53.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 52 of the Complaint as is fully set forth at length herein.

54.     Selective Distribution denies the allegations contained in paragraph 54 of the Complaint.

55.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 55 of the Complaint.

56.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 56 of the Complaint.

57.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 57 of the Complaint.

58.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 58 of the Complaint.

59.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 59 of the Complaint.

60.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 60 of the Complaint.

**SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY
TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF
COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER
FRAGRANCES**

61.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 60 of the Complaint as is fully set forth at length herein.

62.     Selective Distribution denies the allegations contained in paragraph 62 of the Complaint.

63.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 63 of the Complaint.

64.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 64 of the Complaint.

65.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 65 of the Complaint.

66.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 66 of the Complaint.

67.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 67 of the Complaint.

**SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES**

68.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 67 of the Complaint as is fully set forth at length herein.

69.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 69 of the Complaint.

70.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 70 of the Complaint.

71.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 71 of the Complaint.

72.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 72 of the Complaint.

73.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 73 of the Complaint.

## EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

74.     Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 73 of the Complaint as is fully set forth at length herein.

75.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 75 of the Complaint.

76.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 76 of the Complaint.

77.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 77 of the Complaint.

78.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 78 of the Complaint.

79. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 79 of the Complaint.

80. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 80 of the Complaint.

## NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

81. Selective Distribution repeats and incorporates by reference responses to Paragraphs 1 through 80 of the Complaint as is fully set forth at length herein.

82. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 82 of the Complaint.

83. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 83 of the Complaint.

84. The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, Selective Distribution denies the allegations contained in paragraph 84 of the Complaint.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which Selective Distribution purchased and sold, were supplied to Selective Distribution's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are precluded by its acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which Selective Distribution purchased and sold, were supplied to Selective Distribution's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff alleges that the removal of production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the

products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Cool Water fragrance products through distribution channels not authorized by plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any rights of plaintiff and is perfectly legal. Plaintiff is seeking to prevent removal of its production codes for an improper purpose and consequently is using its trademarks in violation of the antitrust laws and as a restraint of trade.

## SIXTH AFFIRMATIVE DEFENSE

Selective Distribution presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Selective Distribution reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Selective Distribution respectfully requests entry of an order dismissing Davidoff's complaint and awarding to Selective Distribution its attorneys fees, costs and expenses and such other additional relief as to the Court seems appropriate and just.

**III.**
**THIRD PARTY COMPLAINT AGAINST**
**DIAMOND GROUP INC.**

NOW COMES Selective Distribution, SELECTIVE DISTRIBUTION INTERNATIONAL, INC. ("Selective Distribution"), by and through its undersigned attorneys, and for its Third Party Complaint and against DIAMOND GROUP INC., ("Diamond Group") hereby states, on the basis of information and belief, as follows:

1. Plaintiff, Zino Davidoff SA, has filed a complaint against Selective Distribution, a copy of which is attached as "**Exhibit A**".

2. Third-party Defendant, Diamond Group, is a Nevada Corporation with its principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts 02458. Diamond Group may be served through its resident agent, CSC Services of Nevada, Inc, 502 East John Street, Carson City, NV 89706. At all times relevant to this action Diamond Group conducted business in this judicial district and is subject to the jurisdiction of this court.

3. Any and all Davidoff Cool Water fragrance products, which Selective Distribution sold to CVS were purchased by Selective Distribution from Diamond Group.

4. At all times relevant to this litigation, Diamond Group was a merchant regularly dealing in fragrance products. Pursuant to Section 2-312 of the Uniform Commercial Code, applicable in all jurisdictions relevant to this litigation, Diamond Group warranted that the Cool Water fragrance products it delivered to Selective Distribution, were free of the rightful claim of any third person by way of infringement or the like.

5. In the event that a trier of fact determines that plaintiff has a rightful claim by way of infringement or the like, such determination will be a breach of the warranty made by

Diamond Group to Selective Distribution and will entitle Selective Distribution to all remedies allowable at law including, but not limited to, the remedies provided for in Sections 2-714 and 2-715 of the applicable Uniform Commercial Code.

WHEREFORE, Selective Distribution prays for a judgment against Diamond Group Inc. awarding Selective Distribution all monies and any other relief  to which it may be entitled.

## DEMAND FOR JURY TRIAL

Selective Distribution demands trial by jury on all issues so triable.

Dated : New York, New York, December 7, 2007

Respectfully submitted,
By:      /s/ Kenneth N. Wolf
Kenneth Wolf (KW 0598)

**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Selective Distribution,
*Selective Distribution International, Inc.*
551 Fifth Avenue, Suite 1100
New York, NY 10176
Tel: 212-883-1300
Fax:  212-883-0068
kwolf@strtrade.com

Edward M. Joffe, *Of Counsel*\*
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford - Suite 600
5200 Blue Lagoon Drive
Miami, Florida  33126
Tel.     (305) 267-9200
Fax     (305) 267-5155
Email:  ejoffe@strtrade.com

*Not admitted in New York; pro hac vice application to be submitted

## CERTIFICATE OF SERVICE

I, KENNETH WOLF, AS ATTORNEY FOR SELECTIVE DISTRIBUTION, SELECTIVE DISTRIBUTION INTERNATIONAL, INC. HEREBY CERTIFY that on **December 7, 2007,** I served a true and correct copy of the foregoing

## SELECTIVE DISTRIBUTION'S ANSWER AND AFFIRMATIVE DEFENSES

upon the below listed parties by depositing, or causing to be deposited, a true copy in a United States mail receptacle properly enclosed in a securely closed envelope postage-prepaid by first class mail addressed to:

Lisa Pearson (LP 4916)
Kilpatrick Stockton LLP
31 West 52nd Street, 14th Floor
New York, NY 10019


_/s/ Kenneth N Wolf_____
Kenneth N. Wolf

19