**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorney for Plaintiff Zino Davidoff SA*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZINO DAVIDOFF SA,<br><br>        Plaintiff,<br><br>        v.<br><br>SELECTIVE DISTRIBUTION INTERNATIONAL INC., DIAMOND GROUP, INC., J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57,<br><br>        Defendants. | 07 Civ. 10326 (PAC)(MHD)<br><br><br>**AMENDED COMPLAINT** |
| SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,<br><br>        Third-Party Plaintiff,<br>        v.<br><br>DIAMOND GROUP INC.,<br><br>        Third-Party Defendant/<br>        Third-Party Plaintiff,<br><br>        v.<br><br>J & H COSMETICS, LTD.,<br><br>        Third-Party Defendant. | |

Plaintiff Zino Davidoff SA ("Zino Davidoff"), by its attorneys Kilpatrick Stockton LLP, and pursuant to the Court's Case Management Plan and Scheduling Order dated March 24, 2008, for its amended complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.      Zino Davidoff has created a highly successful line of prestige fragrances and related products under its famous DAVIDOFF house mark.  In particular, Zino Davidoff's DAVIDOFF COOL WATER men's and women's fragrances consistently rank among the top-selling fragrances in the U.S.  Selective Distribution International Inc. ("Selective"), Diamond Group, Inc. ("Diamond"), J&H Cosmetics, Inc. ("J&H"), and Helene Schmeltzer and Gerald Schmeltzer (individually and doing business as J&S Merchandising (an eBay store) and "jerryboy57" (an eBay seller) (collectively "Defendants") have violated Zino Davidoff's trademark rights in at least two distinct ways. First, Defendants sell blatant counterfeits of Zino Davidoff's DAVIDOFF COOL WATER eau de toilette (the "Counterfeit DAVIDOFF COOL WATER Fragrances").  The Counterfeit DAVIDOFF COOL WATER Fragrances sold by Defendants bear the famous and federally registered DAVIDOFF and DAVIDOFF COOL WATER marks and copy Zino Davidoff's trade dress with such precision that they virtually guarantee consumer confusion while also tarnishing and diluting Zino Davidoff's famous marks. Second, Defendants distribute so-called "decoded" DAVIDOFF COOL WATER eau de toilette (the "Decoded DAVIDOFF COOL WATER Fragrances").  Decoded DAVIDOFF COOL WATER Fragrances are materially different from Plaintiff's authorized goods, and beyond the reach of Plaintiff's product integrity and quality controls, because the unique serial number that Plaintiff uses as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code") has been removed from these unauthorized products.

-2-

2.     Defendants' sale of Counterfeit DAVIDOFF COOL WATER Fragrances and
Decoded DAVIDOFF COOL WATER Fragrances is a deliberate effort to trade on Zino
Davidoff's fame and goodwill and damage the valuable trademark rights that Zino Davidoff has
spent decades developing and protecting.  Defendants' actions are causing irreparable harm by
creating consumer confusion and by tarnishing and diluting Zino Davidoff's famous trademarks.
Zino Davidoff brings claims for trademark infringement under § 32(1) of the Federal Trademark
(Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under §
43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of Zino Davidoff's
famous marks under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the laws of
several states, including New York, N.Y. GEN. BUS. Law § 360-l, New Jersey, N.J. STAT.
ANN. 56:3-13.20 (West 2003) and Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); unfair and
deceptive trade practices under the laws of several states, including New York, N.Y. GEN. BUS.
Law § 349, New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2003) and Rhode Island, R.I.
GEN. LAWS § 6-2-12 (1992); unfair competition under common law; and infringement under
the law of New York, N.Y. ARTS & CULT. AFF. Law § 33.09.  Zino Davidoff seeks permanent
injunctive relief, an accounting, treble damages or statutory damages of up to $1,000,000 per
counterfeit mark per type of goods sold or distributed by Defendants as authorized by Section
35(c) of the Lanham Act, 15 U.S.C. § 1117(c), compensatory damages, recovery of its costs and
attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the
"Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the
Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent

-3-

jurisdiction. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity

between the parties and the matter in controversy exceeds, exclusive of interest and costs, the

sum of seventy-five thousand dollars.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.      Plaintiff Zino Davidoff SA is a joint stock company organized and existing under

the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg,

Switzerland. Zino Davidoff is the owner of all trademark rights in the marks DAVIDOFF and

COOL WATER for fragrances in the U.S. Zino Davidoff also owns all trade dress rights in

DAVIDOFF fragrance products.

