Kenneth N. Wolf (KW 0598)
Edward M. Joffe (Fla Bar No. 314242)*
**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
551 Fifth Ave., Suite 1100
New York, NY 10176
(212) 883-1300
*kwolf@strtrade.com*

* Not admitted in NY

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

_____

ZINO DAVIDOFF SA,

                  Plaintiff,

v.

SELECTIVE DISTRIBUTION INTERNATIONAL INC.,       07 Civ. 10326 (PAC)
 DIAMOND GROUP, INC., J&H COSMETICS, LTD.,
and HELENE SCHMELTZER and GERALD
SCHMELTZER, individually
and doing business as
J&S MERCHANDISING and JERRYBOY57,

                  Defendants,

_____

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,

                  Third-Party Plaintiff,

v.

JEFFREY PARKER D/B/A/ DIAMOND GROUP INC.

                  Third Party Defendant,

_____/

<u>**SELECTIVE DISTRIBUTION'S ANSWER, AFFIRMATIVE DEFENSES,**</u>
<u>**CROSS-CLAIMS AND JURY DEMAND**</u>

**I.**
<u>**ANSWER**</u>

Comes now the Defendant, Selective Distribution International, Inc. ("SDI"), by and through its undersigned counsels, and hereby files its answer to Zino Davidoff ("Davidoff"), Amended Complaint and states as follows:

<u>**SUBSTANCE OF THE ACTION**</u>

1.      SDI denies the allegations contained in paragraph 1 of the Amended Complaint as they pertain to SDI, and denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to defendants (collectively "Non-SDI Defendants"), Diamond Group, Inc. ("Diamond"), J&H Cosmetics, Inc. ("J&H"), Helen Schmeltzer, Gerald Schmeltzer, J&S Merchandising ("J&S" and Jerryboy57 ("Jerryboy")).

2.      SDI denies the allegations contained in paragraph 2 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

<u>**JURISDICTION AND VENUE**</u>

3.      SDI admits the allegations contained in paragraph 3 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

4.     SDI admits the allegations contained in paragraph 3 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

## THE PARTIES

5.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations contained in paragraph 5 of the Amended Complaint.

6.     SDI denies the allegations contained in the last sentence in paragraph 6.   In further response, SDI admits the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.     SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

8.     SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

9.     SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUEST FOR RELIEF

10.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint.

11.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations contained in paragraph 12 of the Amended Complaint.

13.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations contained in paragraph 13 of the Amended Complaint.

14.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.      SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint.

16.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations contained in paragraph 16 of the Amended Complaint.

17.     The pleadings and court orders in the referenced action speak for themselves. In further response, SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.     SDI denies the allegations contained in paragraph 18 of the Amended Complaint.

19.     SDI denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     Admits as to the date of filing and accuracy of quotation.

21.     Admits as to the date of filing and accuracy of quotation.

22.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations contained in paragraph 22 of the Amended Complaint.

23.     SDI denies the allegations contained in paragraph 23 of the Amended Complaint as they pertain to SDI, and denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

24.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25.     SDI denies the allegations contained in paragraph 25 of the Amended Complaint.

26.    SDI denies the allegations contained in paragraph 26 of the Amended Complaint.

27.    SDI denies the allegations contained in paragraph 27 of the Amended Complaint.

28.    SDI denies the allegations contained in paragraph 28 of the Amended Complaint. In further response, any communications for SDI as for settlement purposes only.

29.    Admits as to impleader and avers that the pleading speaks for itself.

30.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.    SDI denies the allegations contained in paragraph 23 of the Amended Complaint as they pertain to SDI and any implications or inference that its actions were unlawful. SDI denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

32.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 32 of the Amended Complaint.

33.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 33 of the Amended Complaint.

34.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 34 of the Amended Complaint.

35.    SDI denies the allegations contained in paragraph 35 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1144)**

36.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 35 of the Amended Complaint as if the same were fully set forth at length herein.

37.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 37 of the Amended Complaint.

38.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 40 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT
WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
(15 U.S.C. §1144)**

41.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 40 of the Amended Complaint as if the same were fully set forth at length herein..

42.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 42 of the Amended Complaint.

43.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 43 of the Amended Complaint.

44.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 44 of the Amended Complaint.

45.     SDI denies the allegations contained in paragraph 45 of the Amended Complaint.

46.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 46 of the Amended Complaint.

47.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 47 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
### (15 U.S.C. §1125(a))

48.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 47 of the Amended Complaint as if the same were fully set forth at length herein.

49.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 49 of the Amended Complaint.

50.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 50 of the Amended Complaint.

51.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 51 of the Amended Complaint.

52.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 52 of the Amended Complaint.

