Bradley D. Schnur (BDS2847)
Law Office of Bradley D. Schnur, Esq., P.C.
380 N. Broadway, Ste. 203
Jericho, New York 11753
(516) 932-4400
bschnur@bdslawoffice.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____/

ZINO DAVIDOFF SA,

                                                                07 CIV 10326 (PAC)(MHD)

                    Plaintiff,

v.

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,
AND DIAMOND GROUP, INC., AND
J&H COSMETICS, LTD., AND HELENE SCHMELTZER
& GERALD SCHMELTZER INDIVIDUALLY AND
DOING BUSINESS AS J&S MERCHANDISING AND
JERRYBOY57
                    Defendants
_____

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.

                    Third Party Plaintiff

v.

DIAMOND GROUP INC.,                                ANSWER TO COMPLAINT
                                                                ANSWER TO SELECTIVE'S
                                                                CROSS-CLAIM
                    Third Party Defendant/
                    Third Party Plaintiff                     AND CROSS-CLAIM BY
                                                                DIAMOND GROUP

J & H COSMETICS, LTD. AND HELENE SCHMELTZER
& GERALD SCHMELTZER INDIVIDUALLY AND
DOING BUSINESS AS J&S MERCHANDISING AND
JERRYBOY57

                    Third Party Defendant
_____/

**DIAMOND GROUP INC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF**
**ZINO DAVIDOFF, SA;**
**DIAMOND GROUP INC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO**
**CROSS-CLAIM OF SELECTIVE DISTRIBUTION INT'L, INC.;**
**DIAMOND GROUP'S AMENDED CROSS-CLAIM**
**AGAINST J & H COSMETICS, LTD., AND HELENE SCHMELTZER, GERALD**
**SCHMELTZER, INDIVIDUALLY AND DOING BUSINESS AS J&S**
**MERCHANDISING AND JERRYBOY57**
**AND JURY DEMAND**

## I.
### ANSWER TO AMENDED COMPLAINT OF ZINO DAVIDOFF SA

Defendant, Diamond Group, Inc. ("DGI"), by and through its undersigned attorneys, hereby files its Answer to the Amended Complaint of Plaintiff Zino Davidoff, SA ("Zino Davidoff") only as to the allegations made against DGI, on the basis of information and belief, as follows:

1.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 1 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.  Denies the allegations as against DGI in the second sentence of paragraph 1 of Plaintiff's Amended Complaint.  DGI denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

2.     Denies the allegations contained in paragraph 2 of the Amended Complaint to the extent of allegations of alleged counterfeit and decoded fragrances.  DGI denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

3.     DGI denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 3 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

4.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

5.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

6.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

7.     Admits the allegations contained in paragraph 7 of the Amended Complaint to the extent of DGI's location and type of business; Denies the remainder of the paragraph as it relates to alleged unlawful acts.

8.     Upon information and belief, the allegations contained in paragraph 8 of the Amended Complaint are correct.

9.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

10.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

11.     DGI denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 11 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

12.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

13.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

14.     DGI denies the allegations contained in paragraph 14 of the Amended Complaint.

15.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

16.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

17.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

18.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

19.     DGI denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 19 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

20.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

21.    Admits the allegations contained in paragraph 21 to the extent that DGI had purchased certain Davidoff Cool Water fragrance products from J&H Cosmetics Ltd.

22.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

23.    DGI denies the allegations contained in paragraph 23 of the Amended Complaint.

24.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

25.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

26.    DGI denies the allegations contained in paragraph 26 of the Amended Complaint.

27.    DGI denies the allegations contained in paragraph 27 of the Amended Complaint.

28.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

29.     Admits the allegations contained in paragraph 29 of the Amended Complaint to the extent of sourcing of certain Zino Davidoff products; denies the allegations contained in paragraph 29 as it relates to Plaintiff's allegations related to alleged Counterfeit or Decoded Zino Davidoff products.

30.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

31.     DGI denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     DGI denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

34.     DGI denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     DGI denies the allegations contained in paragraph 35 of the Amended Complaint.

36.     DGI repeats its answers to paragraphs 1 through 35 of the Amended Complaint and incorporates them herein by reference in response to paragraph 36 of the Amended Complaint.

37.     DGI denies the allegations contained in paragraph 37 of the Amended Complaint.

38.     DGI denies the allegations contained in paragraph 38 of the Amended Complaint.

39.     DGI denies the allegations contained in paragraph 39 of the Amended Complaint.

40.     DGI denies the allegations contained in paragraph 40 of the Amended Complaint.

41.     DGI repeats its answers to paragraphs 1 through 40 of the Amended Complaint

and incorporates them herein by reference in response to paragraph 41 of the Amended Complaint.

42.     DGI denies the allegations contained in paragraph 42 of the Amended Complaint.

43.     DGI denies the allegations contained in paragraph 43 of the Amended Complaint.

44.     DGI denies the allegations contained in paragraph 44 of the Amended Complaint.

45.     DGI denies the allegations contained in paragraph 45 of the Amended Complaint.

46.     DGI denies the allegations contained in paragraph 46 of the Amended Complaint.

47.     DGI denies the allegations contained in paragraph 47 of the Amended Complaint.

48.     DGI repeats its answers to paragraphs 1 through 47 of the Amended Complaint and incorporates them herein by reference in response to paragraph 48 of the Amended Complaint.

49.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

50.     DGI denies the allegations contained in paragraph 50 of the Amended Complaint.

51.     DGI denies the allegations contained in paragraph 51 of the Amended Complaint.

52.     DGI denies the allegations contained in paragraph 52 of the Amended Complaint.

53.     DGI denies the allegations contained in paragraph 53 of the Amended Complaint.

54.     DGI repeats its answers to paragraphs 1 through 53 of the Amended Complaint and incorporates them herein by reference in response to paragraph 54 of the Amended Complaint.

55.     DGI denies the allegations contained in paragraph 55 of the Amended Complaint.

56.     DGI denies the allegations contained in paragraph 56 of the Amended Complaint.

57.    DGI denies the allegations contained in paragraph 57 of the Amended Complaint.

58.    DGI denies the allegations contained in paragraph 58 of the Amended Complaint.

59.    DGI denies the allegations contained in paragraph 59 of the Amended Complaint.

60.    DGI denies the allegations contained in paragraph 60 of the Amended Complaint.

61.    DGI repeats its answers to paragraphs 1 through 60 of the Amended Complaint and incorporates them herein by reference in response to paragraph 61 of the Amended Complaint.

62.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

63.    DGI denies the allegations contained in paragraph 63 of the Amended Complaint.

64.    DGI denies the allegations contained in paragraph 64 of the Amended Complaint.

65.    DGI denies the allegations contained in paragraph 65 of the Amended Complaint.

66.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

67.    DGI denies the allegations contained in paragraph 67 of the Amended Complaint.

68.    DGI denies the allegations contained in paragraph 68 of the Amended Complaint.

69.    DGI repeats its answers to paragraphs 1 through 68 of the Amended Complaint and incorporates them herein by reference in response to paragraph 69 of the Amended Complaint.

70.    DGI denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 70 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

71.     DGI denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     DGI denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     DGI denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     DGI denies the allegations contained in paragraph 74 of the Amended Complaint.

75.     DGI denies the allegations contained in paragraph 75 of the Amended Complaint.

76.     DGI repeats its answers to paragraphs 1 through 75 of the Amended Complaint and incorporates them herein by reference in response to paragraph 76 of the Amended Complaint.

77.     DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

78.     DGI denies the allegations contained in paragraph 78 of the Amended Complaint.

79.     DGI denies the allegations contained in paragraph 79 of the Amended Complaint.

80.     DGI denies the allegations contained in paragraph 80 of the Amended Complaint.

81.     DGI denies the allegations contained in paragraph 81 of the Amended Complaint.

82.     DGI repeats its answers to paragraphs 1 through 81 of the Amended Complaint and incorporates them herein by reference in response to paragraph 82 of the Amended Complaint.

83.     DGI denies the allegations contained in paragraph 83 of the Amended Complaint.

84.     DGI denies the allegations contained in paragraph 84 of the Amended Complaint.

85.     DGI denies the allegations contained in paragraph 85 of the Amended Complaint.

86.    DGI denies the allegations contained in paragraph 86 of the Amended Complaint.

87.    DGI denies the allegations contained in paragraph 87 of the Amended Complaint.

88.    DGI denies the allegations contained in paragraph 88 of the Amended Complaint.

89.    DGI repeats its answers to paragraphs 1 through 88 of the Amended Complaint and incorporates them herein by reference in response to paragraph 89 of the Amended Complaint.

90.    DGI denies the allegations contained in paragraph 90 of the Amended Complaint.

91.    DGI denies the allegations contained in paragraph 91 of the Amended Complaint.

92.    DGI denies the allegations contained in paragraph 92 of the Amended Complaint.

93.    DGI repeats its answers to paragraphs 1 through 92 of the Amended Complaint and incorporates them herein by reference in response to paragraph 93 of the Amended Complaint.

94.    DGI denies the allegations contained in paragraph 94 of the Amended Complaint.

95.    DGI denies the allegations contained in paragraph 95 of the Amended Complaint.

96.    DGI denies the allegations contained in paragraph 96 of the Amended Complaint.

97.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 97 of the Plaintiff's Amended Complaint and leaves Plaintiff to its proofs.

98.    DGI denies the allegations contained in paragraph 98 of the Amended Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AS AGAINST DIAMOND GROUP INC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff unduly delayed giving notice to the trade or to DGI as to the likely or actual presence of alleged counterfeit products in the market.  Therefore, Plaintiff acquiesced in the distribution and sale of these products and prevented DGI from having knowledge that the alleged counterfeit products were in the market.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Upon information and belief, all Zino Davidoff products which DGI purchased and sold were supplied to those who supplied DGI by Zino Davidoff, Coty, Inc., Lancaster USA and/or authorized distributors of Zino Davidoff.  Therefore, to the extent that products provided by those parties which may have passed through to DGI are in fact found to infringe, Zino Davidoff's claims are barred by the doctrine of *Unclean Hands*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Zino Davidoff, Coty, Inc. and/or Lancaster USA, in its ordinary course of business practice directly supply third parties with non-coded folding cartons for product repackaging and/or redress.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred under the doctrines of waiver, laches and/or estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The sale of so-called "decoded" products which are otherwise genuine is not unlawful.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

No act or conduct by DGI has caused injury or damage to Plaintiff or Third-Party Plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

DGI denies any wrongdoing; Notwithstanding, to the extent DGI has any liability in the case brought against it as determined by a Court of Competent jurisdiction, DGI has claims against other parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

DGI presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, DGI demands judgment dismissing the Plaintiff's Amended Complaint as against DGI with prejudice and awarding to DGI its attorneys fees, costs and expenses and such other additional relief as to the Court deems appropriate.

## II.
### ANSWER TO CROSS-CLAIM OF
### SELECTIVE DISTRIBUTION INTERNATIONAL, INC.

Defendant, Diamond Group, Inc. ("DGI"), by and through its undersigned attorneys, hereby files its Answer to the Cross-Claim of Selective Distribution International, Inc. ("SDI"), against Diamond Group, Inc. ("DGI") on the basis of information and belief, as follows:

99.     DGI admits the allegations contained in paragraph 1 of Selective's Cross-Claim.

100.    DGI admits the allegations contained in paragraph 2 of Selective's Cross-Claim.

101.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of Selective's Cross-Claim and leaves Selective to its proofs.

102.    DGI admits in paragraph 4 that it regularly deals in fragrance products. As for the

other allegations contained in said paragraph, denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 4 of Selective's Cross-Claim and leaves Selective to its proofs.

103.    DGI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of Selective's Cross-Claim and leaves Selective to its proofs.

## AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF SELECTIVE DISTRIBUTION INTERNATIONAL, INC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Selective's Cross-Claim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, all Zino Davidoff products which DGI purchased and sold were supplied to those who supplied DGI by Zino Davidoff (plaintiff) or authorized distributors of Zino Davidoff.  Therefore, to the extent that products provided by those parties which may have passed through to DGI are in fact found to infringe, Zino Davidoff's claims are barred by the doctrine of *Unclean Hands*.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Zino Davidoff unduly delayed notifying the trade as to the presence of alleged infringing products in the market and thus acquiesced in the distribution and resale of these products and withheld information from DGI and others.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Zino Davidoff, Coty, Inc. and/or Lancaster USA, in its ordinary course of business practice directly supply third parties with non-coded folding cartons for product repackaging and/or redress.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, laches and/or estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Zino Davidoff, S.A. alleges that the removal of a production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Davidoff Cool Water fragrance products through distribution channels not authorized by plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any of plaintiff's rights and is not unlawful. Plaintiff is attempting to prevent removal of its production codes for an improper purpose and is consequently using its trademarks in violation of antitrust laws and as a restraint of trade.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

No act or conduct by DGI has caused injury or damage to Plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

DGI presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.


**WHEREFORE**, DGI demands judgment dismissing Selective's Cross-Claims as against DGI with prejudice and awarding to DGI its attorneys fees, costs and expenses and such other additional relief as to the Court deems appropriate.

**III.**
**DIAMOND GROUP, INC.'s CROSS-CLAIM AGAINST DEFENDANTS**
**J & H COSMETICS, LTD., HELENE SCHMELTZER AND GERALD SCHMELTZER**
**INDIVIDUALLY AND DOING BUSINESS AS**
**J&S MERCHANDISING AND JERRYBOY57**

Defendant/Third-Party Defendant Diamond Group, Inc. ("DGI"), by and through its attorney Law Office of Bradley D. Schnur, Esq., PC, for its cross-claim against defendants J & H Cosmetics, Ltd. ("J&H"), Helene Schmeltzer and Gerald Schmeltzer ("the Schmeltzers"), J&S Merchandising ("J&S") and JerryBoy57 ("JerryBoy57"), hereby states, on the basis of information and belief, as follows:

104.    Plaintiff, Zino Davidoff SA, has filed an Amended Complaint against Selective Distribution ("SDI"), Diamond Group, Inc. ("DGI"), *J&H, The Schmeltzers, J&S and JerryBoy57,* a copy of which is attached as "Exhibit A" (hereinafter referred to as "Zino Complaint").

105.    SDI filed its answer to the Zino Complaint and said answer also contained a cross-claim against  DGI, J&H, The Schmeltzers, J&S and JerryBoy57, a copy of which is attached as "Exhibit B" ("SDI Answer and Cross-Claims").

106.    DGI has filed its answer to the Zino Complaint and the SDI Cross-Claims herein and also files this Cross-Claim against J&H, The Schmeltzers, J&S and JerryBoy57.


PARTIES

107.     J & H Cosmetics, Ltd. is a business corporation duly filed in the State of New York, with a business address located at 58 Eagle Chase, Woodbury, New York 11797.

108.    J& H Cosmetics, Ltd. is in the business of, among other things, the purchase

and sale of cosmetics and fragrance products. J & H Cosmetics, Ltd. is a merchant as defined in applicable state laws and the Uniform Commercial Code (UCC). Upon information and belief, J&H has direct involvement, participation and a financial interest in, as well as supervision over its acts complained of herein.

109.    Upon information and belief, the Schmeltzers are individuals residing at 58 Eagle Chase, Woodbury, New York 11797 and are principals in control of J&H's operations.

110.    Upon information and belief, the Schmeltzers also engage in the sale of fragrance product via the internet (including Zino Davidoff fragrance product which is subject to this litigation), through, among other venues the website www.eBay.com wherein they sell product under the store name J&S Merchandising and by the eBay seller name of "jerryboy57."

111.    Upon information and belief, the Schmeltzers have direct involvement, participation and a financial interest in, as well as supervision over its acts complained of herein. Upon further information and belief, J&H, J&S and the eBay user "JerryBoy57" function as part of a single business enterprise engaged in, among other things the sale of perfumes and fragrances including Zino Davidoff Cool Water fragrances which are at issue in this litigation.


JURISDICTION

112.    This Court has jurisdiction over J & H, the Schmeltzers, J&S and "JerryBoy57" in a number of ways including 28 USC 1338, 28 USC 1331, 28 USC 1332, 15 USC 1121 and supplemental jurisdiction by way of 28 USC 1367(a).

113.    Further, personal jurisdiction is proper over J & H, the Schmeltzers, J&S and "JerryBoy57" pursuant to FRCP Rule 4 as well as the New York State CPLR, including sections 301 and 302.

114.     The claims of DGI are related to, and arise out of the same transactions and occurrences as alleged in both the Zino Complaint and Selective's Cross-claims against DGI.

<u>FACTS</u>

115.     Certain Davidoff Cool Water fragrance products which are the subject of the Zino Complaint were purchased by DGI from J & H, an entity owned and controlled by the Schmeltzers, in or about April, 2006. DGI resold those products to SDI who subsequently resold the Davidoff Cool Water Products to its customer.

116.     DGI purchased Davidoff Cool Water fragrance products from J & H by forwarding a purchase order. J & H filled the order and shipped to DGI. DGI paid J & H for the aforementioned goods.

117.     In the event that a trier of fact determines that Zino Davidoff SA and/or Selective Distribution International has a rightful claim against DGI by way of infringement or the like, such determination will of necessity find that certain of the offending products sold by DGI were sourced and provided to DGI by J&H and the Schmeltzers (including J&S and "JerryBoy57") and therefore DGI is entitled to indemnity and/or contribution from J&H, the Schmeltzers, J&S and "JerryBoy57" for as to any judgment for which DGI may be found liable.

<u>FIRST CLAIM FOR RELIEF (Breach of Warranty)</u>

118.     DGI repeats and realleges the allegations of paragraphs 104 through 117 set forth above as if fully stated herein.

119.     At all times relevant to this litigation, J & H and the Schmeltzers were, and continue to be a merchant regularly dealing in fragrance and cosmetics products.

120.     Pursuant to Section 2-312, 2-313 and 2-314 of the Uniform Commercial Code

applicable to all jurisdictions involved in this litigation, J & H and the Schmeltzers warranted that the products it sold to DGI were free of the rightful claim of any third person by way of infringement or the like and that the goods possessed the ability to pass without objection in the trade.

121.    By reason of the foregoing, J & H, the Schmeltzers, J&S and "JerryBoy57" are liable for all damages and injuries incurred by DGI as a result of their breach of the aforementioned warranty including but not limited to the purchase price, expenses, lost profits, potential liability to others, costs of defense which resulted from the sale of the products in question to DGI as well as DGI being entitled to those remedies available under UCC 2-714 and 2-715.

SECOND CLAIM FOR RELIEF (False Designation of Origin of Goods)

122.    DGI repeats and realleges the allegations of paragraphs 104 through 121 set forth above as if fully stated herein.

123.    Assuming *arguendo* that the allegations of Zino Davidoff are true, then J & H Cosmetics, Ltd. and the Schmeltzers in connection with said allegedly infringing products falsely designated the origin of the goods, provided a false or misleading representation of fact or used a word, term, name or symbol in commerce which was likely to cause confusion, mistake or deceive DGI as to the approval of the sale goods in question by Zino Davidoff.

124.    By reason of the foregoing, J & H, the Schmeltzers, J&S and "JerryBoy57" are liable for all damages and injuries incurred by DGI as a result of their above conduct including, but not limited to the purchase price, expenses, lost profits, potential liability to others, and costs of defense which resulted from J & H sale of the products in question to DGI.

THIRD CLAIM FOR RELIEF (Equitable Indemnity)

125.    DGI repeats and reallege the allegations of paragraphs 104 through 124 set forth above as if fully stated herein.

126.    Upon information and belief, should DGI be found liable for the acts complained of it by Zino Davidoff and/or SDI, such liability would have occurred as a direct and proximate result of the conduct of J&H, the Schmeltzers, J&S and "JerryBoy57."

127.    As a result, DGI is entitled to indemnification from J & H, the Schmeltzers, J&S and "JerryBoy57" for any sums paid as a result of a judgment, damages or other award recovered against DGI, including its costs and expenses including legal fees, investigatory fees and other costs incurred by DGI as it relates to this matter.

128.    The total amount of DGI's damages is unknown at this time and DGI seeks leave to set forth the full amount of its damages pursuant to the pretrial procedures of this Court and the FRCP.

<u>FOURTH CLAIM FOR RELIEF (Unfair Competition)</u>

129.    DGI repeats and reallege the allegations of paragraphs 104 through 128 set forth above as if fully stated herein.

130.    While DGI denies the allegations made against it, should the allegations be found to be true against DGI, J & H and the Schmeltzer's conduct of misrepresenting alleged counterfeit goods as authentic product suitable for resale constitutes unfair competition under common law.

131.    As a result of the actions of J&H, the Schmeltzers, J&S and "JerryBoy57", DGI has been damaged and continues to be damaged in an amount of no less than $1,000,000.00.

**WHEREFORE**, on its Cross-Claim as against J & H Cosmetics, Ltd., Helene Schmeltzer and Gerald Schmeltzer individually and doing business as J&S Merchandising and JerryBoy57 DGI prays for a judgment against J & H Cosmetics, Ltd., Helene Schmeltzer and Gerald Schmeltzer individually and doing business as J&S Merchandising and JerryBoy57, awarding DGI all monies and other relief to which it may be entitled.

## CONCLUSION

**WHEREFORE**, DGI prays for the entry of an Order (1) dismissing the Zino Davidoff SA Amended Complaint and Selective's Cross-Claim as against Diamond Group Inc.; (2) in the event that a verdict or judgment is recovered against DGI by Zino Davidoff, SA and/or Selective Distribution International, Inc., that DGI have judgment over and against the defendants J & H Cosmetics Ltd., Helene Schmeltzer and Gerald Schmeltzer, individually and doing business as J&S Merchandising and JerryBoy57 in its cross-claim for the same amount, together with the costs and disbursements of this action and attorneys fees incurred in its defense; (3) such other and further relief as this Court deems just and appropriate, including DGI's costs, expenses and attorney's fees.

## DEMAND FOR JURY TRIAL

DGI demands trial by jury on all issues so triable.

Dated : Jericho, New York
      June 5, 2008

                    Respectfully submitted,
                    By:    /s/ Bradley D. Schnur
                          Bradley D. Schnur (BDS2847)

                    Law Office of Bradley D. Schnur, Esq., PC
                    380 N. Broadway, Ste. 203
                    Jericho, New York 11753
                    (516) 932-4400
                    bschnur@bdslawoffice.com

# EXHIBIT "A"

**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorney for Plaintiff Zino Davidoff SA*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



RECEIVED
MAY 08 2008
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| ZINO DAVIDOFF SA, | |
| Plaintiff, | |
| v. | 07 Civ. 10326 (PAC)(MHD) |
| SELECTIVE DISTRIBUTION INTERNATIONAL INC., DIAMOND GROUP, INC., J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57, | **AMENDED COMPLAINT** |
| Defendants. | |
| SELECTIVE DISTRIBUTION INTERNATIONAL, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| DIAMOND GROUP INC., | |
| Third-Party Defendant/ Third-Party Plaintiff, | |
| v. | |
| J & H COSMETICS, LTD., | |
| Third-Party Defendant. | |

US2000 10310113.3

Plaintiff Zino Davidoff SA ("Zino Davidoff"), by its attorneys Kilpatrick Stockton LLP, and pursuant to the Court's Case Management Plan and Scheduling Order dated March 24, 2008, for its amended complaint alleges as follows:

<u>**SUBSTANCE OF THE ACTION**</u>

1.     Zino Davidoff has created a highly successful line of prestige fragrances and related products under its famous DAVIDOFF house mark. In particular, Zino Davidoff's DAVIDOFF COOL WATER men's and women's fragrances consistently rank among the top-selling fragrances in the U.S. Selective Distribution International Inc. ("Selective"), Diamond Group, Inc. ("Diamond"), J&H Cosmetics, Inc. ("J&H"), and Helene Schmeltzer and Gerald Schmeltzer (individually and doing business as J&S Merchandising (an eBay store) and "jerryboy57" (an eBay seller) (collectively "Defendants") have violated Zino Davidoff's trademark rights in at least two distinct ways. First, Defendants sell blatant counterfeits of Zino Davidoff's DAVIDOFF COOL WATER eau de toilette (the "Counterfeit DAVIDOFF COOL WATER Fragrances"). The Counterfeit DAVIDOFF COOL WATER Fragrances sold by Defendants bear the famous and federally registered DAVIDOFF and DAVIDOFF COOL WATER marks and copy Zino Davidoff's trade dress with such precision that they virtually guarantee consumer confusion while also tarnishing and diluting Zino Davidoff's famous marks. Second, Defendants distribute so-called "decoded" DAVIDOFF COOL WATER eau de toilette (the "Decoded DAVIDOFF COOL WATER Fragrances"). Decoded DAVIDOFF COOL WATER Fragrances are materially different from Plaintiff's authorized goods, and beyond the reach of Plaintiff's product integrity and quality controls, because the unique serial number that Plaintiff uses as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code") has been removed from these unauthorized products.

