UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ZINO DAVIDOFF SA,                                            )           Civil Action No.
                                                             )           07 Civ. 10326 (PAC)(MHD)
                                          Plaintiff,         )
                                                             )
                          - against -                        )
                                                             )
SELECTIVE DISTRIBUTION INTERNATIONAL                         )
INC., DIAMOND GROUP, INC., J&H COSMETICS,                    )
LTD., and HELENE SCHMELTZER and GERALD                       )
SCHMELTZER, individually and doing business as J&S           )
MERCHANDISING and JERRYBOY57,                                )
                                                             )
                                        Defendants.          )

------------------------------------------------------------------------x

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,                  )
                                                             )
                          Third-Party Plaintiff,             )
                                                             )
                          -against-                          )
                                                             )
DIAMOND GROUP INC.,                                          )
                                                             )
                          Third-Party Defendant/             )
                          Third-Party Plaintiff,             )
                                                             )
                          -against-                          )
                                                             )
J&H COSMETICS, LTD.,                                         )
                                                             )
                          Third-Party Defendant.             )

------------------------------------------------------------------------x

J&H COSMETICS, LTD., and HELENE SCHMELTZER and
GERALD SCHMELTZER, individually and doing
business as J&S MERCHANDISING and JERRYBOY57'S
ANSWER and AFFIRMATIVE DEFENSES TO AMENDED
COMPLAINT OF ZINO DAVIDOFF, SA;

J&H COSMETICS, LTD., and HELENE SCHMELTZER and
GERALD SCHMELTZER, individually and doing
business as J&S MERCHANDISING and JERRYBOY57'S
ANSWER and AFFIRMATIVE DEFENSES TO CROSS-CLAIM
OF SELECTIVE DISTRIBUTION INTERNATIONAL, INC.;

J&H COSMETICS, LTD., and HELENE SCHMELTZER and
GERALD SCHMELTZER, individually and doing
business as J&S MERCHANDISING and JERRYBOY57'S
ANSWER and AFFIRMATIVE DEFENSES TO CROSS-CLAIM
OF DIAMOND GROUP, INC.

AND JURY DEMAND

ANSWER TO AMENDED COMPLAINT OF ZINO DAVIDOFF SA

Defendants, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 ("J&H parties" collectively), by their attorneys, SOMER & HELLER LLP, only as to the allegations made against the J&H parties, on the basis of information and belief, as follows:

1.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of paragraph 1 of the Amended Complaint and leaves Plaintiff to its proof.  Deny the allegations in the remainder of paragraph 1 as they pertain to the J&H parties and deny knowledge or information sufficient to form a belief as they pertain to the remaining Defendants.

2.    Deny the allegations contained in paragraph 2 of the Amended Complaint as they pertain to the J&H parties and Deny knowledge or information sufficient to form a belief as to the allegations that pertain to the remaining Defendants.

3.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Amended Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Amended Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Amended Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Complaint.

7.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint.

8.     Admit the allegations contained in paragraph 8 of the Amended Complaint to the extent of J&H's location and type of business; deny all allegations in the remainder of paragraph 8 as it relates to unlawful acts.

9.     Admits the allegations contained in the first sentence of paragraph 9 of the Amended Complaint; deny all allegations in the remainder of paragraph 9.

10.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Amended Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Amended Complaint and avers that the pleadings in the referenced action speak for themselves.

21.     Admit the allegations contained in paragraph 21 of the Amended Complaint as to impleader and aver that the pleadings in the referenced action speak for themselves.

22.     Deny the allegations contained in paragraph 22 of the Amended Complaint.

23.     Deny the allegations contained in paragraph 23 of the Amended Complaint as they pertain to the J&H parties and deny knowledge or information sufficient to form a belief as to the allegations as they pertain to the remaining Defendants.

24.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Amended Complaint.

26.     Deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     Deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Amended Complaint.

29.     Admit the allegations contained in paragraph 29 of the Amended Complaint as to impleader and aver that the pleadings in the referenced action speak for themselves.

30.     Deny the allegations contained in paragraph 30 of the Amended Complaint.

31.     Deny the allegations contained in paragraph 31 of the Amended Complaint as they pertain to J&H and any implications or inference that its actions were unlawful; deny knowledge or information to form a belief as to the allegations as they pertain to the remaining Defendants.

