USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 6 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZINO DAVIDOFF SA,

                    Plaintiff,

    v.

SELECTIVE DISTRIBUTION INTERNATIONAL INC., DIAMOND GROUP, INC., J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57,

                    Defendants.

---

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,

                    Third-Party Plaintiff,

    v.

DIAMOND GROUP INC.,

                    Third-Party Defendant/
                    Third-Party Plaintiff,

    v.

J & H COSMETICS, LTD.,

                    Third-Party Defendant.

---

07 Civ. 10326 (PAC) (MHD)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER (AS TO PLAINTIFF ZINO DAVIDOFF SA AND DEFENDANTS J&H COSMETICS, LTD., AND HELENE SCHMELTZER AND GERALD SCHMELTZER, INDIVIDUALLY AND DOING BUSINESS AS J&S MERCHANDISING AND JERRYBOY57)**

---

Pursuant to this Court's Order of December 10, 2007, Plaintiff Zino Davidoff SA and Defendants J&H Cosmetics, Ltd. and Helene Schmeltzer and Gerald Schmeltzer, individually and doing business as J&S Merchandising and Jerryboy 57 (the "J&H Parties") (Plaintiff and the

J&H Parties collectively, the "Parties") in the above-captioned action, through their undersigned counsel, submit this joint proposed Civil Case Management Plan and Scheduling Order.

1. The Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial.

2. The J&H Parties have requested a jury trial.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Due to the possibility that subsequent alleged suppliers of the alleged counterfeit and decoded fragrance products at issue may be discovered, the Parties respectfully request that the Parties have 45 days from the date of this Order to join additional parties without leave of the Court. Any motion to amend or to join additional parties shall be filed within 45 days from the date of this Order.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than September 15, 2008. [Absent exceptional circumstances, fourteen (14) days.]

5. All <u>fact</u> discovery shall be completed no later than March 1, 2009. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by December 1, 2008.

    b. Interrogatories to be served by January 15, 2009.

    c. Depositions to be completed by March 1, 2009.

    d. Requests to Admit to be served no later than February 16, 2009.

7.

    e. All <u>expert</u> discovery shall be completed no later than April 15, 2009. [Absent exceptional circumstances, a date 45 days from the date in paragraph 5, i.e. the completion of all fact discovery.]

    f. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery (March 1, 2009), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff's expert report(s) shall be due before those of

2

      defendant's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.

    a. Counsel for the Parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: Counsel for the Parties will continue discussion as to the possibility of an informal exchange of information, with such discussion to be had by September 5, 2008.

    b. Counsel for the Parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; and/or (ii) participation in the District's Mediation Program. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: Plaintiff proposes participation in the District Court's Mediation Program.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: prior to March 15, 2009.

    d. The use of any alternate dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. Proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: five (5) days.

13.

| Civil Case Management Plan Requirement | |
|---|---|
| Motion to amend or to join additional parties to be filed no later than: | 45 days from date of this Order |
| Initial Disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P. to be served no later than: | September 15, 2008 |
| All fact discovery to be completed no later than: | March 1, 2009 |
| Discovery – initial requests for production of documents to be served no later than: | December 1, 2008 |
| Discovery – interrogatories to be served no later than: | January 15, 2009 |
| Discovery – depositions to be completed no later than: | March 1, 2009 |
| Discovery – requests to admit to be served no later than: | February 16, 2009 |
| All expert discovery to be completed no later than: | March 15, 2009 |
| Parties to meet to confer on scheduled for expert disclosures no later than: | January 20, 2009 |
| All counsel to meet face-to-face to discuss settlement no later than: | December 8, 2008 |
| Date recommended by counsel for alternate dispute resolution: | March 15, 2009 |

TO BE COMPLETED BY THE COURT

14. ~~The next Case Management conference is scheduled for~~ *[handwritten: The parties will agree to modify the above schedule so that the discovery needs of Selective and the Drangus Group are reflected in the amended civil management plan. The matter will be referred to the Magistrate Judge Dolinger for discovery and settlement.]*

This ORDER may not be modified or the date herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

_____
Paul A. Crotty
United States District Judge

Dated: New York, New York
_____, 2008

4

US2000 10971271.3