6.      Defendant Selective is a corporation organized and existing under the laws of

New York, with its place of business located at 380 North Broadway, Suite 203, Jericho, New

York 11753. Selective sells fragrances and other products to retailers or other distributors, and

transacts business in this District and throughout the United States. Upon information and belief,

Selective has direct involvement, participation and a financial interest in, as well as supervision

over, its unlawful acts as complained of herein.

7.      Upon information and belief, Defendant Diamond is a corporation organized and

existing under the laws of Nevada, with its place of business located at One Gateway Center,

Suite 812, Newton, Massachusetts 02458. Upon information and belief, Diamond sells

fragrances and other products to retailers and distributors throughout the United States and does

business in this District. Upon information and belief, Diamond has direct involvement,

participation and a financial interest in, as well as supervision over, its unlawful acts as

complained of herein.

-4-

8.    Upon information and belief, Defendant J&H is a corporation organized and existing under the laws of New York, with its place of business located at 58 Eagle Chase, Woodbury, New York 11797.  Upon information and belief, J&H sells fragrances and other products to retailers, distributors and consumers throughout the United States and does business in this District.  Upon information and belief, J&H has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

9.    Upon information and belief, Defendants Helene Schmeltzer and Gerald Schmeltzer are individuals residing at 58 Eagle Chase, Woodbury, New York 11797.  Upon information and belief, the Schmeltzers are principals in and control J&H's operations, and also sell fragrances through eBay.com using an eBay store named J&S Merchandising and the eBay seller name "jerryboy57."  Upon information and belief, the Schmeltzers sell fragrances and other products to retailers, distributors and consumers throughout the United States and in this District.  Upon information and belief, the Schmeltzers have direct involvement, participation and a financial interest in, as well as supervision over, their unlawful acts as complained of herein.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUESTED RELIEF

DAVIDOFF COOL WATER Fragrances

10.    The DAVIDOFF brand was created by Zino Davidoff in 1911 in Geneva, Switzerland, and is today one of the world's most well known and highly respected brands for luxury products, including a line of fine fragrances.  The DAVIDOFF mark has been extensively used in U.S. commerce for many years.

11.    Zino Davidoff launched DAVIDOFF COOL WATER cologne for men in the U.S. in 1991 and its women's DAVIDOFF COOL WATER fragrance in the U.S. in 1997.

-5-

12.     Zino Davidoff's DAVIDOFF COOL WATER fragrances and products have been distributed in interstate commerce throughout the United States, including in this judicial district, for many years. Zino Davidoff's DAVIDOFF COOL WATER fragrances and products are renowned for their high quality and are identified and distinguished by the use of both the DAVIDOFF mark and the COOL WATER secondary mark, as well as distinctive trade dress (together, the "DAVIDOFF COOL WATER Marks").

13.     The distinctive packaging of Zino Davidoff's DAVIDOFF COOL WATER men's fragrance consists of a shiny aqua blue box containing a rectangular, aqua blue bottle imprinted with the name of the fragrance in a flowing script or block lettering, the old and new logo respectively, as shown in Exhibit A. Zino Davidoff's DAVIDOFF COOL WATER women's fragrance features a variation on this trade dress with a lighter aqua color and a teardrop-shaped bottle, as shown in Exhibit B.