53.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 53 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES**
**(15 U.S.C. §1125(a))**

54.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 53 of the Amended Complaint as if the same were fully set forth at length herein.

55.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 55 of the Amended Complaint.

56.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 56 of the Amended Complaint.

57.     SDI denies the allegations contained in paragraph 57 of the Amended Complaint for lack of information sufficient to form a belief as to the truth of the allegations.

58.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 60 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES**
**(15 U.S.C. §1125(c))**

61.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 60 of the Amended Complaint as if the same were fully set forth at length herein.

62.     SDI denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 63 of the Amended Complaint.

64.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 64 of the Amended Complaint.

65.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 65 of the Amended Complaint.

66.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 68 of the Amended Complaint.

**SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

69.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 68 of the Amended Complaint as if the same were fully set forth at length herein.

70.     SDI denies the allegations contained in paragraph 70 of the Amended Complaint.

71.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 74 of the Amended Complaint.

75.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 75 of the Amended Complaint.

**SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES**

76.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 75 of the Complaint as if the same were fully set forth at length herein.

77.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 77 of the Amended Complaint.

78.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 78 of the Amended Complaint.

79.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 79 of the Amended Complaint.

80.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 80 of the Amended Complaint.

81.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 81 of the Amended Complaint.

**EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES**

82.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 81 of the Amended Complaint as if the same were fully set forth at length herein.

83.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 83 of the Amended Complaint.

84.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 84 of the Amended Complaint.

85.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 85 of the Amended Complaint.

86.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 86 of the Amended Complaint.

87.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 87 of the Amended Complaint.

88.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 88 of the Amended Complaint.

**NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES
WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

89.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 88 of the Amended Complaint as if the same were fully set forth at length herein.

90.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 91 of the Amended Complaint.

92.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 92 of the Amended Complaint.

**II.**
**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Davidoff complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which SDI purchased and sold, were supplied to SDI's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are precluded by its acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which SDI purchased and sold, were supplied to SDI's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff alleges that the removal of production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Cool Water fragrance products through distribution channels not authorized by plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any rights of plaintiff and is perfectly legal. Plaintiff is seeking to prevent removal of its production codes for an improper purpose and consequently is using its trademarks in violation of the antitrust laws and as a restraint of trade.

**WHEREFORE**, SDI respectfully requests entry of an order dismissing Davidoff's Amended Complaint and awarding to SDI its attorneys fees, costs and expenses and such other additional relief as to the Court seems appropriate and just.

### III.
### CROSS-CLAIM AGAINST
### DIAMOND GROUP INC.

NOW COMES SELECTIVE DISTRIBUTION INTERNATIONAL, INC. ("SDI"), by and through its undersigned attorneys, and for its Cross-Claim and against DIAMOND GROUP INC. ("Diamond Group") hereby states as follows:

1.      Plaintiff, Zino Davidoff, SA has filed an Amended Complaint against inter alia SDI.

2.      Diamond Group is a business entity with its principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts 02458.

3.       Any and all Davidoff Cool Water fragrance products which SDI sold to CVS were purchased by SDI from Diamond Group.

4.      At all times relevant to this litigation, Diamond Group was a merchant regularly dealing in fragrance products.  Pursuant to Section 2-312 of the Uniform Commercial Code, applicable in all jurisdictions relevant to this litigation, Diamond Group warranted that the Cool Water fragrance products it delivered to SDI, were free of the rightful claim of any third person by way of infringement or the like.

5.      In the event that a trier of fact determines that plaintiff has a rightful claim by way of infringement or the like, such determination will be a breach of the warranty made by Diamond Group to SDI and entitle SDI to all remedies allowable at law including, but not

limited to, the remedies provided for in Sections 2-714 and 2-715 of the applicable Uniform Commercial Code.

**WHEREFORE**, Selective Distribution prays for a judgment against Diamond Group Inc. awarding SDI all monies and any other relief  to which it may be entitled.

### IV.

### CROSS-CLAIM AGAINST DEFENDANTS DIAMOND GROUP INC.  J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57

NOW COMES SELECTIVE DISTRIBUTION INTERNATIONAL, INC. ("SDI"), by and through its undersigned attorneys, and for its cross-claim against Diamond Group Inc. ("Diamond"), J&H Costmetics, Ltd. (J&H), Helene Schmeltzer and Gerald Schmeltzer (collectively "the Schmeltzers"), J&S Merchandising and JerryBoy57, hereby states as follows:

1.      Plaintiff, Zino Davidoff, SA has filed an amended complaint against SDI, Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers.