-2-

2.      Defendants' sale of Counterfeit DAVIDOFF COOL WATER Fragrances and
Decoded DAVIDOFF COOL WATER Fragrances is a deliberate effort to trade on Zino
Davidoff's fame and goodwill and damage the valuable trademark rights that Zino Davidoff has
spent decades developing and protecting. Defendants' actions are causing irreparable harm by
creating consumer confusion and by tarnishing and diluting Zino Davidoff's famous trademarks.
Zino Davidoff brings claims for trademark infringement under § 32(1) of the Federal Trademark
(Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under §
43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of Zino Davidoff's
famous marks under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the laws of
several states, including New York, N.Y. GEN. BUS. Law § 360-l, New Jersey, N.J. STAT.
ANN. 56:3-13.20 (West 2003) and Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); unfair and
deceptive trade practices under the laws of several states, including New York, N.Y. GEN. BUS.
Law § 349, New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2003) and Rhode Island, R.I.
GEN. LAWS § 6-2-12 (1992); unfair competition under common law; and infringement under
the law of New York, N.Y. ARTS & CULT. AFF. Law § 33.09.  Zino Davidoff seeks permanent
injunctive relief, an accounting, treble damages or statutory damages of up to $1,000,000 per
counterfeit mark per type of goods sold or distributed by Defendants as authorized by Section
35(c) of the Lanham Act, 15 U.S.C. § 1117(c), compensatory damages, recovery of its costs and
attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the
"Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the
Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent

-3-

US2000 10810113.3

jurisdiction. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.    Plaintiff Zino Davidoff SA is a joint stock company organized and existing under the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg, Switzerland. Zino Davidoff is the owner of all trademark rights in the marks DAVIDOFF and COOL WATER for fragrances in the U.S. Zino Davidoff also owns all trade dress rights in DAVIDOFF fragrance products.

6.    Defendant Selective is a corporation organized and existing under the laws of New York, with its place of business located at 380 North Broadway, Suite 203, Jericho, New York 11753. Selective sells fragrances and other products to retailers or other distributors, and transacts business in this District and throughout the United States. Upon information and belief, Selective has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

7.    Upon information and belief, Defendant Diamond is a corporation organized and existing under the laws of Nevada, with its place of business located at One Gateway Center, Suite 812, Newton, Massachusetts 02458. Upon information and belief, Diamond sells fragrances and other products to retailers and distributors throughout the United States and does business in this District. Upon information and belief, Diamond has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

-4-

8.    Upon information and belief, Defendant J&H is a corporation organized and existing under the laws of New York, with its place of business located at 58 Eagle Chase, Woodbury, New York 11797. Upon information and belief, J&H sells fragrances and other products to retailers, distributors and consumers throughout the United States and does business in this District. Upon information and belief, J&H has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

9.    Upon information and belief, Defendants Helene Schmeltzer and Gerald Schmeltzer are individuals residing at 58 Eagle Chase, Woodbury, New York 11797. Upon information and belief, the Schmeltzers are principals in and control J&H's operations, and also sell fragrances through eBay.com using an eBay store named J&S Merchandising and the eBay seller name "jerryboy57." Upon information and belief, the Schmeltzers sell fragrances and other products to retailers, distributors and consumers throughout the United States and in this District. Upon information and belief, the Schmeltzers have direct involvement, participation and a financial interest in, as well as supervision over, their unlawful acts as complained of herein.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUESTED RELIEF

### DAVIDOFF COOL WATER Fragrances

10.    The DAVIDOFF brand was created by Zino Davidoff in 1911 in Geneva, Switzerland, and is today one of the world's most well known and highly respected brands for luxury products, including a line of fine fragrances. The DAVIDOFF mark has been extensively used in U.S. commerce for many years.

11.    Zino Davidoff launched DAVIDOFF COOL WATER cologne for men in the U.S. in 1991 and its women's DAVIDOFF COOL WATER fragrance in the U.S. in 1997.

-5-

12.     Zino Davidoff's DAVIDOFF COOL WATER fragrances and products have been distributed in interstate commerce throughout the United States, including in this judicial district, for many years. Zino Davidoff's DAVIDOFF COOL WATER fragrances and products are renowned for their high quality and are identified and distinguished by the use of both the DAVIDOFF mark and the COOL WATER secondary mark, as well as distinctive trade dress (together, the "DAVIDOFF COOL WATER Marks").

13.     The distinctive packaging of Zino Davidoff's DAVIDOFF COOL WATER men's fragrance consists of a shiny aqua blue box containing a rectangular, aqua blue bottle imprinted with the name of the fragrance in a flowing script or block lettering, the old and new logo respectively, as shown in Exhibit A. Zino Davidoff's DAVIDOFF COOL WATER women's fragrance features a variation on this trade dress with a lighter aqua color and a teardrop-shaped bottle, as shown in Exhibit B.

14.     Zino Davidoff exercises strict quality control over the production of its DAVIDOFF COOL WATER fragrances, their bottling, their completed packaging, and their distribution by Zino Davidoff's exclusive fragrance licensee Lancaster BV and U.S. sublicensee Coty US LLC (collectively "Coty"). Coty marks each unit of men's and women's DAVIDOFF COOL WATER eau de toilette, as well as its outer packaging, with a Production Code. The Production Code is particularly important for maintaining the integrity of Zino Davidoff's DAVIDOFF COOL WATER fragrances, as well as other DAVIDOFF fragrances on which the Production Code is placed. The Production Code provides full traceability for each DAVIDOFF COOL WATER fragrance unit from the moment the unit is produced to the point of consumer purchase. The Production Code permits Zino Davidoff and Coty to take corrective action in the event a product defect should arise and to protect the market from counterfeit products.

-6-

15.    Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF COOL WATER Marks, the Marks have acquired enormous value, have become famous among the consuming public and trade, and are recognized as identifying and distinguishing Zino Davidoff exclusively and uniquely as the source of products sold under the marks.

16.    Zino Davidoff owns numerous incontestable U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,439,621 for DAVIDOFF and Design, Reg. No. 2,609,218 for DAVIDOFF, Reg. No. 3,247,745 for DAVIDOFF, Reg. No. 1,735,958 for DAVIDOFF COOL WATER and Design, Reg. No. 2,723,215 for DAVIDOFF COOL WATER in Design for bottle shape and Reg. No. 1,735,965 for COOL WATER. All of the foregoing registrations are valid, subsisting, and in full force and effect. Moreover, as the majority of these registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Zino Davidoff's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit C.

Defendants' Sale of Counterfeit DAVIDOFF COOL WATER Fragrances

17.    On December 20, 2006, Zino Davidoff commenced an action for trademark infringement, unfair competition and dilution against CVS in the District Court for the Southern District of New York. The complaint alleged that CVS was selling counterfeit DAVIDOFF COOL WATER fragrances in multiple CVS pharmacies throughout the U.S. Zino Davidoff simultaneously filed a motion for a temporary restraining order and preliminary injunction. By order dated December 22, 2006, the district court temporarily restrained the sale of counterfeit

-7-

DAVIDOFF fragrances by CVS, ordered CVS to withdraw its inventory of DAVIDOFF COOL WATER men's 2.5 oz. eau de toilette from store shelves and permitted Zino Davidoff to inspect CVS's inventory. In the course of this court-ordered inspection, Zino Davidoff's inspectors discovered 836 counterfeit DAVIDOFF COOL WATER products destined for sale or that had been offered for sale in CVS's drugstores.

18.    Many of the 836 counterfeit DAVIDOFF COOL WATER fragrances found by Zino Davidoff's investigators were in boxes with labels showing Selective as the shipper with an address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street, Somerset, New Jersey 08873. True and correct copies of photographs of Counterfeit DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these products were found are attached hereto as Exhibit D. The shipping labels also often listed the product contained within the box, e.g. "COOL WATER 2.5 MENS," the CVS item number, the Universal Product Code ("UPC") and the number of units in the box. True and correct copies of photographs of the labels showing the above-referenced information are attached hereto as Exhibit E.

19.    Zino Davidoff's investigators are trained to identify counterfeit DAVIDOFF fragrance products, and confirmed that the DAVIDOFF COOL WATER fragrances depicted in Exhibit D are not genuine product because, inter alia, they are marked with a bogus Production Code.

20.    On or about December 7, 2007, Selective answered the original complaint in this matter and filed a third-party complaint impleading Diamond Group. Selective's answer and third-party complaint claimed that "[a]ny and all Davidoff Cool Water fragrance products, which

-8-

Selective Distribution sold to CVS were purchased by Selective Distribution from Diamond Group."

21.    On or about April 3, 2008, Diamond answered Selective's third-party complaint and filed a third-party complaint impleading J&H. In its third-party complaint against J&H, Diamond claims that the "Davidoff Cool Water fragrance products which are subject to the underlying litigation were purchased by [Diamond] from J&H Cosmetics, Ltd. in or about April, 2006."

22.    Upon information and belief, the Schmeltzers, through J&H, their eBay store J&S Merchandising, and their eBay seller name "jerryboy57," have been offering for sale and selling Counterfeit DAVIDOFF COOL WATER Fragrances. Annexed hereto as Exhibit F are true and correct pictures of Counterfeit DAVIDOFF COOL WATER Fragrances purchased from eBay seller jerryboy57 in or around September 2007.

23.    Upon information and belief, the Counterfeit DAVIDOFF COOL WATER Fragrances sold by Defendants use counterfeit copies of the DAVIDOFF marks and replicate Zino Davidoff's distinctive trade dress for its products.

Defendants' Sale of Decoded DAVIDOFF COOL WATER Fragrances

24.    During the court-ordered inspections of CVS's inventory, Zino Davidoff's investigators also discovered approximately 16,000 units of decoded DAVIDOFF COOL WATER fragrances. "Decoded" DAVIDOFF COOL WATER fragrances are products from which Production Codes have been removed or obliterated. True and correct copies of photographs of Decoded DAVIDOFF COOL WATER Fragrances found in CVS's inventory and the boxes in which these products were found are attached hereto as Exhibit G.

-9-

25.    Many of the 16,000 decoded DAVIDOFF COOL WATER fragrances found by Zino Davidoff's investigators were in boxes with either shipping labels or packing slips showing Selective as the shipper with an address of either 380 North Broadway, Suite 204, Jericho, New York 11753 or 275 Pierce Street, Somerset, New Jersey 08873. The packing slips also list a description of the shipped fragrance products, CVS's item number and the quantity of units shipped. True and correct copies of photographs of the shipping labels and packing slips showing the above-referenced information are attached hereto as Exhibit H.

26.    Decoding DAVIDOFF COOL WATER fragrances hampers Zino Davidoff's anti-counterfeiting, quality assurance and anti-theft programs. Product lacking a Production Code may be stolen or counterfeit, and is not subject to the same on-going quality assurances as genuine product intended for sale in the U.S. Upon information and belief, Defendants acquired Decoded DAVIDOFF COOL WATER Fragrances from distributors who are not authorized to sell such products in the United States and, in order to hide the fact that it is stolen or counterfeit product or to conceal the identity of the seller of the product, the Production Code has been removed from the bottom of the bottles and the exterior of the boxes, as shown in Exhibit G. The Production Codes on such products have been removed with varying degrees of finesse. In at least some cases, the Production Code has been cut, abraded, or otherwise mutilated, giving the products a damaged appearance.