32.     The allegations contained in paragraph 32 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     The allegations contained in paragraph 33 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 33 of the Amended Complaint.

34.     The allegations contained in paragraph 34 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 34 of the Amended Complaint.

35.     Deny the allegations contained in paragraph 35 of the Amended Complaint.

36.    The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 35 of the Amended Complaint as if the same were fully set forth at length herein.

37.    The allegations contained in paragraph 37 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 37 of the Amended Complaint.

38.    The allegations contained in paragraph 38 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 38 of the Amended Complaint.

39.    The allegations contained in paragraph 39 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 39 of the Amended Complaint.

40.    The allegations contained in paragraph 40 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 40 of the Amended Complaint.

41.    The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 40 of the Amended Complaint as if the same were fully set forth at length herein.

42.    The allegations contained in paragraph 42 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 42 of the Amended Complaint.

43.    The allegations contained in paragraph 43 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 43 of the Amended Complaint.

44.    The allegations contained in paragraph 44 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 44 of the Amended Complaint.

45.    The allegations contained in paragraph 45 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 45 of the Amended Complaint.

46.    The allegations contained in paragraph 46 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 46 of the Amended Complaint.

47.    The allegations contained in paragraph 47 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 47 of the Amended Complaint.

48.     The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 47 of the Amended Complaint as if the same were fully set forth at length herein.

49.     The allegations contained in paragraph 49 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     The allegations contained in paragraph 50 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     The allegations contained in paragraph 51 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     The allegations contained in paragraph 52 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 52 of the Amended Complaint.

53.     The allegations contained in paragraph 53 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 53 of the Amended Complaint.

54.     The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 53 of the Amended Complaint as if the same were fully set forth at length herein.

55.     The allegations contained in paragraph 55 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     The allegations contained in paragraph 56 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     The allegations contained in paragraph 57 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 57 of the Amended Complaint.

58.     The allegations contained in paragraph 58 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     The allegations contained in paragraph 59 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 59 of the Amended Complaint.

60.    The allegations contained in paragraph 60 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 60 of the Amended Complaint.

61.    The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 60 of the Amended Complaint as if the same were fully set forth at length herein.

62.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Amended Complaint.

63.    The allegations contained in paragraph 63 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 63 of the Amended Complaint.

64.    The allegations contained in paragraph 64 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 64 of the Amended Complaint.

65.    The allegations contained in paragraph 65 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 65 of the Amended Complaint.

66.    The allegations contained in paragraph 66 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 66 of the Amended Complaint.

67.     The allegations contained in paragraph 67 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 67 of the Amended Complaint.

68.     The allegations contained in paragraph 68 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 68 of the Amended Complaint.

69.     The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 68 of the Amended Complaint as if the same were fully set forth at length herein.

70.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Amended Complaint.

71.     The allegations contained in paragraph 71 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 71 of the Amended Complaint.

72.     The allegations contained in paragraph 72 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 72 of the Amended Complaint.

73.    The allegations contained in paragraph 73 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 73 of the Amended Complaint.

74.    The allegations contained in paragraph 74 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 74 of the Amended Complaint.

75.    The allegations contained in paragraph 75 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 75 of the Amended Complaint.

76.    The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 75 of the Amended Complaint as if the same were fully set forth at length herein.

77.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Amended Complaint.

78.    The allegations contained in paragraph 78 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 78 of the Amended Complaint.

79.    The allegations contained in paragraph 79 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 79 of the Amended Complaint.

80.    The allegations contained in paragraph 80 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 80 of the Amended Complaint.

81.    The allegations contained in paragraph 81 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 81 of the Amended Complaint.

82.    The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 81 of the Amended Complaint as if the same were fully set forth at length herein.

83.    The allegations contained in paragraph 83 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 83 of the Amended Complaint.

84.    The allegations contained in paragraph 84 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 84 of the Amended Complaint.

85.    The allegations contained in paragraph 85 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 85 of the Amended Complaint.

86.     The allegations contained in paragraph 86 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 86 of the Amended Complaint.

87.     The allegations contained in paragraph 87 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 87 of the Amended Complaint.

88.     The allegations contained in paragraph 88 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 88 of the Amended Complaint.