14.     Zino Davidoff exercises strict quality control over the production of its DAVIDOFF COOL WATER fragrances, their bottling, their completed packaging, and their distribution by Zino Davidoff's exclusive fragrance licensee Lancaster BV and U.S. sublicensee Coty US LLC (collectively "Coty"). Coty marks each unit of men's and women's DAVIDOFF COOL WATER eau de toilette, as well as its outer packaging, with a Production Code. The Production Code is particularly important for maintaining the integrity of Zino Davidoff's DAVIDOFF COOL WATER fragrances, as well as other DAVIDOFF fragrances on which the Production Code is placed. The Production Code provides full traceability for each DAVIDOFF COOL WATER fragrance unit from the moment the unit is produced to the point of consumer purchase. The Production Code permits Zino Davidoff and Coty to take corrective action in the event a product defect should arise and to protect the market from counterfeit products.

-6-

15. Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF COOL WATER Marks, the Marks have acquired enormous value, have become famous among the consuming public and trade, and are recognized as identifying and distinguishing Zino Davidoff exclusively and uniquely as the source of products sold under the marks.

16. Zino Davidoff owns numerous incontestable U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,439,621 for DAVIDOFF and Design, Reg. No. 2,609,218 for DAVIDOFF, Reg. No. 3,247,745 for DAVIDOFF, Reg. No. 1,735,958 for DAVIDOFF COOL WATER and Design, Reg. No. 2,723,215 for DAVIDOFF COOL WATER in Design for bottle shape and Reg. No. 1,735,965 for COOL WATER. All of the foregoing registrations are valid, subsisting, and in full force and effect. Moreover, as the majority of these registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Zino Davidoff's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit C.

Defendants' Sale of Counterfeit DAVIDOFF COOL WATER Fragrances

17. On December 20, 2006, Zino Davidoff commenced an action for trademark infringement, unfair competition and dilution against CVS in the District Court for the Southern District of New York. The complaint alleged that CVS was selling counterfeit DAVIDOFF COOL WATER fragrances in multiple CVS pharmacies throughout the U.S. Zino Davidoff simultaneously filed a motion for a temporary restraining order and preliminary injunction. By order dated December 22, 2006, the district court temporarily restrained the sale of counterfeit

-7-

DAVIDOFF fragrances by CVS, ordered CVS to withdraw its inventory of DAVIDOFF COOL

WATER men's 2.5 oz. eau de toilette from store shelves and permitted Zino Davidoff to inspect

CVS's inventory. In the course of this court-ordered inspection, Zino Davidoff's inspectors

discovered 836 counterfeit DAVIDOFF COOL WATER products destined for sale or that had

been offered for sale in CVS's drugstores.

18.    Many of the 836 counterfeit DAVIDOFF COOL WATER fragrances found by

Zino Davidoff's investigators were in boxes with labels showing Selective as the shipper with an

address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street,

Somerset, New Jersey 08873. True and correct copies of photographs of Counterfeit

DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these

products were found are attached hereto as Exhibit D. The shipping labels also often listed the

product contained within the box, *e.g.* "COOL WATER 2.5 MENS," the CVS item number, the

Universal Product Code ("UPC") and the number of units in the box. True and correct copies of

photographs of the labels showing the above-referenced information are attached hereto as

Exhibit E.

19.    Zino Davidoff's investigators are trained to identify counterfeit DAVIDOFF

fragrance products, and confirmed that the DAVIDOFF COOL WATER fragrances depicted in

Exhibit D are not genuine product because, *inter alia*, they are marked with a bogus Production

Code.

20.    On or about December 7, 2007, Selective answered the original complaint in this

matter and filed a third-party complaint impleading Diamond Group. Selective's answer and

third-party complaint claimed that "[a]ny and all Davidoff Cool Water fragrance products, which

-8-

Selective Distribution sold to CVS were purchased by Selective Distribution from Diamond Group."

21.    On or about April 3, 2008, Diamond answered Selective's third-party complaint and filed a third-party complaint impleading J&H. In its third-party complaint against J&H, Diamond claims that the "Davidoff Cool Water fragrance products which are subject to the underlying litigation were purchased by [Diamond] from J&H Cosmetics, Ltd. in or about April, 2006."