2.      Diamond is a business entity with its principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts 02458.

3.      Upon information and belief, Defendant J&H is a corporation organized and existing under the laws of New York, with its place of business located at 58 Eagle Chase, Woodbury, New York 11797. Upon information and belief, J&H sells fragrances and other products to retailers, distributors and consumers throughout the United States and does business in this District. Upon information and belief, J&H has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

4.      Upon information and belief, Defendants Helene Schmeltzer and Gerald

Schmeltzer are individuals residing at 58 Eagle Chase, Woodbury, New York 11797.

5.      Upon information and belief, the Schmeltzers are principals in and control J&H's operations, and also sell fragrances through eBay.com using an eBay store named J&S Merchandising and the eBay seller name "jerryboy57."

6.      Upon information and belief, defendants J&H, J&S Merchandising and the eBay username JerryBoy57 function as part of a single business enterprise for the retail of perfumes and fragrances including the DAVIDOFF COOL WATER Fragrances at issue in this litigation.

7.      Any and all Davidoff Cool Water fragrance products which SDI sold to CVS were purchased by SDI from Diamond Group.

8.      J&H provided the "Davidoff Cool Water Fragrance products whish are subject to the underlying litigation" to Diamond who then sold them to SDI.

9.      In the event that a trier of fact determines that plaintiff has a rightful claim by way of infringement or the like, such determination will of necessity find that the offending products sold by SDI were sourced "up the line" by Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers. Therefore, SDI is entitled to indemnity and/or contribution from Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers as to any judgment for which it may be found liable.

**WHEREFORE**, Selective Distribution prays for a judgment against, Diamond Group, Inc., J&H Cosmetics, Ltd., Helene Schmeltzer and Gerald Schmeltzer, individually and doing business as J&S Merchandising and Jerryboy57 Inc. awarding Selective Distribution Inc., all monies and any other relief to which it may be entitled.

## CONCLUSION

**WHEREFORE,** SDI respectfully demands entry of an order: (1) dismissing Davidoff's Amended Complaint; (2) in the event that a verdict or judgment is recovered against SDI by Davidoff, that SDI have judgment over and against the defendants in cross-claim for the same amount, together with the costs and disbursement of this action and attorneys fees incurred in its defense; (3) such other and further relief as this Court deems just and appropriate, including SDI's costs, expenses and attorney's fees.

## DEMAND FOR JURY TRIAL

Selective Distribution Inc., demands trial by jury on all issues so triable.

Dated : New York, New York, May 27, 2008.

> Respectfully submitted,
> By:    /s/ Kenneth N. Wolf
>        Kenneth Wolf (KW 0598)
>
> **SANDLER, TRAVIS & ROSENBERG, P.A.**
> Attorneys for Selective Distribution,
> *Selective Distribution International, Inc.*
> 551 Fifth Avenue, Suite 1100
> New York, NY 10176
> Tel: 212-883-1300
> Fax:  212-883-0068
> kwolf@strtrade.com
>
> Edward M. Joffe, *Of Counsel**
> Florida Bar No. 314242
> **SANDLER, TRAVIS & ROSENBERG, P.A.**
> The Waterford - Suite 600
> 5200 Blue Lagoon Drive
> Miami, Florida  33126
> Tel.    (305) 267-9200
> Fax    (305) 267-5155
> Email:  ejoffe@strtrade.com
>
> *Not admitted in New York; pro hac vice application to be submitted

## CERTIFICATE OF SERVICE

I, KENNETH WOLF, AS ATTORNEY FOR SELECTIVE DISTRIBUTION, SELECTIVE DISTRIBUTION INTERNATIONAL, INC. HEREBY CERTIFY that on **May 27, 2008** I served a true and correct copy of the foregoing

## SELECTIVE DISTRIBUTION'S AMENDED ANSWER , AFFIRMATIVE DEFENSES,

## AND CROSSCLAIMS

upon the below listed parties by depositing, or causing to be deposited, a true copy in a United States mail receptacle properly enclosed in a securely closed envelope postage-prepaid by first class mail addressed to:

Lisa Pearson (LP 4916)
Kilpatrick Stockton LLP
31 West 52nd Street, 14th Floor
New York, NY 10019

Bradley D. Schnur, Esq.
Law Offices of Bradley D. Schnur
North Shore Plaza
380 North Broadway, Second Floor
Jericho, New York 11753

J&H Costmetics, Ltd.
58 Eagle Chase
Woodbury, New York 11797

Helene Schmeltzer
58 Eagle Chase
Woodbury, New York 11797

Gerald Schmeltzer
58 Eagle Chase
Woodbury, New York 11797

J&S Merchandising
58 Eagle Chase
Woodbury, New York 11797


/s/ Kenneth N Wolf
Kenneth N. Wolf