27.    The removal of the Production Code and resulting mutilation of Decoded DAVIDOFF COOL WATER Fragrances degrades the product's appearance in many instances. In addition, regardless of whether the product packaging has been damaged, the removal of the Production Code significantly interferes with Plaintiff's anti-counterfeiting, quality control and anti-theft programs by hindering Plaintiff's ability to trace the products, thereby potentially

-10-

endangering the public by preventing Plaintiff from identifying fakes, resolving quality problems, and recalling defective products. Upon information and belief, Defendants have either intentionally altered these products or knowingly distributed these products without the Production Code. The removal of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized DAVIDOFF COOL WATER fragrances that are distributed by Coty in the U.S. The Decoded DAVIDOFF COOL WATER Fragrances are therefore infringing products under U.S. trademark law.

28.    After discovering the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances in CVS's inventory, Zino Davidoff, through its attorneys, sent Selective a cease and desist letter dated February 13, 2007. A true and correct copy of the February 13, 2007 letter from Lisa Pearson, Esq. to Dennis Schnur, Selective Distribution is annexed hereto as Exhibit I. Selective responded in a letter dated February 16, 2007, in which it refused to provide all of the information requested by Zino Davidoff in its February 13, 2007 letter. A true and correct copy of the letter dated February 16, 2007 from Dennis Schnur, Selective Distribution to Lisa Pearson, Esq. is annexed hereto as Exhibit J. Following these first two letters, Zino Davidoff's counsel and Selective continued correspond regarding Selective's sales of DAVIDOFF fragrance products, particularly Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances. Selective ultimately failed to provide all of the information sought by Zino Davidoff in connection with Selective's sales of DAVIDOFF fragrance products and refused to provide adequate assurances that it would not engage in the sale of counterfeit and decoded DAVIDOFF fragrance products.

29.    Selective has impleaded Diamond, and Diamond has impleaded J&H, each complaining that the new party it impleaded was its source of Counterfeit and Decoded DAVIDOFF COOL WATER Fragrances complained of within this amended complaint.

30.    Upon information and belief, the Schmeltzers, through J&H, their eBay store J&S Merchandising, and their eBay seller name "jerryboy57," have been offering for sale and selling Decoded DAVIDOFF COOL WATER Fragrances. Annexed hereto as <u>Exhibit K</u> are true and correct pictures of DAVIDOFF COOL WATER fragrances without Production Codes purchased from eBay seller jerryboy57 in or around September 2007 and annexed as <u>Exhibit L</u> is a true and correct copy of a "Proforma" from J&H Cosmetics, Ltd offering for sale DAVIDOFF COOL WATER men's EDT as "with Codes," implying that J&H offers for sale Decoded DAVIDOFF COOL WATER Fragrances.

31.    Defendants' unlawful actions commenced many years after Zino Davidoff began using the marks at issue, many years after these marks had achieved worldwide fame, and many years after the DAVIDOFF and COOL WATER marks were registered in the U.S. Patent and Trademark Office.

32.    Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances are likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that these unlicensed and unauthorized products were produced or authorized by or in some manner associated with Zino Davidoff. The likelihood of confusion, mistake and deception engendered by Defendants' unlicensed and unauthorized products is causing irreparable harm to Zino Davidoff.

33.    Purchasers and prospective purchasers viewing Defendants' unlicensed and unauthorized Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF

-12-

COOL WATER Fragrances and perceiving a defect, lack of quality, or any impropriety are likely
to attribute them mistakenly to Zino Davidoff. In addition, due to the nature of the product at
issue here, a topical cosmetic, Defendants' sale of Counterfeit DAVIDOFF COOL WATER
Fragrances and Decoded DAVIDOFF COOL WATER Fragrances upon which there is no
certification of quality poses a large risk to public health and safety. By causing such a
likelihood of confusion, mistake, deception and potential public health risk, Defendants are
inflicting irreparable harm to Zino Davidoff's goodwill.

34.    Upon information and belief, Defendants knowingly and willfully use Zino
Davidoff's marks and sell the Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded
DAVIDOFF COOL WATER Fragrances with the deliberate intent to ride on the fame and
goodwill that Zino Davidoff has established in its DAVIDOFF and DAVIDOFF COOL WATER
brands and with the deliberate attempt to create a false impression as to the source and
sponsorship of Defendants' products and to dilute the distinctiveness of Zino Davidoff's marks.
If Defendants' conduct is not enjoined, it will greatly injure the value of Zino Davidoff's marks
and Zino Davidoff's ability to distinguish its goods.

35.    Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

**FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH
RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
(15 U.S.C. § 1114)**

36.    Zino Davidoff repeats and re-alleges each and every allegation set forth in
paragraphs 1 through 35 above, and incorporates them herein by reference.

37.    Defendants' sale and distribution of products bearing counterfeit copies of the
DAVIDOFF and COOL WATER marks is likely to cause confusion, mistake or deception as to
the source or sponsorship of Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances.

-13-

As a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks and/or imitations thereof, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Zino Davidoff.

38.    Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF and COOL WATER marks.

39.    Defendants' infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of counterfeit DAVIDOFF fragrance products.

## SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1114)

41.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 40 above, and incorporates them herein by reference.

42.    The removal of the Production Code and/or mutilation of the packaging of Decoded DAVIDOFF COOL WATER Fragrances render them materially different from

-14-

Plaintiff's DAVIDOFF COOL WATER fragrances with the Production Code affixed, and such products are not genuine.

43.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' Decoded DAVIDOFF COOL WATER Fragrances. As a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks, the public is likely to believe that Defendants' goods have been approved by Plaintiff.

44.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendants' sale of such products is authorized by Plaintiff.

45.     The removal of the Production Code from the Decoded DAVIDOFF COOL WATER Fragrances deprives Plaintiff of the ability to ensure the consistently high quality of products bearing the DAVIDOFF COOL WATER Marks and to maintain the prestige and reputation of the DAVIDOFF brand. The removal of the Production Code also hinders Plaintiff's ability to protect the market from counterfeit DAVIDOFF fragrance products.

46.     Defendants' infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

-15-

and the public interest would not be disserved by enjoining Defendants' sale of decoded

DAVIDOFF fragrance products.

**THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE
DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO
COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))**

48.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 47 above, and incorporates them herein by reference.

49.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, distinctive and

entitled to the broadest scope of protection.

50.    Defendants' sale and distribution of products bearing counterfeit copies of the

DAVIDOFF COOL WATER Marks constitutes a false designation of origin and a false

description or representation that Defendants' Counterfeit DAVIDOFF COOL WATER

Fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise

somehow connected with Zino Davidoff, and is thereby likely to confuse consumers.  As a result

of Defendants' unauthorized use of the DAVIDOFF COOL WATER Marks and/or imitations

thereof, the public is likely to believe that Defendants' goods have been manufactured and/or

approved by Zino Davidoff.

51.    Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents

Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being

authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products

bearing the DAVIDOFF COOL WATER Marks.

52.    Defendants' conduct is willful, intended to reap the benefit of the goodwill of

Zino Davidoff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

-16-

53.    The aforesaid conduct of Defendants is causing irreparable injury to Zino

Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and

deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

and the public interest would not be disserved by enjoining Defendants' sale of counterfeit

DAVIDOFF fragrance products.

### FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(a))

54.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 53 above, and incorporates them herein by reference.

55.    The removal of the Production Code and/or mutilation of the packaging of

Decoded DAVIDOFF COOL WATER Fragrances render them materially different from

Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such

products are not genuine.

56.    Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER

Fragrances constitutes a false designation of origin and a false description or representation that

Defendants' sale of such products is authorized by Plaintiff, and is thereby likely to confuse

consumers.

57.    The removal of the Production Code from the Decoded DAVIDOFF COOL

WATER Fragrances takes out of Plaintiff's control the quality of products bearing the

DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige

and reputation of the DAVIDOFF brand.

-17-

58.    Defendants are using the DAVIDOFF COOL WATER Marks with full knowledge that they are associated exclusively with Plaintiff and exclusively designate DAVIDOFF COOL WATER fragrances. Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's DAVIDOFF COOL WATER Marks.

59.    Defendants' sale and distribution of the Decoded DAVIDOFF COOL WATER Fragrances is in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

60.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of decoded DAVIDOFF fragrance products.

## FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. § 1125(c))

61.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60 above, and incorporates them herein by reference.

62.    Zino Davidoff's DAVIDOFF and COOL WATER trademarks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively for many years. By reason of extensive advertising and use, Zino Davidoff's marks have become highly distinctive of Zino Davidoff's goods and are uniquely associated with Zino Davidoff.

-18-

63. Defendants' commercial use of Zino Davidoff's DAVIDOFF and COOL WATER marks on its Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's famous marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

64. Defendants' commercial use of the DAVIDOFF and COOL WATER marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

65. Defendants' unlawful use of the DAVIDOFF and COOL WATER marks is intended to and has the effect of trading on Zino Davidoff's reputation and causing dilution of Zino Davidoff's famous marks.

66. Upon information and belief, Defendants do not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, DAVIDOFF or COOL WATER and cannot assert any rights in DAVIDOFF or COOL WATER that are prior to Zino Davidoff's first use of either mark.

67. Defendants' conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68. The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of counterfeit and decoded DAVIDOFF fragrance products.

-19-

**SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

69.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 68 above, and incorporates them herein by reference.

70.     Zino Davidoff, and its exclusive licensee Coty, have extensively and continuously promoted and used the DAVIDOFF and COOL WATER Marks in the United States, and the marks have thereby become distinctive, famous, and well-known symbols of Zino Davidoff's fragrance products.

71.     Defendants' commercial use of the DAVIDOFF COOL WATER Marks on Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances and Decoded DAVIDOFF COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

72.     Defendants' commercial use of the DAVIDOFF COOL WATER Marks further dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby tarnishing the marks.

73.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Zino Davidoff's DAVIDOFF COOL WATER Marks or to cause dilution of the DAVIDOFF COOL WATER Marks, to the great and irreparable injury of Zino Davidoff.

74.     Defendants are causing and will continue to cause irreparable injury to Zino Davidoff's goodwill and business reputation, and dilution of the distinctiveness and value of Zino Davidoff's famous and distinctive DAVIDOFF COOL WATER Marks in violation of the

-20-

New York, New Jersey and Rhode Island anti-dilution acts, N.Y. GEN. BUS. Law § 360-l

(2003), N.J. STAT. ANN. 56:3-13.20 (West 2003) and R.I. GEN. LAWS § 6-2-12 (1992)

respectively, as well as upon information and belief the anti-dilution laws of the several states,

including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180

(Michie 2002); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2003); Arkansas, ARK.

CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003);

Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE

ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003), Georgia, GA.

CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2003);

Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65

(2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-

214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV.

STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B,

§ 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS.

CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002);

Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. § 87-

140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Mexico,

N.M. STAT. ANN. § 57-3B-15 (Michie 2002); Oregon, O.R.S. § 647.107 (2003); Pennsylvania,

54 PA. CONS. STAT. ANN. § 1124 (West 1996); South Carolina, S. C. CODE ANN. § 39-15-

1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM.

CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. § 70-3a-403 (2002); Washington,

WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13

(Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

-21-

75.    Zino Davidoff therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES

76.    Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 75 above, and incorporates them herein by reference.

77.    Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, highly distinctive of Zino Davidoff and entitled to the broadest scope of protection.

78.    Defendants' sale and distribution of Counterfeit DAVIDOFF COOL WATER Fragrances constitutes a false designation of origin and a false description or representation that Defendants' products originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Zino Davidoff, and is thereby likely to confuse consumers. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Zino Davidoff.

79.    Defendants' use of counterfeit copies of the DAVIDOFF COOL WATER Marks falsely represents Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

80.    Defendants' conduct is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and constitutes common law unfair competition.