89.     The J&H parties repeat and incorporate by reference their responses to paragraphs 1 through 88 of the Amended Complaint as if the same were fully set forth at length herein.

90.     The allegations contained in paragraph 90 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 90 of the Amended Complaint.

91.     The allegations contained in paragraph 91 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

14

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 91 of the Amended Complaint.

92.    The allegations contained in paragraph 92 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 92 of the Amended Complaint.

93.    The J&H parties repeat and incorporate by reference their  responses to paragraphs 1 through 92 of the Amended Complaint as if the same were fully set forth at length herein.

94.    The allegations contained in paragraph 94 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 94 of the Amended Complaint.

95.    The allegations contained in paragraph 95 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 95 of the Amended Complaint.

96.    The allegations contained in paragraph 96 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 96 of the Amended Complaint.

97.    The allegations contained in paragraph 97 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 97 of the Amended Complaint.

98.     The allegations contained in paragraph 98 of the Amended Complaint are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 98 of the Amended Complaint.

AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AS AGAINST J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as against J&H Cosmetics, Ltd.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as against HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as against GERALD SCHMELTZER individually and doing business as J&S MERCHANDISING and JERRYBOY57.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

16

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff unduly delayed giving notice to the trade or to the J&H parties as to the likely or actual presence of alleged counterfeit products in the market. Therefore, Plaintiff acquiesced in the distribution and sale of these produces and prevented the J&H parties from having knowledge that the alleged counterfeit products were in the market.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Zino Davidoff, Coty, Inc. and/or Lancaster USA, in its ordinary course of business practice directly supply third parties with non-coded folding cartons for product repackaging and/or redress.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool Water fragrance products, which the J&H parties purchased and sold, were supplied to the J&H parties by distributors authorized by Plaintiff to sell said products. Accordingly, to the extent that products provided by agents of Plaintiff are found to infringe, Plaintiff's claims are precluded by its acquiescence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, any and all Davidoff Cool Water fragrance products, which the J&H parties purchased and sold, were supplied to the J&H parties by distributors authorized by Plaintiff to sell said products. Accordingly, to the extent that products provided by agents of Plaintiff are found to infringe, Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff alleges that the removal of production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation

is pretext and the principal reason for tracing products is to prevent distribution of Cool Water fragrance products through distribution channels not authorized by Plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any rights of Plaintiff and is perfectly legal. Plaintiff seeks to prevent removal of its production codes for an improper purpose and consequently is using its trademark in violation of the anti-trust laws and as a restraint of trade.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The sale of so-called "decoded" products which are otherwise genuine is not unlawful.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

No act or conduct by the J&H parties has caused injury or damage to Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The J&H parties presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, the J&H parties demand judgment dismissing Plaintiff's Amended Complaint and awarding the J&H parties their attorneys' fees, costs, expenses and such other additional relief as to the court deems just and proper.


## ANSWER TO CROSS-CLAIM OF
## SELECTIVE DISTRIBUTION INTERNATIONAL, INC.

Defendants, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 ("J&H parties" collectively), by their attorneys, SOMER & HELLER LLP, hereby file their Answer

18

to the Cross-Claim of Selective Distribution International, Inc. ("SDI") against the J&H parties on the basis of information and belief, as follows:

99.    Deny the allegations contained in paragraph 1 of SDI's Cross-Claim to the extent that it states that J&S MERCHANDISING, JERRYBOY57 and THE SCHMELTER'S are distinct and separate parties in this action.  Plaintiff's Amended Complaint names J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57.

100.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of SDI's Cross-Claim.

101.    Admit the allegations contained in paragraph 3 of SDI's Cross-Claim to the extent of J&H's location and type of business; deny the remainder of paragraph 3 as it relates to unlawful acts.

102.    Admit the allegations contained in paragraph 4 of SDI's Cross-Claim.

103.    Deny the allegations contained in paragraph 5 of SDI's Cross-Claim.

104.    Deny the allegations contained in paragraph 6 of SDI's Cross-Claim.

105.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of SDI's Cross-Claim.

106.    Deny the allegations contained in paragraph 8 of SDI's Cross-Claim.

107.    The allegations contained in paragraph 9 of SDI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J& H parties deny the allegations contained in paragraph 9 of SDI's Cross-Claim.

AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF
SELECTIVE DISTRIBUTION INTERNATIONAL, INC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SDI's Cross-Claim fails to state a claim upon which relief may be granted as against J&H COSMETICS, LTD.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SDI's Cross-Claim fails to state a claim upon which relief may be granted as against GERALD SCHMELTZER individually and doing business as J&S MERCHANDISING AND JERRYBOY57.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SDI's Cross-Claim fails to state a claim upon which relief may be granted as against HELENE SCHMELTZER individually and doing business as J&S MERCHANDISING AND JERRYBOY57.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, all Zino Davidoff products which the J&H parties purchased and sold were supplied to those who supplied the J&H parties by Zino Davidoff or authorized distributors of Zino Davidoff. Therefore, to the extent that products provided by the parties which may have passed through to the J&H parties are in fact found to infringe, Zino Davidoff's claims and all cross-claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Zino Davidoff unduly delayed notifying the trade as to the presence of alleged infringing products in the market and thus acquiesced in the distribution and resale of these products and withheld information from the J&H parties and others.

20

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Zino Davidoff, Coty, Inc. and/or Lancaster USA, in its ordinary course of business practice directly supply third parties with non-coded folding cartons for product repackaging and/or redress.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and all cross-claims are barred under the doctrine of waiver, laches and/or estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Zino Davidoff, S.A. alleges that the removal of a production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Davidoff Cool Water fragrance products through distribution channels not authorized by Plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any of Plaintiff's rights and is not unlawful. Plaintiff is attempting to prevent removal of its production codes for an improper purpose and is consequently using its trademarks in violation of antitrust laws and as a restraint of trade.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

No act or conduct by the J&H parties has caused injury or damage to Plaintiff or Third Party Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The DAVIDOFF COOL WATER fragrances at issue in this litigation were not sold and/or distributed by J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE

SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

If it be determined that J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57, did sell and/or distribute the DAVIDOFF COOL WATER fragrances at issue in this case, the acts alleged by Plaintiff were not the acts of J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57, but rather the acts of SELECTIVE DISTRIBUTION INTERNATIONAL, INC. and/or DIAMOND GROUP, INC. after said products left J&H COSMETICS, LTD., and/or HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57's possession.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The J&H parties presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available.  Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 demand judgment dismissing SELECTIVE DISTRIBUTION INTERNATIONAL, INC.'s Cross-Claim as against J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 with prejudice and awarding J&H COSMETICS, LTD., and HELENE SCHMELTZER and

GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 their attorneys' fees, costs and expenses and such other additional relief as this court deems just and proper.

## ANSWER TO CROSS-CLAIM OF
## DIAMOND GROUP, INC.

Defendants, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 ("J&H parties" collectively), by their attorneys, SOMER & HELLER LLP, hereby files its Answer to the Cross-Claim of Diamond Group, Inc. ("DGI") against the J&H parties on the basis of information and belief, as follows:

108.    Deny the allegations contained in paragraph 104 of DGI's Cross-Claim to the extent that it states that the Schmeltzers, J&S and Jerryboy57 are distinct and separate parties in this action. Plaintiff's Amended Complaint and DGI's Third Party Complaint name J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57; with regard to the remainder of DGI's allegations, the pleadings speak for themselves.

109.    Deny the allegations contained in paragraph 105 of DGI's Cross-Claim to the extent that it states that the Schmeltzers, J&S and Jerryboy57 are distinct and separate parties in this action. Plaintiff's Amended Complaint and DGI's Third Party Complaint name J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57; with regard to the remainder of DGI's allegations, the pleadings speak for themselves.

110.    Deny the allegations contained in paragraph 106 of DGI's Cross-Claim to the extent that it states that the Schmeltzers, J&S and Jerryboy57 are distinct and separate parties in this action. Plaintiff's Amended Complaint and DGI's Third Party Complaint name J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57; with regard to the remainder of DGI's allegations, the pleadings speak for themselves.

111.    Admit the allegations contained in paragraph 107 of DGI's Cross-Claim.

112.    Admit the allegations contained in paragraph 108 of DGI's Cross-Claim to the extent that J&H COSMETICS, LTD. is in the business of purchasing and selling fragrance products; denies the remainder of paragraph 108 of DGI's Cross-Claim.