22.    Upon information and belief, the Schmeltzers, through J&H, their eBay store J&S Merchandising, and their eBay seller name "jerryboy57," have been offering for sale and selling Counterfeit DAVIDOFF COOL WATER Fragrances. Annexed hereto as Exhibit F are true and correct pictures of Counterfeit DAVIDOFF COOL WATER Fragrances purchased from eBay seller jerryboy57 in or around September 2007.

23.    Upon information and belief, the Counterfeit DAVIDOFF COOL WATER Fragrances sold by Defendants use counterfeit copies of the DAVIDOFF marks and replicate Zino Davidoff's distinctive trade dress for its products.

Defendants' Sale of Decoded DAVIDOFF COOL WATER Fragrances

24.    During the court-ordered inspections of CVS's inventory, Zino Davidoff's investigators also discovered approximately 16,000 units of decoded DAVIDOFF COOL WATER fragrances. "Decoded" DAVIDOFF COOL WATER fragrances are products from which Production Codes have been removed or obliterated. True and correct copies of photographs of Decoded DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these products were found are attached hereto as Exhibit G.

25.    Many of the 16,000 decoded DAVIDOFF COOL WATER fragrances found by Zino Davidoff's investigators were in boxes with either shipping labels or packing slips showing Selective as the shipper with an address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street, Somerset, New Jersey 08873. The packing slips also list a description of the shipped fragrance products, CVS's item number and the quantity of units shipped. True and correct copies of photographs of the shipping labels and packing slips showing the above-referenced information are attached hereto as Exhibit H.

26.    Decoding DAVIDOFF COOL WATER fragrances hampers Zino Davidoff's anti-counterfeiting, quality assurance and anti-theft programs. Product lacking a Production Code may be stolen or counterfeit, and is not subject to the same on-going quality assurances as genuine product intended for sale in the U.S. Upon information and belief, Defendants acquired Decoded DAVIDOFF COOL WATER Fragrances from distributors who are not authorized to sell such products in the United States and, in order to hide the fact that it is stolen or counterfeit product or to conceal the identity of the seller of the product, the Production Code has been removed from the bottom of the bottles and the exterior of the boxes, as shown in Exhibit G. The Production Codes on such products have been removed with varying degrees of finesse. In at least some cases, the Production Code has been cut, abraded, or otherwise mutilated, giving the products a damaged appearance.

27.    The removal of the Production Code and resulting mutilation of Decoded DAVIDOFF COOL WATER Fragrances degrades the product's appearance in many instances. In addition, regardless of whether the product packaging has been damaged, the removal of the Production Code significantly interferes with Plaintiff's anti-counterfeiting, quality control and anti-theft programs by hindering Plaintiff's ability to trace the products, thereby potentially

-10-

endangering the public by preventing Plaintiff from identifying fakes, resolving quality problems, and recalling defective products. Upon information and belief, Defendants have either intentionally altered these products or knowingly distributed these products without the Production Code. The removal of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized DAVIDOFF COOL WATER fragrances that are distributed by Coty in the U.S. The Decoded DAVIDOFF COOL WATER Fragrances are therefore infringing products under U.S. trademark law.

28.    After discovering the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances in CVS's inventory, Zino Davidoff, through its attorneys, sent Selective a cease and desist letter dated February 13, 2007. A true and correct copy of the February 13, 2007 letter from Lisa Pearson, Esq. to Dennis Schnur, Selective Distribution is annexed hereto as Exhibit I. Selective responded in a letter dated February 16, 2007, in which it refused to provide all of the information requested by Zino Davidoff in its February 13, 2007 letter. A true and correct copy of the letter dated February 16, 2007 from Dennis Schnur, Selective Distribution to Lisa Pearson, Esq. is annexed hereto as Exhibit J. Following these first two letters, Zino Davidoff's counsel and Selective continued correspond regarding Selective's sales of DAVIDOFF fragrance products, particularly Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances. Selective ultimately failed to provide all of the information sought by Zino Davidoff in connection with Selective's sales of DAVIDOFF fragrance products and refused to provide adequate assurances that it would not engage in the sale of counterfeit and decoded DAVIDOFF fragrance products.