81.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

-22-

and the public interest would not be disserved by enjoining Defendants' sale of counterfeit

DAVIDOFF fragrance products.

### EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

82.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 81 above, and incorporates them herein by reference.

83.     The removal of the Production Code and/or mutilation of the packaging of

Decoded DAVIDOFF COOL WATER Fragrances render them materially different from

Plaintiff's DAVIDOFF COOL WATER fragrances authorized for sale in the U.S., and such

products are not genuine.

84.     Defendants' unauthorized sale of Decoded DAVIDOFF COOL WATER

Fragrances constitutes a false designation of origin and a false description or representation that

Defendants' sale of such products is authorized by Plaintiff, and is thereby likely to confuse

consumers.

85.     The removal of the Production Code from the Decoded DAVIDOFF COOL

WATER Fragrances takes out of Plaintiff's control the quality of products bearing the

DAVIDOFF COOL WATER Marks and deprives Plaintiff of the ability to maintain the prestige

and reputation of the DAVIDOFF brand.

86.     Defendants are using the DAVIDOFF COOL WATER Marks with full

knowledge that they are associated exclusively with Plaintiff and exclusively designate

DAVIDOFF COOL WATER fragrances.  Defendants' acts of unfair competition are willful and

deliberate and with an intent to reap the benefit of the goodwill and reputation associated with

Plaintiff's DAVIDOFF COOL WATER Marks.

-23-

87.    Defendants' sale and distribution of the Decoded DAVIDOFF COOL WATER
Fragrances constitutes common law unfair competition.

88.    The aforesaid conduct of Defendants is causing irreparable injury to Zino
Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and
deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,
injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants
and the public interest would not be disserved by enjoining Defendants' sale of decoded
DAVIDOFF fragrance products.

## NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

89.    Zino Davidoff repeats and re-alleges each and every allegation set forth in
paragraphs 1 through 88 above, and incorporates them herein by reference.

90.    By reason of the acts set forth above, Defendants have been and are engaged in
deceptive acts or practices in the conduct of a business, trade or commerce in violation of New
York statute N.Y. GEN. BUS. Law § 349 (McKinney 1988), and upon information and belief the
unfair and deceptive trade practices statutes of other states including Colorado, COLO. REV.
STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN.
tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-
375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL.
COMP. STAT. ANN. 510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216
(West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB.
REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-
12-22 (Michie 1995); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995);

-24-

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998) and Oregon,

O.R.S. §§ 646.605 to 646.656 (2003).

91.    The public is likely to be damaged as a result of Defendants' deceptive trade

practices or acts.

92.    The aforesaid conduct of Defendants is causing irreparable injury to Zino

Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and

deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law,

injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants

and the public interest would not be disserved by enjoining Defendants' sale of counterfeit and

decoded DAVIDOFF fragrance products.

### TENTH CLAIM FOR RELIEF FOR STATE TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF FRAGRANCES (N.Y. ART & CULT. AFF. LAW § 33.09)

93.    Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 92 above, and incorporates them herein by reference.

94.    Defendants' sale and distribution of products bearing counterfeit copies of the

DAVIDOFF COOL WATER Marks is likely to cause confusion, mistake or deception as to the

source or sponsorship of Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances. As

a result of Defendants' unauthorized use of Zino Davidoff's federally registered marks and/or

imitations thereof, the public is likely to believe that Defendants' goods have been manufactured

and/or approved by Zino Davidoff.

95.    Defendants' use of counterfeit copies of Zino Davidoff's marks falsely represents

Defendants' Counterfeit DAVIDOFF COOL WATER Fragrances as emanating from or being

-25-

authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

96.    Defendants' sales of Counterfeit DAVIDOFF COOL WATER Fragrances were made with the knowledge that the marks affixed to these fragrances were counterfeit and that the sales were made without Zino Davidoff's consent, in violation of New York Art & Cultural Affairs Law § 33.09(3).

97.    Upon information and belief, J&H and the Schmeltzers have in their possession counterfeit DAVIDOFF COOL WATER Marks, with the knowledge that such marks are counterfeit, in violation of New York Art & Cultural Affairs Law § 33.09(4).

98.    The aforesaid conduct of Defendants is causing irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue to both damage Zino Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zino Davidoff and Defendants and the public interest would not be disserved by enjoining Defendants' sale of Counterfeit DAVIDOFF Fragrances.

WHEREFORE, Zino Davidoff demands judgment as follows:

1.    That an injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

a)    imitating, copying, or making unauthorized use of the DAVIDOFF COOL WATER Marks or any other marks owned by Zino Davidoff (collectively the "DAVIDOFF Marks");

-26-

b) importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Zino Davidoff or to any goods sold, manufactured, sponsored or approved by or connected with Zino Davidoff;

d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendants is in any manner associated or connected with Zino Davidoff, or is sold, manufactured, licensed, sponsored, approved or authorized by Zino Davidoff;

e) engaging in any other activity constituting unfair competition with Zino Davidoff, or constituting infringement of the DAVIDOFF Marks;

f) taking any action, including through the use of the DAVIDOFF Marks or any simulation reproduction, copy or colorable imitation thereof, that dilutes the unique association between the DAVIDOFF Marks and Zino Davidoff, or that tarnishes the reputation or image of Zino Davidoff;

g) removing, obscuring or otherwise defacing a Production Code or other bar code on any DAVIDOFF COOL WATER product or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or

-27-

displaying any DAVIDOFF COOL WATER product with a removed, obscured or otherwise defaced Production Code or other bar code;

      h) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

      i) disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

      j) directly or indirectly informing Defendants' source(s) for any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks of this action or any of Zino Davidoff's claims herein; or

      k) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

      2. Directing that Defendants make available to Zino Davidoff for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating a simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and provide Zino Davidoff the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the

-28-

source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

3.    Directing that Defendants recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendants under or in connection with any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and, upon recall, to deliver such goods up to Zino Davidoff's counsel for destruction at Defendants' costs.

4.    Directing that Defendants cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

5.    Directing that Defendants deliver to Zino Davidoff's counsel for destruction at Defendants' costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

6.    Requiring Defendants to account for and pay over to Zino Davidoff three times the profits realized by Defendants from its infringement of Zino Davidoff's marks and its unfair competition with Zino Davidoff.

7.    Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Zino Davidoff elects, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

8.    Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition and trademark dilution.

-29-

9.     Awarding to Zino Davidoff interest, including pre-judgment interest, on the foregoing sums.

10.     Awarding to Zino Davidoff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

11.     Awarding Zino Davidoff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by Zino Davidoff or related in any way to Zino Davidoff's products.

13.     Directing that Defendants file with the Court and serve upon Zino Davidoff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

14.     Awarding Zino Davidoff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 8, 2008

                              **KILPATRICK STOCKTON LLP**

                              By: _____
                                  Lisa Pearson (LP 4916)
                                  Christopher Lick (CL 1391)
                                  31 W. 52nd Street, 14th Floor
                                  New York, New York 10019
                                  (212) 775-8700
                                  (212) 775-8800

                              *Attorneys for Plaintiff Zino Davidoff SA*

                              -30-

# EXHIBIT A





# EXHIBIT B







Int. Cls.: 3 and 30

Prior U.S. Cls.: 46, 51, and 52

Reg. No. 1,439,621

## United States Patent and Trademark Office

Registered May 12, 1987

## TRADEMARK
## SUPPLEMENTAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: TOILET WATER, SHAVING CREAM, AFTER SHAVE, AFTER SHAVE CREAM, MOISTURIZING CONCENTRATE, SHOWER GEL, BODY LOTION, DEODORANT SPRAY, DEODORANT STICK, ANTI-PERSPIRANT, BATH SOAP, PERFUME, HAIR LOTION AND DENTIFRICE , IN CLASS 3 (U.S. CLS. 51 AND 52).

FOR: COFFEE, TEA, SPICE, COCOA, SUGAR, RICE, TAPIOCA, SAGO, FLOUR, BREAD, BISCUITS, CAKES, PASTRY, CANDY AND FLAVORED OR FRUIT ICES, IN CLASS 30 (U.S. CL. 46).

OWNER OF SWITZERLAND REG. NO. 338119, DATED 2-2-1985, EXPIRES 2-2-2005.

SER. NO. 553,140, FILED P.R. 8-12-1985; AM. S.R. 12-18-1985.

MICHAEL HAMILTON, EXAMINING ATTORNEY

9.     Awarding to Zino Davidoff interest, including pre-judgment interest, on the foregoing sums.

10.    Awarding to Zino Davidoff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

11.    Awarding Zino Davidoff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.    Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by Zino Davidoff or related in any way to Zino Davidoff's products.

13.    Directing that Defendants file with the Court and serve upon Zino Davidoff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

14.    Awarding Zino Davidoff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 8, 2008

                              KILPATRICK STOCKTON LLP


                              By: _____
                                    Lisa Pearson (LP 4916)
                                    Christopher Lick (CL 1391)
                                 31 W. 52nd Street, 14th Floor
                                 New York, New York 10019
                                 (212) 775-8700
                                 (212) 775-8800

                                 *Attorneys for Plaintiff Zino Davidoff SA*

                              -30-

# EXHIBIT A







# EXHIBIT B







Int. Cls.: 3 and 30

Prior U.S. Cls.: 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 1,439,621
Registered May 12, 1987

### TRADEMARK
### SUPPLEMENTAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: TOILET WATER, SHAVING CREAM, AFTER SHAVE, AFTER SHAVE CREAM, MOISTURIZING CONCENTRATE, SHOWER GEL, BODY LOTION, DEODORANT SPRAY, DEODORANT STICK, ANTI-PERSPIRANT, BATH SOAP, PERFUME, HAIR LOTION AND DENTIFRICE , IN CLASS 3 (U.S. CLS. 51 AND 52).

FOR: COFFEE, TEA, SPICE, COCOA, SUGAR, RICE, TAPIOCA, SAGO, FLOUR, BREAD, BIS-CUITS, CAKES, PASTRY, CANDY AND FLA-VORED OR FRUIT ICES, IN CLASS 30 (U.S. CL. 46).

OWNER OF SWITZERLAND REG. NO. 338119, DATED 2-2-1985, EXPIRES 2-2-2005.

SER. NO. 553,140, FILED P.R. 8-12-1985; AM. S.R. 12-18-1985.

MICHAEL HAMILTON, EXAMINING ATTOR-NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,609,218

Registered Aug. 20, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## DAVIDOFF

DAVIDOFF & CIE SA (SWITZERLAND COR-
    PORATION)
2 RUE DE RIVE
1200 GENEVA, SWITZERLAND

FOR: COSMETICS, NAMELY, EAU DE TOIL-
ETTE, PERFUMES, PRE-SHAVE AND AFTER-
SHAVE PREPARATIONS, SKIN ENERGIZING
TONIC, SHOWER GEL, BODY SOAP, HAIR SHAM-
POO; SUN PROTECTION, AFTER SUN AND TAN-
NING PREPARATION, BODY LOTION, PERSONAL
DEODORANTS AND ANTIPERSPIRANTS, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0-0-1984; IN COMMERCE 0-0-1991.

OWNER OF U.S. REG. NOS. 1,052,564, 1,432,571
AND OTHERS.

SEC. 2(F).

SER. NO. 76-224,810, FILED 3-13-2001.