113.    Admit the allegations contained in paragraph 109 of DGI's Cross-Claim to the extent of the location of residence of Gerald Schmeltzer and Helene Schmeltzer; deny the remainder of paragraph 109 of DGI's Cross-Claim.

114.    Deny the allegations contained in paragraph 110 of DGI's Cross-Claim.

115.    Deny the allegations contained in paragraph 111 of DGI's Cross-Claim.

116.    Deny the allegations contained in paragraph 112 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. Plaintiff's Amended Complaint and DGI's Third Party Complaint name J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57; with regard to the remainder of the allegations in paragraph 112 of DGI's Cross-Claim, deny knowledge or information sufficient to form a belief.

117.    Deny the allegations contained in paragraph 113 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. Plaintiff's Amended Complaint and DGI's Third Party Complaint name J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57; with regard to the remainder of the allegations in paragraph 113 of DGI's Cross-Claim, denies knowledge or information sufficient to form a belief.

118.    The allegations contained in paragraph 114 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 114 of DGI's Cross-Claim.

119.    Deny the allegations contained in paragraph 115 of DGI's Cross-Claim.

120.    Admit the allegations contained in paragraph 116 of DGI's Cross-Claim to the extent that J&H has sold and delivered to DGI Davidoff Cool Water fragrance products; deny the remainder of the allegations contained in paragraph 116 of DGI's Cross-Claim.

121.    Deny the allegations contained in paragraph 117 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. The allegations contained in paragraph 117 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 117 of DGI's Cross-Claim.

122.    The J&H parties repeat and incorporate by reference their responses to paragraphs 108 through 121 herein as if the same were fully set forth at length herein.

123.     Admit the allegations contained in paragraph 119 of DGI's Cross-Claim to the extent that J&H deals in fragrance products; deny the remainder of the allegations contained in paragraph 119 of DGI's Cross-Claim.

124.     The allegations contained in paragraph 120 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 120 of DGI's Cross-Claim.

125.     Deny the allegations contained in paragraph 121 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. The allegations contained in paragraph 121 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 121 of DGI's Cross-Claim.

126.     The J&H parties repeat and incorporate by reference their responses to paragraphs 108 through 125 herein as if the same were fully set forth at length herein.

127.     Deny the allegations contained in paragraph 123 of DGI's Cross-Claim to the extent that it states that the Schmelter's and Jerryboy57 are distinct and separate parties in this action.  The allegations contained in paragraph 123 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 123 of DGI's Cross-Claim.

128.     Deny the allegations contained in paragraph 124 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. The allegations contained in paragraph 124 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 124 of DGI's Cross-Claim.

129.     The J&H parties repeat and incorporate by reference their responses to paragraphs 108 through 128 of the Amended Complaint as if the same were fully set forth at length herein.

130.     Deny the allegations contained in paragraph 126 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. The allegations contained in paragraph 126 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 126 of DGI's Cross-Claim.

131.     Deny the allegations contained in paragraph 127 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action. The allegations contained in paragraph 127 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 127 of DGI's Cross-Claim.

132.     The allegations contained in paragraph 128 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading

is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 128 of DGI's Cross-Claim.

133.    The J&H parties repeat and incorporate by reference their responses to paragraphs 108 through 132 of the Amended Complaint as if the same were fully set forth at length herein.

134.    Deny the allegations contained in paragraph 130 of DGI's Cross-Claim to the extent that it states that the Schmelter's and Jerryboy57 are distinct and separate parties in this action.  The allegations contained in paragraph 130 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 130 of DGI's Cross-Claim.

135.    Deny the allegations contained in paragraph 131 of DGI's Cross-Claim to the extent that it states that the Schmelter's, J&S and Jerryboy57 are distinct and separate parties in this action.  The allegations contained in paragraph 131 of DGI's Cross-Claim are comprised in whole or in part of legal arguments and/or conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, the J&H parties deny the allegations contained in paragraph 131 of DGI's Cross-Claim.

### AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF DIAMOND GROUP, INC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

DGI's Cross-Claim fails to state a claim upon which relief may be granted as against J&H COSMETICS, LTD.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

DGI's Cross-Claim fails to state a claim upon which relief may be granted as against GERALD SCHMELTZER individually and doing business as J&S MERCHANDISING AND JERRYBOY57.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

DGI's Cross-Claim fails to state a claim upon which relief may be granted as against HELENE SCHMELTZER individually and doing business as J&S MERCHANDISING AND JERRYBOY57.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, all Zino Davidoff products which the J&H parties purchased and sold were supplied to those who supplied the J&H parties by Zino Davidoff or authorized distributors of Zino Davidoff.  Therefore, to the extent that products provided by the parties which may have passed through to the J&H parties are in fact found to infringe, Zino Davidoff's claims and all cross-claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Zino Davidoff unduly delayed notifying the trade as to the presence of alleged infringing products in the market and thus acquiesced in the distribution and resale of these products and withheld information from the J&H parties and others.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Zino Davidoff, Coty, Inc. and/or Lancaster USA, in its ordinary course of business practice directly supply third parties with non-coded folding cartons for product repackaging and/or redress.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and all cross-claims are barred under the doctrine of waiver, laches and/or estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Zino Davidoff, S.A. alleges that the removal of a production code interferes with its anti-counterfeiting, quality control and anti-theft programs by hindering its ability to trace the products. This allegation is pretext and the principal reason for tracing products is to prevent distribution of Davidoff Cool Water fragrance products through distribution channels not authorized by Plaintiff. Distribution of genuine fragrance products through unauthorized sources is not an infringement of any of Plaintiff's rights and is not unlawful.  Plaintiff is attempting to prevent removal of its production codes for an improper purpose and is consequently using its trademarks in violation of antitrust laws and as a restraint of trade.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

No act or conduct by the J&H parties has caused injury or damage to Plaintiff or Third Party Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The DAVIDOFF COOL WATER fragrances at issue in this litigation were not sold and/or distributed by J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

If it be determined that J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and

JERRYBOY57, did sell and/or distribute the DAVIDOFF COOL WATER fragrances at issue in this case, the acts alleged by Plaintiff were not the acts of J&H COSMETICS, LTD., or GERALD SCHMELTZER and HELENE SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57, but the acts of SELECTIVE DISTRIBUTION INTERNATIONAL, INC. and/or DIAMOND GROUP, INC. after said products left J&H COSMETICS, LTD., and/or HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57's possession.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The J&H parties presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 demand judgment dismissing DIAMOND GROUP INC.'s Cross-Claim as against J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 with prejudice and awarding J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 their attorneys' fees, costs and expenses and such other additional relief as this court deems just and proper.

<u>CONCLUSION</u>

WHEREFORE, J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 prays for the entry of an Order dismissing Plaintiff, ZINO DAVIDOFF SA'S Amended Complaint, Defendant, SELECTIVE DISTRIBUTION INTERNATIONAL, INC.'S Cross-Claim and Defendant, DIAMOND GROUP INC.'S Cross-Claim; together with such other additional relief as this Court deems just and proper, including J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57's costs, expenses and attorneys' fees.

<u>DEMAND FOR JURY TRIAL</u>

J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57 demand trial by jury on all issues so triable.

DATED:    Commack, New York
           July 3, 2008

                      Respectfully submitted,

                          /s/
                      MELISSA CORWIN (MC 8618)
                      SOMER & HELLER LLP
                      Attorneys for Defendant J&H
                      2171 Jericho Turnpike, Suite 350
                      Commack, New York 11725
                      631-462-2323

TO:    LISA PEARSON
        KILPATRICK STOCKTON LLP.
        Attorneys for Plaintiff
        31 West 52nd Street, 14th Floor
        New York, NY 10019
        212-775-8700

KENNETH NATHAN WOLF
Sandler Travis & Rosenberg, P.A.
Attorneys for Defendant/Third Party Plaintiff Selective
551 Fifth Avenue, Suite 614
New York, NY 10176
212-883-1300

BRADLEY D. SCHNUR
Law Office of Bradley D. Schnur Esq PC
Attorneys for Defendant/third Party Defendant/Fourth Party Plaintiff Diamond Group
380 N. Broadway, Ste 203
Jericho, NY 11753
516-932-4400

F:\DOCS\CIVIL\SCHMELTZER\Davidoff\Answer.7.3.wpd