-11-

29.    Selective has impleaded Diamond, and Diamond has impleaded J&H, each complaining that the new party it impleaded was its source of Counterfeit and Decoded DAVIDOFF COOL WATER Fragrances complained of within this amended complaint.

30.    Upon information and belief, the Schmeltzers, through J&H, their eBay store J&S Merchandising, and their eBay seller name "jerryboy57," have been offering for sale and selling Decoded DAVIDOFF COOL WATER Fragrances. Annexed hereto as Exhibit K are true and correct pictures of DAVIDOFF COOL WATER fragrances without Production Codes purchased from eBay seller jerryboy57 in or around September 2007 and annexed as Exhibit L is a true and correct copy of a "Proforma" from J&H Cosmetics, Ltd offering for sale DAVIDOFF COOL WATER men's EDT as "with Codes," implying that J&H offers for sale Decoded DAVIDOFF COOL WATER Fragrances.

31.    Defendants' unlawful actions commenced many years after Zino Davidoff began using the marks at issue, many years after these marks had achieved worldwide fame, and many years after the DAVIDOFF and COOL WATER marks were registered in the U.S. Patent and Trademark Office.

32.    Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances are likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that these unlicensed and unauthorized products were produced or authorized by or in some manner associated with Zino Davidoff. The likelihood of confusion, mistake and deception engendered by Defendants' unlicensed and unauthorized products is causing irreparable harm to Zino Davidoff.

33.    Purchasers and prospective purchasers viewing Defendants' unlicensed and unauthorized Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF

-12-

COOL WATER Fragrances and perceiving a defect, lack of quality, or any impropriety are likely to attribute them mistakenly to Zino Davidoff. In addition, due to the nature of the product at issue here, a topical cosmetic, Defendants' sale of Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances upon which there is no certification of quality poses a large risk to public health and safety. By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendants are inflicting irreparable harm to Zino Davidoff's goodwill.

34.    Upon information and belief, Defendants knowingly and willfully use Zino Davidoff's marks and sell the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances with the deliberate intent to ride on the fame and goodwill that Zino Davidoff has established in its DAVIDOFF and DAVIDOFF COOL WATER brands and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendants' products and to dilute the distinctiveness of Zino Davidoff's marks. If Defendants' conduct is not enjoined, it will greatly injure the value of Zino Davidoff's marks and Zino Davidoff's ability to distinguish its goods.

35.    Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

**FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1114)**

36.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 above, and incorporates them herein by reference.

37.    Defendants' sale and distribution of products bearing counterfeit copies of the DAVIDOFF and COOL WATER marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances.

-13-

As a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks and/or imitations thereof, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Zino Davidoff.

38.    Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF and COOL WATER marks.

39.    Defendants' infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of counterfeit DAVIDOFF fragrance products.

## SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1114)

41.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 40 above, and incorporates them herein by reference.

42.    The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from

-14-

Plaintiff's DAVIDOFF COOL WATER fragrances with the Production Code affixed, and such products are not genuine.

43.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' Decoded DAVIDOFF COOL WATER Fragrances. As a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks, the public is likely to believe that Defendants' goods have been approved by Plaintiff.

44.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendants' sale of such products is authorized by Plaintiff.

45.     The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances deprives Plaintiff of the ability to ensure the consistently high quality of products bearing the DAVIDOFF COOL WATER Marks and to maintain the prestige and reputation of the DAVIDOFF brand. The removal of the Production Code also hinders Plaintiff's ability to protect the market from counterfeit DAVIDOFF fragrance products.

46.     Defendants' infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

-15-

and the public interest would not be disserved by enjoining Defendants' sale of decoded

DAVIDOFF fragrance products.

**THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE
DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO
COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))**

48.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 47 above, and incorporates them herein by reference.

49.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, distinctive and

entitled to the broadest scope of protection.