LOURDES AYALA, EXAMINING ATTORNEY

Int. Cls.: 3, 9, 11, 14, 16, 18, 25, 30 and 33

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 13, 21, 22, 23, 26, 27, 28, 29, 31, 34, 36, 37, 38, 39, 41, 46, 47, 49, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,247,745

Registered May 29, 2007

**TRADEMARK**
**PRINCIPAL REGISTER**

# DAVIDOFF

ZINO DAVIDOFF SA (SWITZERLAND JOINT STOCK COMPANY)
RUE FAUCIGNY 5
CH-1700 FRIBOURG
SWITZERLAND

FOR: SOAPS, INCLUDING TOILET SOAPS; PERFUMERY; ESSENTIAL OILS; COSMETICS; SUN-CARE PRODUCTS FOR TANNING, NAMELY, LOTIONS AND CREAMS; BATH AND SHOWER FOAMS AND GELS; TONICS FOR BODY CARE; COSMETIC SKIN LOTIONS; TANNING CREAMS; BODY MOISTURIZING CONCENTRATES NOT FOR MEDICAL PURPOSES; AFTER-SHAVE OILS, CREAMS, POWDERS AND LOTIONS; SHAVING CREAMS; PRE-SHAVE PRODUCTS, NAMELY, OILS, CREAMS, GELS AND LOTIONS; EAU-DE-COLOGNE; TOILET WATER; DEODORANTS FOR PERSONAL USE BEING SPRAYS AND STICKS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: SPECTACLES, THEIR PARTS AND ACCESSORIES, NAMELY SPECTACLE HOLDERS, AND UNMOUNTED SPECTACLE FRAMES; AUTOMATIC COFFEE AND COFFEE-CAPSULE VENDING MACHINES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: ELECTRIC COFFEE MAKERS; ELECTRIC COFFEE POTS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FOR: JEWELRY; WATCHES; WATCH MOVEMENTS AND THEIR PARTS; PENDANTS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: AGENDAS; PENCILS; PENS; FOUNTAIN PENS; PEN NIBS; DOCUMENT HOLDERS BEING PORTFOLIOS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: ATTACHÉ CASES; HANDBAGS; WALLETS; LEATHER PURSES; BRIEFCASES; KEY CASES; CREDIT CARD CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING, NAMELY NECKTIES, SHIRTS, SUITS, PULLOVERS; BELTS MADE OF SKIN OR LEATHER, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: COFFEE; SUGAR, IN CLASS 30 (U.S. CL. 46).

FOR: DISTILLED SPIRITS AND LIQUEURS, COGNAC, IN CLASS 33 (U.S. CLS. 47 AND 49).

PRIORITY DATE OF 7-8-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0876874 DATED 11-7-2005, EXPIRES 11-7-2015.

SEC. 2(F).

SER. NO. 79-020,878, FILED 11-7-2005.

MICHAEL KAZAZIAN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

Reg. No. 1,735,958

## United States Patent and Trademark Office

Registered Dec. 1, 1992

### TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOI-LETTE, AFTERSHAVE LOTION, SKIN ENER-GIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6–0–1988; IN COMMERCE 6–6–1989.

OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

SER. NO. 74–153,663, FILED 4–1–1991.

STEPHEN JEFFRIES, EXAMINING ATTOR-NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,723,215

Registered June 10, 2003

## TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF & CIE SA (SWITZERLAND COR-
    PORATION)
2 RUE DE RIVE
1200 GENEVA, SWITZERLAND

    FOR: EAU DE TOILETTE, AFTERSHAVE LO-
TION, SKIN ENERGIZING TONIC, SHOWER GEL,
HAIR SHAMPOO, BODY LOTION, PERSONAL
DEODORANT, ANTIPERSPIRANT, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

    FIRST USE 0-0-1988; IN COMMERCE 0-0-1992.

    THE STIPPLING ON THE MARK IS USED FOR
SHADING PURPOSES ONLY AND IS NOT A FEA-
TURE OF THE MARK.

    SEC. 2(F).

    SER. NO. 76-242,751, FILED 4-17-2001.

SOPHIA S. KIM, EXAMINING ATTORNEY

**Int. Cl.: 3**

**Prior U.S. Cls.: 51 and 52**

**Reg. No. 1,735,965**

## United States Patent and Trademark Office

Registered Dec. 1, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## COOL WATER

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOILETTE, AFTERSHAVE LOTION, SKIN ENERGIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6-0-1988; IN COMMERCE 6-6-1989.

SER. NO. 74–185,501, FILED 7–16–1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

# EXHIBIT D





FROM SELECTIVE DIST
275 PIERCE ST
SOMERSET, NJ 08873

CVS PHARMACY INC
400 FOUNDERS DRIVE
WOONSOCKET, RI 02895

PO # 1291916
CVS ITEM # 632596
COOL WATER 2.5 MENS
341420200056







FROM SELECTIVE DIST
271 PIERCE ST
SOMERSET, NJ 08873

CVS   PHARMACY INC
400 FOUNDERS DRIVE
WOONSOCKET, RI  02895

PO #  1291916
CVS  ITEM # 632596
COOL WATER 2.5  MENS
UPC #  341420200056
WEIGHT #   21   LBS
36    PCS
12   OF  20















# EXHIBIT F











# EXHIBIT G



















# EXHIBIT H

Selective Distribution International
380 North Broadway, 2nd Floor
Jericho, NY 11753

| SHIP TO: | CVS Pharmacy, Inc. |
|---|---|
| ADDRESS | 1 Berry Drive |
|  | Lumberton, NJ 08048 |

| PO OR TBA # | SHIPPER NUMBER | CUSTOMER NAME | DATE |  |
|---|---|---|---|---|
| 2793786 |  |  | 12/13/2006 |  |
| QUANTITY | CVS ITEM NUMBER | DESCRIPTION | CARTON | PALLET |
| 27 | 92800 | Ciara 2.3 oz<br>UPC-30997904799 Case Pack: 24 Weight: 18 | 1 |  |
| 50 | 293451 | Echo (m) 1.7 oz.<br>UPC-34142028006# Case Pack: 60 Weight: 24 | 1 |  |
| 68 | 325487 | Paris Hilton 1.7 oz.<br>UPC-60804051747 Case Pack: 45 Weight: 9.85 | 2 |  |

BOX 17 48 PLS DECODE DA Mrder



EXHIBIT "A"

# EXHIBIT I



**KILPATRICK STOCKTON** LLP

Attorneys at Law

31 West 52nd Street 14th Floor
New York, NY 10019
t 212 775 8700 f 212 775 8800
www.KilpatrickStockton.com

direct dial 212 775 8725
direct fax 212 775 8825
l.pearson@KilpatrickStockton.com

February 13, 2007

**VIA EXPRESS MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Dennis Schnur
Selective Distribution
380 North Broadway
Suite 204
Jericho, New York 11753

      Re:    Zino Davidoff/Selective Distribution
            Our File Ref. No. 56753-340039

Dear Mr. Schnur:

We represent Zino Davidoff, SA ("Davidoff"), the owner of all trademark rights in the DAVIDOFF mark for fragrances. The Davidoff fragrance line includes the following fragrances: COOL WATER, SILVER SHADOW, COOL WATER DEEP, ZINO, ECHO and RELAX. Davidoff is the owner of various other marks associated with its fragrance brands, for which it owns numerous U.S. trademark registrations. Copies of Davidoff's U.S. trademark registrations are attached as **Attachment A**.

It has recently come to our attention that CVS Corporation ("CVS") has been offering for sale counterfeit and decoded gray market DAVIDOFF COOL WATER fragrances. We filed a lawsuit against CVS in the U.S. District for the Southern District of New York, obtained a temporary restraining order and ascertained through inspection of CVS's inventory that your company was a supplier of such counterfeit and infringing products.

Indeed, we found both counterfeit and decoded products in boxes bearing your company's name and return address, as shown in the photographs annexed as **Attachment B.** Under U.S. law, the distribution and sale of such counterfeit products is unlawful. Specifically, the distribution and sale of such products violates Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as state law. We note that the sale of DAVIDOFF COOL WATER products with effaced product codes was held unlawful and enjoined in *Davidoff & Cie SA v. PLD Int'l Corp.*, 56 U.S.P.Q.2d 1753 (S.D. Fla. 2000), *aff'd*, 263 F.3d 1297, 60 U.S.P.Q.2d 1046 (11th Cir. 2001).

You can frequently detect a counterfeit DAVIDOFF product because the ten digit identifying code on the bottom of the product packaging as well as on the bottom of the product

Mr. Dennis Schnur
Selective Distribution
February 13, 2007
Page 2

itself (the "individual code") is not a unique identifier (in other words, several products will have the very same code number) or because there is no individual code at all and there is no evidence that it has been physically removed or effaced. **Attachment C** to this letter is a photograph of counterfeit product. The products we have found at CVS are 75 ml. DAVIDOFF COOL WATER EDT bearing the bogus individual codes, 0173289680 and 0707283148.

Our client has also encountered gray market product on which the individual code has been physically removed or effaced in order to prevent Davidoff from tracking the source of the product. **Attachment D** are photographs of such altered gray market product found at CVS. On these examples, the individual code was cut off the product packaging and removed from the bottle. The packaging was distressed as a result.

Our client takes the safety and integrity of its products very seriously and will take appropriate legal action against those who are polluting the market with counterfeit and unauthorized gray market DAVIDOFF products. We would, however, like to try to resolve this problem amicably in the first instance. Accordingly, we hereby request that your company:

    (1)    Immediately stop selling DAVIDOFF COOL WATER products with the individual codes 0173289680 and 0707283148, and any DAVIDOFF COOL WATER products that do not have individual production codes on the packaging and bottle, as well as other DAVIDOFF products obtained from the same supplier;

    (2)    Promptly make your entire inventory of DAVIDOFF fragrances available for inspection to us so that we can confirm whether or not the products in your possession are genuine. If they meet either one of the criteria outlined above, the products are almost certainly counterfeit or unlawful gray market products;

    (3)    Promptly cease and desist from selling or offering for sale any counterfeit or unlawful gray market DAVIDOFF products and turn over to us your inventory of such products;

    (4)    Inform us of the name and addresses of your suppliers or sources of any such products that you have purchased or sold;

    (5)    Cooperate with us in pursuing the source(s) of the counterfeits and other infringing products found at your customer's stores or locations, by supplying necessary documents, information and assistance upon request;

    (6)    Provide us with an accounting of the number of such DAVIDOFF products that you have purchased, which suppliers you purchased these products from, the

Mr. Dennis Schnur
Selective Distribution
February 13, 2007
Page 3

  number that you have sold and the amount, if any, you have remaining in
  inventory so that we can negotiate an appropriate monetary settlement; and

(7)  We would further request that you insist upon genuine, authorized product from
  your suppliers and advise us promptly if you are offered any unauthorized
  products in the future now that we have furnished you with tools to identify them.

  If you share our client's interest in resolving this matter amicably, we would appreciate
the courtesy of your written undertaking to comply with each of the above requests <u>within five
business days</u> given the widespread sale of counterfeit and decoded DAVIDOFF COOL
WATER product supplied by your company, which is of grave concern to our client.

  This letter is written without prejudice to our client's rights and remedies, all of which are
expressly reserved.

       Very truly yours,

       Lisa Pearson

LP/ggs

Attachments

US2000:9766540.2

# ATTACHMENT A

Int. Cl.: 3

Prior U.S. Cl.: 51

## United States Patent and Trademark Office

Reg. No. 1,432,571
Registered Mar. 10, 1987

### TRADEMARK
### SUPPLEMENTAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: AFTER SHAVE LOTION, IN CLASS 3 (U.S. CL. 51).

FIRST USE 2-28-1984; IN COMMERCE 7-23-1984.

OWNER OF U.S. REG. NOS. 1,052,564 AND 1,058,684.

SER. NO. 498,992. FILED P.R. 9-12-1984; AM. S.R. 9-10-1985.

MICHELLE S. WISEMAN, EXAMINING AT-TORNEY

Int. Cls.: 3 and 30

Prior U.S. Cls.: 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 1,439,621
Registered May 12, 1987

## TRADEMARK
### SUPPLEMENTAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: TOILET WATER, SHAVING CREAM, AFTER SHAVE, AFTER SHAVE CREAM, MOISTURIZING CONCENTRATE, SHOWER GEL, BODY LOTION, DEODORANT SPRAY, DEODORANT STICK, ANTI-PERSPIRANT, BATH SOAP, PERFUME, HAIR LOTION AND DENTIFRICE , IN CLASS 3 (U.S. CLS. 51 AND 52).

FOR: COFFEE, TEA, SPICE, COCOA, SUGAR, RICE, TAPIOCA, SAGO, FLOUR, BREAD, BISCUITS, CAKES, PASTRY, CANDY AND FLAVORED OR FRUIT ICES, IN CLASS 30 (U.S. CL. 46).