50.    Defendants' sale and distribution of products bearing counterfeit copies of the

DAVIDOFF COOL WATER Marks constitutes a false designation of origin and a false

description or representation that Defendants' Counterfeit DAVIDOFF COOL WATER

Fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise

somehow connected with Zino Davidoff, and is thereby likely to confuse consumers. As a result

of Defendants' unauthorized use of the DAVIDOFF COOL WATER Marks and/or imitations

thereof, the public is likely to believe that Defendants' goods have been manufactured and/or

approved by Zino Davidoff.

51.    Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents

Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being

authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products

bearing the DAVIDOFF COOL WATER Marks.

52.    Defendants' conduct is willful, intended to reap the benefit of the goodwill of

Zino Davidoff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

-16-

53.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of counterfeit DAVIDOFF fragrance products.

## FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))

54.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 53 above, and incorporates them herein by reference.

55.    The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such products are not genuine.

56.    Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendants' sale of such products is authorized by Plaintiff, and is thereby likely to confuse consumers.

57.    The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances takes out of Plaintiff's control the quality of products bearing the DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige and reputation of the DAVIDOFF brand.

-17-

58.     Defendants are using the DAVIDOFF COOL WATER Marks with full knowledge that they are associated exclusively with Plaintiff and exclusively designate DAVIDOFF COOL WATER fragrances.  Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's DAVIDOFF COOL WATER Marks.

59.     Defendants' sale and distribution of the Decoded DAVIDOFF COOL WATER Fragrances is in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

60.     The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of decoded DAVIDOFF fragrance products.

### FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(c))

61.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60 above, and incorporates them herein by reference.

62.     Zino Davidoff's DAVIDOFF and COOL WATER trademarks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively for many years.  By reason of extensive advertising and use, Zino Davidoff's marks have become highly distinctive of Zino Davidoff's goods and are uniquely associated with Zino Davidoff.

-18-

63.    Defendants' commercial use of Zino Davidoff's DAVIDOFF and COOL WATER marks on its Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's famous marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

64.    Defendants' commercial use of the DAVIDOFF and COOL WATER marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

65.    Defendants' unlawful use of the DAVIDOFF and COOL WATER marks is intended to and has the effect of trading on Zino Davidoff's reputation and causing dilution of Zino Davidoff's famous marks.

66.    Upon information and belief, Defendants do not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, DAVIDOFF or COOL WATER and cannot assert any rights in DAVIDOFF or COOL WATER that are prior to Zino Davidoff's first use of either mark.

67.    Defendants' conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of counterfeit and decoded DAVIDOFF fragrance products.

-19-

**SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

69.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 68 above, and incorporates them herein by reference.

70.     Zino Davidoff, and its exclusive licensee Coty, have extensively and continuously promoted and used the DAVIDOFF and COOL WATER Marks in the United States, and the marks have thereby become distinctive, famous, and well-known symbols of Zino Davidoff's fragrance products.

71.     Defendants' commercial use of the DAVIDOFF COOL WATER Marks on Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

72.     Defendants' commercial use of the DAVIDOFF COOL WATER Marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

73.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Zino Davidoff's DAVIDOFF COOL WATER Marks or to cause dilution of the DAVIDOFF COOL WATER Marks, to the great and irreparable injury of Zino Davidoff.

74.     Defendants are causing and will continue to cause irreparable injury to Zino Davidoff's goodwill and business reputation, and dilution of the distinctiveness and value of Zino Davidoff's famous and distinctive DAVIDOFF COOL WATER Marks in violation of the

-20-

New York, New Jersey and Rhode Island anti-dilution acts, N.Y. GEN. BUS. Law § 360-l

(2003), N.J. STAT. ANN. 56:3-13.20 (West 2003) and R.I. GEN. LAWS § 6-2-12 (1992)

respectively, as well as upon information and belief the anti-dilution laws of the several states,

including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180

(Michie 2002); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2003); Arkansas, ARK.

CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003);

Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE

ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003), Georgia, GA.

CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2003);

Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65

(2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-

214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV.

STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B,

§ 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS.

CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002);

Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. § 87-

140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Mexico,

N.M. STAT. ANN. § 57-3B-15 (Michie 2002); Oregon, O.R.S. § 647.107 (2003); Pennsylvania,

54 PA. CONS. STAT. ANN. § 1124 (West 1996); South Carolina, S. C. CODE ANN. § 39-15-

1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM.

CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. § 70-3a-403 (2002); Washington,

WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13

(Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

-21-

75.    Zino Davidoff therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES**

76.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 75 above, and incorporates them herein by reference.

77.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, highly distinctive of Zino Davidoff and entitled to the broadest scope of protection.

78.    Defendants' sale and distribution of Counterfeit DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendants' products originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Zino Davidoff, and is thereby likely to confuse consumers. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Zino Davidoff.

79.    Defendants' use of counterfeit copies of the DAVIDOFF COOL WATER Marks falsely represents Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

80.    Defendants' conduct is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and constitutes common law unfair competition.

81.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

-22-

and the public interest would not be disserved by enjoining Defendants' sale of counterfeit

DAVIDOFF fragrance products.

### EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

82.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 81 above, and incorporates them herein by reference.

83.     The removal of the Production Code and/or mutilation of the packaging of

Decoded DAVIDOFF COOL WATER Fragrances render them materially different from

Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such

products are not genuine.

84.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER

Fragrances constitutes a false designation of origin and a false description or representation that

Defendants' sale of such products is authorized by Plaintiff, and is thereby likely to confuse

consumers.

85.     The removal of the Production Code from the Decoded DAVIDOFF COOL

WATER Fragrances takes out of Plaintiff's control the quality of products bearing the

DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige

and reputation of the DAVIDOFF brand.

86.     Defendants are using the DAVIDOFF COOL WATER Marks with full

knowledge that they are associated exclusively with Plaintiff and exclusively designate

DAVIDOFF COOL WATER fragrances.  Defendants' acts of unfair competition are willful and

deliberate and with an intent to reap the benefit of the goodwill and reputation associated with

Plaintiff's DAVIDOFF COOL WATER Marks.

-23-

87.     Defendants' sale and distribution of the Decoded DAVIDOFF COOL WATER

Fragrances constitutes common law unfair competition.

88.     The aforesaid conduct of Defendants is causing irreparable injury to Zino

Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and

deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

and the public interest would not be disserved by enjoining Defendants' sale of decoded

DAVIDOFF fragrance products.

### NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

89.     Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 88 above, and incorporates them herein by reference.

90.     By reason of the acts set forth above, Defendants have been and are engaged in

deceptive acts or practices in the conduct of a business, trade or commerce in violation of New

York statute N.Y. GEN. BUS. Law § 349 (McKinney 1988), and upon information and belief the

unfair and deceptive trade practices statutes of other states including Colorado, COLO. REV.

STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN.

tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-

375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL.

COMP. STAT. ANN. 510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216

(West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB.

REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-

12-22 (Michie 1995); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995);

-24-

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998) and Oregon,

O.R.S. §§ 646.605 to 646.656 (2003).

91.     The public is likely to be damaged as a result of Defendants' deceptive trade

practices or acts.

92.     The aforesaid conduct of Defendants is causing irreparable injury to Zino

Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and

deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

and the public interest would not be disserved by enjoining Defendants' sale of counterfeit and

decoded DAVIDOFF fragrance products.

### TENTH CLAIM FOR RELIEF FOR STATE TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF FRAGRANCES (N.Y. ART & CULT. AFF. LAW § 33.09)

93.     Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 92 above, and incorporates them herein by reference.

94.     Defendants' sale and distribution of products bearing counterfeit copies of the

DAVIDOFF COOL WATER Marks is likely to cause confusion, mistake or deception as to the

source or sponsorship of Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances. As

a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks and/or

imitations thereof, the public is likely to believe that Defendants' goods have been manufactured

and/or approved by Zino Davidoff.