OWNER OF SWITZERLAND REG. NO. 338119, DATED 2-2-1985, EXPIRES 2-2-2005.

SER. NO. 553,140, FILED P.R. 8-12-1985; AM. S.R. 12-18-1985.

MICHAEL HAMILTON, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,735,965
Registered Dec. 1, 1992

### TRADEMARK
### PRINCIPAL REGISTER

## COOL WATER

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOILETTE, AFTERSHAVE LOTION, SKIN ENERGIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6-0-1988; IN COMMERCE 6-6-1989.

SER. NO. 74-185,501, FILED 7-16-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 4, 6, 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,453,815
Registered Aug. 25, 1987

### TRADEMARK
### PRINCIPAL REGISTER

## ZINO DAVIDOFF

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: MEN'S TOILETRIES, NAMELY TOILET SOAPS, BATH SOAPS, PERFUMES, TOILET WATER, SHAVING CREAMS, PRE-SHAVING CREAMS, AFTER SHAVE, DE-ODORANTS (SPRAYS AND STICKS), ANTI-PERSPIRANTS, MOISTURIZING CONCEN-TRATES, BODY LOTIONS, HAIR LOTIONS

AND DENTIFRICES, IN CLASS 3 (U.S. CLS. 4, 6, 51 AND 52).

OWNER OF SWITZERLAND REG. NO. 342749, DATED 10-11-1985, EXPIRES 10-11-2005.

THE NAME "ZINO DAVIDOFF" IS THE NAME OF A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 628,622, FILED 11-4-1986.

GABRIELLE SIMAN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,538,769
Registered May 16, 1989

## TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF EXTENSION SA (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZUG, SWITZERLAND

FOR: FACIAL CLEANER, FACIAL SCRUB, AFTER SHAVE LOTION, BODY LOTION, PERSONAL DEODORANT, SHOWER GEL AND BATH SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 5–26–1987; IN COMMERCE 5–26–1987.

OWNER OF U.S. REG. NOS. 1,432,571, 1,439,621, AND 1,453,815.

THE NAME "ZINO DAVIDOFF" IS THE NAME OF A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 703,366, FILED 12–29–1987.

MICHELLE S. WISEMAN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,735,958
Registered Dec. 1, 1992

### TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOILETTE, AFTERSHAVE LOTION, SKIN ENERGIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6-0-1988; IN COMMERCE 6-6-1989.

OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

SER. NO. 74-153,663, FILED 4-1-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 5

Prior U.S. Cl.: 51

United States Patent and Trademark Office
10 Year Renewal

Reg. No. 876,190
Registered Sep. 2, 1969
Renewal Approved Jan. 29, 1990

## TRADEMARK
## PRINCIPAL REGISTER

## RELAX

DOWBRANDS INC. (DELAWARE COR-
PORATION)
9550 ZIONSVILLE ROAD
INDIANAPOLIS, IN 46268, BY MERGER
WITH LA MAUR, INC. (MINNESOTA
CORPORATION), DBA THE HOUSE
OF STYLE, MINNEAPOLIS, MN

FOR: ANTI-PERSPIRANT AND DEO-
DORANT, IN CLASS 51 (INT. CL. 5).

FIRST USE 9-18-1968; IN COMMERCE
9-18-1968.

SER. NO. 72-305,704, FILED 10-2-1968.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Mar. 13, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,744,198
Registered Jan. 5, 1993

### TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: EAU DE TOILETTE, SHAVING CREAM, AFTERSHAVE LOTION, PRE-ELECTRIC SHAVE LOTION, TOILET SOAP, SKIN LOTION, HAIR LOTION, SHOWER GEL, IN CLASS 3 (U.S. CLS. 51 AND 52).

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 388859, FILED 3-14-1991, REG. NO. 388859, DATED 3-14-1991, EXPIRES 3-14-2011.
OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

SER. NO. 74-153,661, FILED 4-1-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

United States Patent and Trademark Office

Reg. No. 2,609,218
Registered Aug. 20, 2002

TRADEMARK
PRINCIPAL REGISTER

DAVIDOFF

DAVIDOFF & CIE SA (SWITZERLAND COR-
PORATION)
2 RUE DE RIVE
1200 GENEVA, SWITZERLAND

FOR: COSMETICS, NAMELY, EAU DE TOIL-
ETTE, PERFUMES, PRE-SHAVE AND AFTER-
SHAVE PREPARATIONS, SKIN ENERGIZING
TONIC, SHOWER GEL, BODY SOAP, HAIR SHAM-
POO; SUN PROTECTION, AFTER SUN AND TAN-
NING PREPARATION, BODY LOTION, PERSONAL
DEODORANTS AND ANTIPERSPIRANTS, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0-0-1984; IN COMMERCE 0-0-1991.

OWNER OF U.S. REG. NOS. 1,052,564, 1,432,571
AND OTHERS.

SEC. 2(F).

SER. NO. 76-224,810, FILED 3-13-2001.

LOURDES AYALA, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 2,950,263
Registered May 10, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## DAVIDOFF COOL WATER DEEP

ZINO DAVIDOFF SA (SWITZERLAND COR-
PORATION)
RUE FAUCIGNY 5
1700 FRIBOURG, SWITZERLAND

FOR: TOILETRIES, NAMELY, AFTER-SHAVE
LOTION, SKIN ENERGIZER, SKIN TONIC, SHOW-
ER GEL, SHAMPOO, BODY LOTION, PERSONAL
DEODORANTS AND ANTI-PERSPIRANTS, AND
BODY SOAP; PERFUMERY, EAU DE TOILETTE,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-1-2004; IN COMMERCE 9-1-2004.

OWNER OF U.S. REG. NOS. 1,432,571, 2,024,983,
AND OTHERS.

SN 78-310,238, FILED 10-7-2003.

PAUL F. GAST, EXAMINING ATTORNEY

# ATTACHMENT B







4

# DAVIDOFF

LANCASTER GROUP GMBH
RHEINSTRASSE 4E, D-55116 MAINZ
GLOBAL BRAND PROTECTION

eMail: Brand_Protect@cotyinc.com

Original EdTs coded with a serial number have a unique number. Bottlelabel and packaging contain the same 10-digit serial number.

Counterfeits have either NO CODE or the SAME falsified CODE on all boxes (list of fake codes attached).



Counterfeit

Original



Without serial number → counterfeit / parallel import

Codes of bottles and boxes match





Without bottlelabel, serial number, batch code, reference number
→ counterfeit



**TOP:** Counterfeit          **BOTTOM:** Genuine COOL WATER



LEFT: Genuine COOL WATER            RIGHT: Counterfeit

# ATTACHMENT D



Image of Obliterated Production Code on Gray Market DAVIDOFF COOL WATER



Image of Obliterated Production Code on Gray Market DAVIDOFF COOL WATER

**EXHIBIT J**

# Selective
Distribution International, inc.

February 16, 2007

Lisa Pearson, Esq.
Kilpatrick Stockton, LLP
31 West 52nd Street, 14th Floor
New York, New York 10019

Re:    Your File: 56753-340039

**Response Provided For Discussion Purposes and to Indicate Invalidity of Your Claim Only- Non-Evidentiary Pursuant to FRE 408**

Dear Ms. Pearson:

We are in receipt of your letter dated February 13, 2007. By providing this response and information to you, no admissions as to your client's allegations are being acknowledged as this correspondence is for the purposes stated above only.

Be advised that Selective Distribution International, Inc. ("Selective") has never sold any counterfeit product to CVS or to any other party and takes extreme offense to any allegations of wrongdoing.

In fact, Selective prides itself in fighting the scourge of counterfeit in the fragrance industry. Selective and the undersigned are very proactive in this fight, including working with retailers such as CVS to warn them about the possibility of counterfeit reaching their stores. For many years we have and continue to work with law enforcement authorities, including but not limited to, ICE, FBI, DEA, IRS-CI, and several U.S. Attorney's offices, other retailers and manufacturers alike to combat counterfeit.

Notwithstanding the above, be advised that Selective has ceased selling all open stock "Cool Water" products, regardless of size to any parties. Any "Cool Water" and/or "Davidoff" product which may currently be in Selective's possession is product sold *directly* to Selective by Lancaster USA in 2006, and hence there is *no* counterfeit or grey market inventory to turn over to you. Your suggestion that you and/or your client are seeking a monetary settlement for said product is without merit as Selective has never sold counterfeit Cool Water product.

The samples which you depict in your Exhibit "B" were *not* supplied to CVS by Selective. The fact that they were "photographed" on top of shipping cases bearing Selective's name is, in our opinion, a distortion of the facts, and troubling.

North Shore Plaza, 380 North Broadway 2nd Floor, Jericho, New York 11753
516.932.7875 Fax 516.932.9195











# J & H Cosmetics, LTD.
## 58 Eagle Chase
## Woodbury, NY 11797

May 31, 2006

To:    Kalash – Sensational Fragrances Ltd.

From:  Jerry

## Subject: Proforma (2 Shipments)

| Item | Quantity | First | Second | Cost |
|------|----------|-------|--------|------|
| Angel (M) 3.4 oz spray | 720 | 480 | 240 | 37.50 |
| Azzaro Chrome (M) 1.7 oz spray | 1300 | 400 | 900 | 15.25 |
| Azzaro Chrome (M) 3.4 oz spray | 1800 | 900 | 900 | 20.25 |
| JPG (M) 2.5 oz spray | 624 | 192 | 432 | 33.00 |
| JPG (M) 4.2 oz spray | 624 | 176 | 448 | 43.50 |
| JPG (L) 1.7 oz spray | 216 | | 216 | 36.00 |
| JPG (L) 3.4 oz spray | 450 | 120 | 330 | 45.50 |
| Issey Miyake (M) 2.5 oz spray | 680 | 240 | 440 | 32.50 |
| Issey Miyake (M) 4.2 oz spray | 780 | 360 | 420 | 43.00 |
| Issey Miyake (L) 3.4 oz spray | 420 | 120 | 300 | 45.50 |
| Issey Miyake (L) 1.7 oz spray | 420 | 120 | 300 | 36.00 |
| Black Code (M) 2.5 oz spray | 360 | 360 | | 37.25 |
| Drakkar (M) 3.4 oz spray | 1800 | | 1800 | 21.25 |
| Drakkar (M) 1.7 oz spray | 1800 | | 1800 | 15.50 |
| Cool Water (M) 2.5 oz spray | 1200 | 1200 | | 12.65 (with Codes) |
| Cool Water (M) 1.4 oz spray | 1200 | 1200 | | 8.25 (with Codes) |

Addition goods available will advise

Regards,

Jerry

Tel: (516) 921 6577                    Fax: (516) 921 6719

# EXHIBIT "B"

Kenneth N. Wolf (KW 0598)
Edward M. Joffe (Fla Bar No. 314242)*
**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Plaintiff
551 Fifth Ave., Suite 1100
New York, NY 10176
(212) 883-1300
*kwolf@strtrade.com*

\* Not admitted in NY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

ZINO DAVIDOFF SA,

               Plaintiff,

v.

SELECTIVE DISTRIBUTION INTERNATIONAL INC.,     07 Civ. 10326 (PAC)
 DIAMOND GROUP, INC., J&H COSMETICS, LTD.,
and HELENE SCHMELTZER and GERALD
SCHMELTZER, individually
and doing business as
J&S MERCHANDISING and JERRYBOY57,

               Defendants,

_____

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,

               Third-Party Plaintiff,

v.

JEFFREY PARKER D/B/A/ DIAMOND GROUP INC.

               Third Party Defendant,

_____/

## SELECTIVE DISTRIBUTION'S ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND JURY DEMAND

### I.
### ANSWER

Comes now the Defendant, Selective Distribution International, Inc. ("SDI"), by and through its undersigned counsels, and hereby files its answer to Zino Davidoff ("Davidoff"), Amended Complaint and states as follows:

### SUBSTANCE OF THE ACTION

1.    SDI denies the allegations contained in paragraph 1 of the Amended Complaint as they pertain to SDI, and denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to defendants (collectively "Non-SDI Defendants"), Diamond Group, Inc. ("Diamond"), J&H Cosmetics, Inc. ("J&H"), Helen Schmeltzer, Gerald Schmeltzer, J&S Merchandising ("J&S" and Jerryboy57 ("Jerryboy")).