95.     Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents

Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being

-25-

authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products
bearing the DAVIDOFF COOL WATER Marks.

96.    Defendants' sales of Counterfeit DAVIDOFF COOL WATER Fragrances were
made with the knowledge that the marks affixed to these fragrances were counterfeit and that the
sales were made without Zino Davidoff's consent, in violation of New York Art & Cultural
Affairs Law § 33.09(3).

97.    Upon information and belief, J&H and the Schmeltzers have in their possession
counterfeit DAVIDOFF COOL WATER Marks, with the knowledge that such marks are
counterfeit, in violation of New York Art & Cultural Affairs Law § 33.09(4).

98.    The aforesaid conduct of Defendants is causing irreparable injury to Zino
Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and
deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,
injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants
and the public interest would not be disserved by enjoining Defendants' sale of Counterfeit
DAVIDOFF Fragrances.

WHEREFORE, Zino Davidoff demands judgment as follows:

1.    That an injunction be issued enjoining Defendants, and any employees, agents,
servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities
owned or controlled by Defendants, and all those in active concert and participation with
Defendants, and each of them who receives notice directly or otherwise of such injunction from:

a)    imitating, copying, or making unauthorized use of the DAVIDOFF COOL
WATER Marks or any other marks owned by Zino Davidoff (collectively the "DAVIDOFF
Marks");

-26-

b)  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

c)  using any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Zino Davidoff or to any goods sold, manufactured, sponsored or approved by or connected with Zino Davidoff;

d)  using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendants is in any manner associated or connected with Zino Davidoff, or is sold, manufactured, licensed, sponsored, approved or authorized by Zino Davidoff;

e)  engaging in any other activity constituting unfair competition with Zino Davidoff, or constituting infringement of the DAVIDOFF Marks;

f)  taking any action, including through the use of the DAVIDOFF Marks or any simulation reproduction, copy or colorable imitation thereof, that dilutes the unique association between the DAVIDOFF Marks and Zino Davidoff, or that tarnishes the reputation or image of Zino Davidoff;

g)  removing, obscuring or otherwise defacing a Production Code or other bar code on any DAVIDOFF COOL WATER product or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or

-27-

displaying any DAVIDOFF COOL WATER product with a removed, obscured or otherwise defaced Production Code or other bar code;

h)    transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

i)    disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

j)    directly or indirectly informing Defendants' source(s) for any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks of this action or any of Zino Davidoff's claims herein; or

k)    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

2.    Directing that Defendants make available to Zino Davidoff for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating a simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and provide Zino Davidoff the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the

-28-

source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

3.    Directing that Defendants recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendants under or in connection with any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and, upon recall, to deliver such goods up to Zino Davidoff's counsel for destruction at Defendants' costs.

4.    Directing that Defendants cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

5.    Directing that Defendants deliver to Zino Davidoff's counsel for destruction at Defendants' costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

6.    Requiring Defendants to account for and pay over to Zino Davidoff three times the profits realized by Defendants from its infringement of Zino Davidoff's marks and its unfair competition with Zino Davidoff.

7.    Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Zino Davidoff elects, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

8.    Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition and trademark dilution.

-29-

9.     Awarding to Zino Davidoff interest, including pre-judgment interest, on the foregoing sums.

10.     Awarding to Zino Davidoff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

11.     Awarding Zino Davidoff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by Zino Davidoff or related in any way to Zino Davidoff's products.

13.     Directing that Defendants file with the Court and serve upon Zino Davidoff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

14.     Awarding Zino Davidoff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 8, 2008

                              **KILPATRICK STOCKTON LLP**

                              By: _____
                                  Lisa Pearson (LP 4916)
                                  Christopher Lick (CL 1391)
                                  31 W. 52nd Street, 14th Floor
                                  New York, New York 10019
                                  (212) 775-8700
                                  (212) 775-8800

                              *Attorneys for Plaintiff Zino Davidoff SA*

                                    -30-