2.    SDI denies the allegations contained in paragraph 2 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

### JURISDICTION AND VENUE

3.    SDI admits the allegations contained in paragraph 3 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

4.    SDI admits the allegations contained in paragraph 3 of the Amended Complaint as they pertain to SDI, denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

## THE PARTIES

5.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Amended Complaint.

6.    SDI denies the allegations contained in the last sentence in paragraph 6.    In further response, SDI admits the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.    SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

8.    SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

9.    SDI denies the allegations for lack of information sufficient to form a belief as to the truth thereof.

## FACTS SUPPORTING ZINO DAVIDOFF'S REQUEST FOR RELIEF

10.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint.

11.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint.

3

13.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint.

16.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Amended Complaint.

17.    The pleadings and court orders in the referenced action speak for themselves. In further response, SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.    SDI denies the allegations contained in paragraph 18 of the Amended Complaint.

19.    SDI denies the allegations contained in paragraph 19 of the Amended Complaint.

20.    Admits as to the date of filing and accuracy of quotation.

21.    Admits as to the date of filing and accuracy of quotation.

22.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint.

23.    SDI denies the allegations contained in paragraph 23 of the Amended Complaint as they pertain to SDI, and denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

24.    SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25.    SDI denies the allegations contained in paragraph 25 of the Amended Complaint.

4

26.     SDI denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     SDI denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     SDI denies the allegations contained in paragraph 28 of the Amended Complaint. In further response, any communications for SDI as for settlement purposes only.

29.     Admits as to impleader and avers that the pleading speaks for itself.

30.     SDI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.     SDI denies the allegations contained in paragraph 23 of the Amended Complaint as they pertain to SDI and any implications or inference that its actions were unlawful. SDI denies for lack of information sufficient to form a belief as to the truth of the allegations as they pertain to the Non-SDI Defendants.

32.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 34 of the Amended Complaint.

35.    SDI denies the allegations contained in paragraph 35 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1144)**

36.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 35 of the Amended Complaint as if the same were fully set forth at length herein.

37.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 37 of the Amended Complaint.

38.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 40 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT
WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
(15 U.S.C. §1144)**

41.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 40 of the Amended Complaint as if the same were fully set forth at length herein..

42.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 42 of the Amended Complaint.

43.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 43 of the Amended Complaint.

44.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 44 of the Amended Complaint.

45.    SDI denies the allegations contained in paragraph 45 of the Amended Complaint.

46.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 46 of the Amended Complaint.

47.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

7

responsive pleading may be required, SDI denies the allegations contained in paragraph 47 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))

48.      SDI repeats and incorporates by reference its responses to Paragraphs 1 through 47 of the Amended Complaint as if the same were fully set forth at length herein.

49.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 49 of the Amended Complaint.

50.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 50 of the Amended Complaint.

51.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 51 of the Amended Complaint.

52.      The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 52 of the Amended Complaint.

53.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 53 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES (15 U.S.C. §1125(a))**

54.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 53 of the Amended Complaint as if the same were fully set forth at length herein.

55.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 55 of the Amended Complaint.

56.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 56 of the Amended Complaint.

57.    SDI denies the allegations contained in paragraph 57 of the Amended Complaint for lack of information sufficient to form a belief as to the truth of the allegations.

58.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 58 of the Amended Complaint.

9

59.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 59 of the Amended Complaint.

60.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 60 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES
### (15 U.S.C. §1125(c))

61.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 60 of the Amended Complaint as if the same were fully set forth at length herein.

62.    SDI denies the allegations contained in paragraph 62 of the Amended Complaint.

63.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 63 of the Amended Complaint.

64.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 64 of the Amended Complaint.

65.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 65 of the Amended Complaint.

66.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 66 of the Amended Complaint.

67.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 67 of the Amended Complaint.

68.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 68 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES AND DECODED DAVIDOFF COOL WATER FRAGRANCES

69.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 68 of the Amended Complaint as if the same were fully set forth at length herein.

70.    SDI denies the allegations contained in paragraph 70 of the Amended Complaint.

71.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 71 of the Amended Complaint.

72.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 72 of the Amended Complaint.

73.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 73 of the Amended Complaint.

74.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 74 of the Amended Complaint.

75.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 75 of the Amended Complaint.

## SEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES

76.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 75 of the Complaint as if the same were fully set forth at length herein.

77.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

responsive pleading may be required, SDI denies the allegations contained in paragraph 77 of the Amended Complaint.

78.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 78 of the Amended Complaint.

79.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 79 of the Amended Complaint.

80.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 80 of the Amended Complaint.

81.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 81 of the Amended Complaint.

### EIGHTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED DAVIDOFF COOL WATER FRAGRANCES

82.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 81 of the Amended Complaint as if the same were fully set forth at length herein.

83.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a

13

responsive pleading may be required, SDI denies the allegations contained in paragraph 83 of the Amended Complaint.

84.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 84 of the Amended Complaint.

85.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 85 of the Amended Complaint.

86.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 86 of the Amended Complaint.

87.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 87 of the Amended Complaint.

88.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 88 of the Amended Complaint.

14

**NINTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES
WITH RESPECT TO COUNTERFEIT DAVIDOFF COOL WATER FRAGRANCES
AND DECODED DAVIDOFF COOL WATER FRAGRANCES**

89.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 88 of the Amended Complaint as if the same were fully set forth at length herein.

90.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 90 of the Amended Complaint.

91.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 91 of the Amended Complaint.

92.    The paragraph is comprised in whole or in part of legal argumentation and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, SDI denies the allegations contained in paragraph 92 of the Amended Complaint.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Davidoff complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

15

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which SDI purchased and sold, were supplied to SDI's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are precluded by its acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool water fragrance products, which SDI purchased and sold, were supplied to SDI's vendor, Diamond Group, Inc., by distributors authorized by plaintiff to sell said products. Accordingly, to the extent that products provided by agents of plaintiff are found to infringe, plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff alleges that the removal of production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Cool Water fragrance products through distribution channels not authorized by plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any rights of plaintiff and is perfectly legal. Plaintiff is seeking to prevent removal of its production codes for an improper purpose and consequently is using its trademarks in violation of the antitrust laws and as a restraint of trade.

**WHEREFORE**, SDI respectfully requests entry of an order dismissing Davidoff's Amended Complaint and awarding to SDI its attorneys fees, costs and expenses and such other additional relief as to the Court seems appropriate and just.

### III.
### CROSS-CLAIM AGAINST
### DIAMOND GROUP INC.

NOW COMES SELECTIVE DISTRIBUTION INTERNATIONAL, INC. ("SDI"), by and through its undersigned attorneys, and for its Cross-Claim and against DIAMOND GROUP INC. ("Diamond Group") hereby states as follows:

1.    Plaintiff, Zino Davidoff, SA has filed an Amended Complaint against inter alia SDI.

2.    Diamond Group is a business entity with its principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts 02458.

3.    Any and all Davidoff Cool Water fragrance products which SDI sold to CVS were purchased by SDI from Diamond Group.

4.    At all times relevant to this litigation, Diamond Group was a merchant regularly dealing in fragrance products. Pursuant to Section 2-312 of the Uniform Commercial Code, applicable in all jurisdictions relevant to this litigation, Diamond Group warranted that the Cool Water fragrance products it delivered to SDI, were free of the rightful claim of any third person by way of infringement or the like.

5.    In the event that a trier of fact determines that plaintiff has a rightful claim by way of infringement or the like, such determination will be a breach of the warranty made by Diamond Group to SDI and entitle SDI to all remedies allowable at law including, but not

17

limited to, the remedies provided for in Sections 2-714 and 2-715 of the applicable Uniform Commercial Code.

**WHEREFORE**, Selective Distribution prays for a judgment against Diamond Group Inc. awarding SDI all monies and any other relief to which it may be entitled.

### IV.

### CROSS-CLAIM AGAINST DEFENDANTS DIAMOND GROUP INC. J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57

NOW COMES SELECTIVE DISTRIBUTION INTERNATIONAL, INC. ("SDI"), by and through its undersigned attorneys, and for its cross-claim against Diamond Group Inc. ("Diamond"), J&H Costmetics, Ltd. (J&H), Helene Schmeltzer and Gerald Schmeltzer (collectively "the Schmeltzers"), J&S Merchandising and JerryBoy57, hereby states as follows:

1.     Plaintiff, Zino Davidoff, SA has filed an amended complaint against SDI, Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers.

2.     Diamond is a business entity with its principal place of business located at One Gateway Center, Suite 812 Newton, Massachusetts 02458.

3.     Upon information and belief, Defendant J&H is a corporation organized and existing under the laws of New York, with its place of business located at 58 Eagle Chase, Woodbury, New York 11797. Upon information and belief, J&H sells fragrances and other products to retailers, distributors and consumers throughout the United States and does business in this District. Upon information and belief, J&H has direct involvement, participation and a financial interest in, as well as supervision over, its unlawful acts as complained of herein.

4.     Upon information and belief, Defendants Helene Schmeltzer and Gerald

18

Schmeltzer are individuals residing at 58 Eagle Chase, Woodbury, New York 11797.

5.      Upon information and belief, the Schmeltzers are principals in and control J&H's operations, and also sell fragrances through eBay.com using an eBay store named J&S Merchandising and the eBay seller name "jerryboy57."

6.      Upon information and belief, defendants J&H, J&S Merchandising and the eBay username JerryBoy57 function as part of a single business enterprise for the retail of perfumes and fragrances including the DAVIDOFF COOL WATER Fragrances at issue in this litigation.

7.      Any and all Davidoff Cool Water fragrance products which SDI sold to CVS were purchased by SDI from Diamond Group.

8.      J&H provided the "Davidoff Cool Water Fragrance products whish are subject to the underlying litigation" to Diamond who then sold them to SDI.

9.      In the event that a trier of fact determines that plaintiff has a rightful claim by way of infringement or the like, such determination will of necessity find that the offending products sold by SDI were sourced "up the line" by Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers. Therefore, SDI is entitled to indemnity and/or contribution from Diamond, J&H, J&S Merchandising, Jerryboy57 and the Schmeltzers as to any judgment for which it may be found liable.

**WHEREFORE**, Selective Distribution prays for a judgment against, Diamond Group, Inc., J&H Cosmetics, Ltd., Helene Schmeltzer and Gerald Schmeltzer, individually and doing business as J&S Merchandising and Jerryboy57 Inc. awarding Selective Distribution Inc., all monies and any other relief to which it may be entitled.

## CONCLUSION

**WHEREFORE,** SDI respectfully demands entry of an order: (1) dismissing Davidoff's Amended Complaint; (2) in the event that a verdict or judgment is recovered against SDI by Davidoff, that SDI have judgment over and against the defendants in cross-claim for the same amount, together with the costs and disbursement of this action and attorneys fees incurred in its defense; (3) such other and further relief as this Court deems just and appropriate, including SDI's costs, expenses and attorney's fees.

## DEMAND FOR JURY TRIAL

Selective Distribution Inc., demands trial by jury on all issues so triable.

Dated : New York, New York, May 27, 2008.

Respectfully submitted,
By:     /s/ Kenneth N. Wolf
Kenneth Wolf (KW 0598)

**SANDLER, TRAVIS & ROSENBERG, P.A.**
Attorneys for Selective Distribution,
*Selective Distribution International, Inc.*
551 Fifth Avenue, Suite 1100
New York, NY 10176
Tel: 212-883-1300
Fax: 212-883-0068
kwolf@strtrade.com

Edward M. Joffe, *Of Counsel\**
Florida Bar No. 314242
**SANDLER, TRAVIS & ROSENBERG, P.A.**
The Waterford - Suite 600
5200 Blue Lagoon Drive
Miami, Florida 33126
Tel.     (305) 267-9200
Fax     (305) 267-5155
Email:  ejoffe@strtrade.com

\*Not admitted in New York; pro hac vice application to be submitted

20