```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 8 NOV 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZINO DAVIDOFF SA,

                Plaintiff,

v.

SELECTIVE DISTRIBUTION INTERNATIONAL INC., DIAMOND GROUP, INC., J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57,

                Defendants.

---

SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,

                Third-Party Plaintiff,

v.

DIAMOND GROUP INC.,

                Third-Party Defendant/
                Third-Party Plaintiff,

v.

J&H COSMETICS, LTD.,

                Third-Party Defendant.

---

07 Civ. 10326 (PAC)(MHD)

[PROPOSED] ORDER *PAC* DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT SELECTIVE DISTRIBUTION INTERNATIONAL, INC. AND SEVERING ITS THIRD-PARTY CLAIMS

    Upon the November 13, 2009 declaration of Robert Potter, attorney for Plaintiff Zino Davidoff SA, and for other good cause shown,

    IT IS HEREBY ORDERED that Plaintiff's claims against Defendant Selective Distribution International, Inc. ("Selective") are dismissed pursuant to the Settlement Agreement between Selective and Plaintiff, and with the Court reserving jurisdiction to enforce the terms of that Agreement; and

IT IS FURTHER ORDERED that Selective's third-party claims against third-party defendants Diamond Group, Inc. and J&H Cosmetics, Ltd. are hereby severed from the above-referenced civil action. All letters received as of Nov 3, 2009 are attached to this order.

Dated: November 17, 2009
New York, New York

SO ORDERED,

_____
Hon. Paul A. Crotty
United States District Judge



**KILPATRICK STOCKTON LLP**

Attorneys at Law

31 West 52nd Street
14th Floor
New York, NY 10019
t 212 775 8700  f 212 775 8800
www.KilpatrickStockton.com

direct dial 212 775 8733
direct fax 212 775 8816
rpotter@kilpatrickstockton.com

November 13, 2009

**BY E-MAIL & FEDERAL EXPRESS**
CrottyNYSDChambers@nysd.uscourts.gov

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *Zino Davidoff SA v. Selective Distribution International Inc. et al.*
           07 Civ. 10326 (PAC) (MHD)

Dear Judge Crotty:

    On behalf of Plaintiff Zino Davidoff SA, we write to respectfully request that the Court endorse the enclosed proposed order dismissing Zino Davidoff's claims against defendant Selective Distribution International, Inc. ("Selective"), and severing Selective's third-party claims from the above-referenced action.

    As an unrepresented corporation, Selective has been unable to participate substantively in this case, and this has delayed the parties' ability to move forward with the litigation. As set forth in the enclosed declaration, Selective has repeatedly missed Court-imposed deadlines to retain new counsel.

    At the conference held on October 28, 2009, the Court ordered Selective to retain new counsel by November 6, 2009. Your Honor stated that if Selective failed to do so, we should present the Court with a proposed order to sever Selective's claims, which the Court would enter without briefing. None of the parties voiced any objections to this.

    Selective has failed to retain counsel by its extended deadline, and we have prepared the enclosed proposed order accordingly. We respectfully request that the Court endorse this order, dismissing Selective as a defendant and severing its third-party claims against co-

The Honorable Paul A. Crotty
November 13, 2009
Page 2

defendants Diamond Group, Inc. and J&H Cosmetics, Ltd. This will allow the remaining, represented parties to move forward with the litigation.

We thank you for your attention to this request.

Respectfully submitted,

Robert Potter

Enclosure

cc: Bradley Schnur, Esq. (via e-mail)
Jeff Heller, Esq. (via e-mail)
Melissa Corwin, Esq. (via e-mail)
Lisa Pearson, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZINO DAVIDOFF SA,<br><br>                    Plaintiff,<br><br>v.<br><br>SELECTIVE DISTRIBUTION INTERNATIONAL INC., DIAMOND GROUP, INC., J&H COSMETICS, LTD., and HELENE SCHMELTZER and GERALD SCHMELTZER, individually and doing business as J&S MERCHANDISING and JERRYBOY57,<br><br>                    Defendants. | 07 Civ. 10326 (PAC)(MHD) |
| SELECTIVE DISTRIBUTION INTERNATIONAL, INC.,<br><br>                    Third-Party Plaintiff,<br><br>v.<br><br>DIAMOND GROUP INC.,<br><br>                  Third-Party Defendant/<br>                  Third-Party Plaintiff,<br><br>v.<br><br>J&H COSMETICS, LTD.,<br><br>                  Third-Party Defendant. | |

### DECLARATION OF ROBERT POTTER, ESQ. IN SUPPORT OF PLAINTIFF'S REQUEST TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT SELECTIVE DISTRIBUTION INTERNATIONAL, INC. AND SEVER ITS THIRD-PARTY CLAIMS

I, Robert Potter, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am member of the bar of this court and an associate with the firm of Kilpatrick Stockton, LLP, attorneys for Plaintiff Zino Davidoff SA in the above-entitled action. I make this declaration in support of Plaintiff's request to dismiss its claims against Defendant Selective Distribution International, Inc. ("Selective"), and to sever its third-party claims from this action.

US2000 11601785.1

2. On November 14, 2007, Plaintiff filed a Complaint against Selective in the above-captioned action.

3. On December 7, 2007, Selective filed an Answer to the Complaint.

4. On May 8, 2008, Plaintiff filed an Amended Complaint against Selective and additional defendants Diamond Group Inc. and J&H Cosmetics, Ltd., and Helene Schmeltzer and Gerald Schmeltzer, individually and doing business as J&S Merchandising and Jerryboy57.

5. On May 27, 2008, Selective filed an Answer to the Amended Complaint, asserting third-party claims against Diamond Group, Inc. and J&H Cosmetics, Ltd.

6. Plaintiff and Selective entered into a confidential Settlement Agreement, fully executed on April 3, 2009, disposing of all the claims between them.

7. Under Paragraph 11 of the Settlement Agreement, Zino Davidoff agreed to dismiss its claims against Selective, with the right to renew litigation should Selective breach any of its obligations under the Settlement Agreement.

8. Plaintiff has been unable to file a stipulation dismissing its claims against Selective because Selective has had no counsel to sign it. Selective has been given multiple opportunities to retain new counsel and has failed to do so.

9. Selective's prior counsel was granted leave to withdraw on March 27, 2009, at which time the Court ordered Selective to retain new counsel within ten days.

10. At a pretrial conference on April 7, 2009, Selective stated that it had not yet found new counsel, and the Court ordered Selective to do so by May 8, 2009.

11. On May 11, 2009, at a hearing to address outstanding discovery issues, Selective's principal Dennis Schnur represented that Selective had very recently retained new counsel. That new counsel never appeared.

12. As of October 28, 2009, Selective was still without counsel. At a conference on that date, the Court ordered Selective to retain new counsel by November 6, 2009. The Court stated that if Selective failed to do so, it would enter an order severing its third-party claims. None of the parties voiced any objections to this.

13. As of today's date, Selective has yet to retain new counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: New York, New York
November 13, 2009

_____
Robert Potter

# Selective

Distribution International, Inc.

November 13, 2009

The Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Via E-Mail (CrottyNYSDChambers@nysd.uscourts.gov; Marlon_Ovalles@nysd.courts.gov)

In re: *Zino Davidoff v. Selective Distribution Int'l et al, 07CV10326 (PAC) (MHD)*

Your Honor:

The undersigned writes on behalf of Selective Distribution, Inc. ("Selective") a party in the above captioned matter reference the correspondence Rob Potter, Esq., counsel for Plaintiff, sent to the Court earlier this date.

While Selective is in agreement with Mr. Potter reference his request to dismiss all claims of Plaintiff as against Selective Distribution International, Inc. ("SDI"), SDI does take issue with Mr. Potter's immediate efforts to sever SDI's remaining claims as against Diamond Group, Inc. ("DGI") and the "J&H Parties" especially given the fact that he is aware that potential new counsel is currently reviewing the case and requested a short period of time to determine whether it wished to accept the case (as set forth in SDI's letter and request to the Court dated November 4, 2009 and letter from Mr. Weiss' firm of November 5, 2009). Mr. Potter is first responding to this request today.

It does not benefit SDI to further delay these proceedings given the fact that it wishes to move forward with its claims for damages as against Diamond Group and the J&H Parties. It is disappointing that Plaintiff would not consent to such a short period of time for Mr. Weiss' office to review and determine whether it wishes to undertake representation of SDI in this matter. SDI has and continues to be severely prejudiced by the actions and lack of proper representation by its former counsel.

As a result of the foregoing, it is respectfully requested that the Court grant Plaintiff's Order to the extent that Plaintiff's claims as against SDI are dismissed as set forth in that portion of the Order but deny, or hold Plaintiff's other request, i.e. to sever SDI's claims against DGI and the J&H Parties, in abeyance through at least November 20, 2009 in order that a determination by prospective counsel as to representation can be made.

Thank you for your consideration of the above requests.

Sincerely,

Dennis J. Schnur
President, Selective Distribution International, Inc.

cc (via e-mail): R. Potter, Esq., B. Schnur, Esq., Sommer & Heller LLP

# Selective

Distribution International, Inc.

November 3, 2009

The Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Via E-Mail (CrottyNYSDChambers@nysd.uscourts.gov; Marlon_Ovalles@nysd.courts.gov) and Overnight Courier

In re: *Zino Davidoff v. Selective Distribution Int'l et al, 07CV10326 (PAC) (MHD)*

Your Honor:

The undersigned writes on behalf of Selective Distribution, Inc. ("Selective") a party in the above captioned matter reference the issue of its engaging new Counsel to pursue its ongoing claims as against Diamond Group, Inc. ("DGI") and the J&H Parties.

As you are aware, Selective has made efforts to obtain new counsel in this matter and to date has not been successful due to various reasons. However, please be advised that Selective has identified counsel, Robert H. Weiss, Esq. who is presently reviewing the file to determine whether or not he or his firm will assume representation in this matter. Given this development, it is respectfully requested that the date of November 6, 2009 by which Selective was to have new counsel in place be extended a short time (i.e. no later than November 30, 2009) to allow Mr. Weiss to make the decision as to whether he would undertake representation. It is believed that Mr. Weiss will be contacting this Court under separate cover as well with a similar request.

It does not benefit Selective to further delay these proceedings given the fact that it wishes to proceed with its claims for damages as against Diamond Group and the J&H Parties. However given the above development, it is respectfully requested that Selective be given an additional short period of time so that Mr. Weiss may determine whether he wishes to undertake representation in this matter.

Thank you for your consideration of the above requests.

Sincerely,

Dennis J. Schnur
President

cc (via e-mail): R. Potter, Esq., B. Schnur, Esq., M. Corwin, Esq.

# LAW OFFICES OF ROBERT H. WEISS, PLLC

(866) RIGHTS-4
www.rightsforamerica.com

**ROBERT H. WEISS**
*Member of NY/DC/WA Bar*
**STEPHEN DAVID MURAKAMI**
*Member of NY Bar*

**JEFFREY R. DUBIN**
*Chief Financial Officer*

Of Counsel:
**YEHUDA SMOLAR**
*Member of GA Bar*
**WILLIAM CROMWELL**
*Member of GA Bar*

**ZACHARY COHEN**
*Member of NY/NJ Bar*
**JENNIFER A. BAILEY**
*Member of NY Bar*

Of Counsel:
**A. DANIEL WOSKA**
*Member of OK/TX Bar*

## BY ELECTRONIC MAIL

November 5, 2009

Judge Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
Courtroom 20-C
New York, NY 10007

Re: *Zino Davidoff SA -v- Selective Distribution International Inc., et al. - 1:07-cv-10326-PAC-MHD*

### Defendant Selective Distribution International Inc.'s Request for Extension to find Alternate Counsel

Dear Judge Crotty:

Defendant Selective Distribution International Inc. respectfully requests this honorable court for an extension of the deadline of Friday, November 6, 2009 to find alternate counsel. Defendant requests an extension of two-weeks until November 20, 2009. Defendant Selective Distribution International Inc. has just provided us, The Law Offices of Robert H. Weiss, PLLC with the file of court pleadings and documents which we need time to review and evaluate.

This is the first extension of time sought by this Defendant and is not sought in order to facilitate any unnecessary delay or improper purpose. The Law Offices of Robert H. Weiss, PLLC has not been retained by Defendant Selective Distribution International Inc and has not yet had the opportunity to confer with Plaintiff's counsel regarding this request.

Your cooperation in this matter would be greatly appreciated. Should you have any questions, please feel free to contact us at (516) 876-4213.

Very truly yours,

Zachary Cohen, Esq.
LAW OFFICES OF ROBERT H. WEISS, PLLC

50 Jericho Turnpike, Suite 201
Jericho, New York 11753

1101 Pennsylvania Avenue, NW, 6th Floor
Washington, D.C. 20004

200 Galleria Parkway, Suite 900
Atlanta, Georgia 30339



**SANDLER TRAVIS & ROSENBERG, P.A.**
ATTORNEYS AT LAW

KENNETH N. WOLF
MEMBER NEW YORK BAR
(212) 590-4883 TELEPHONE
(212) 883-0068 FACSIMILE

E-MAIL ADDRESS: KWOLF@STRTRADE.COM
WWW.STRTRADE.COM

November 2, 2009

<u>Via Facsimile</u>
Hon. Paul A. Crotty
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

Re: Zino Davidoff S.A. v. Selective Distribution International, Inc.
Court No. 07-cv-10326 (PAC)(MHD)

Dear Judge Crotty:

We submit this letter at the request of Selective Distribution International Inc. ("Selective"), seeking leave of Court to allow Sandler, Travis & Rosenberg, P.A. ("ST&R"), Selective's former counsel, to make a limited appearance in the subject proceeding to facilitate the efforts of Selective to finalize a settlement which was negotiated to the brink of dismissal and executed while our firm was counsel of record for Selective.

On or about March 7, 2009, ST&R, through the motion and declaration of the undersigned, sought leave to withdraw as counsel (Docket # 49 and 50), which application was granted on March 26, 2009 (Docket # 51). Our firm's withdrawal from the case was made effective by the Court order at the conclusion of a deposition required by the already-agreed settlement between plaintiff, Zeno Davidoff, S.A. ("Davidoff"), and Selective (i.e., on March 27, 2009), but before the filing of a stipulated dismissal of the Davidoff claim, which under terms of the settlement, was to be filed by Davidoff within forty-five (45) days of the settlement.

We understand that: 1) while Selective wishes to do so, a Stipulation of Dismissal between Davidoff and Selective has not yet been executed or filed; 2) that Selective must engage new counsel no later than November 6, 2009 or risk having its claims against Diamond Group and the J&H parties severed; and 3) as of the writing of this letter, Selective has not yet engaged new counsel.

BEIJING · CHICAGO · MIAMI · NEW YORK · SAN FRANCISCO · HONG KONG* · WASHINGTON, D.C.

551 Fifth Avenue, Suite 1100, New York, New York 10176 USA · ph 212 883 1300 · fax 212 883 0068 · www.strtrade.com
*Office known as Sandler, Travis & Rosenberg, Limited

SANDLER, TRAVIS & ROSENBERG, P.A.

November 2, 2009
Page | 2

Selective has informed us that it is in the process of interviewing other counsel to go forward, but is also anxious to have a Stipulation dismissing Davidoff's claims against it executed and filed as expeditiously as possible. We have informed Selective that our firm cannot represent it in any ongoing litigation in this matter. As Selective is a corporation, it understands that it may appear in Court only through counsel and that the Stipulation must be executed by counsel, although it may be filed by counsel for either party. Selective has requested ST&R to seek leave of court enabling ST&R to appear on Selective's behalf for the limited purpose of reviewing the Stipulation and if acceptable, executing the same on its behalf and to attend to the filing of the executed Stipulation, either by Davidoff's counsel or through ST&R's efforts (since ST&R was counsel of record at the time the Settlement containing the dismissal provision was entered into and executed).

With the Court's permission, ST&R is amenable to making a limited appearance in accordance with Selective's request for the express purpose of "finalizing" the particulars of the contemplated Stipulation and executing the same. At the same time ST&R informs the Court that this firm will not thereafter represent Selective in prosecuting its claims against the other parties or for any other purposes in connection with this litigation.

Accordingly, we respectfully request this Court to endorse this application and allow ST&R to appear solely for the limited purposes described and no other. We also respectfully request that Your Honor's "So Ordering" or otherwise endorsing this letter will simultaneously serve as permission for ST&R to withdraw as counsel without further application on ST&R's part immediately upon the earliest of: 1) the filing of the contemplated Stipulation; 2) the entry of an appearance by Selective's new counsel; or 3) or the arrival of 5 p.m. November 6, 2009, without the filing of an appearance by new counsel for Selective. We thank Your Honor for your consideration.

Sincerely yours,

SANDLER, TRAVIS & ROSENBERG, P.A.

By: *(signature)*
Kenneth N. Wolf

Cc: Counsel of record

Mr. Dennis Schnur (Selective)

BEIJING · CHICAGO · MIAMI · NEW YORK · SAN FRANCISCO · HONG KONG* · WASHINGTON, D.C.

551 Fifth Avenue, Suite 1100, New York, New York 10176 USA · ph 212 883 1300 · fax 212 883 0068 · www.strtrade.com
*Office known as Sandler, Travis & Rosenberg, Limited



# SOMER & HELLER LLP
## ATTORNEYS AT LAW

2171 Jericho Turnpike, Suite 350, Commack, New York 11725 • (631) 462-2323

STANLEY J. SOMER
JEFFREY T. HELLER **

MELISSA CORWIN *

\* ALSO ADMITTED IN FLORIDA
\*\* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL
MICHAEL C. MARCUS

November 3, 2009

<u>Via Facsimile: (212)805-6304</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Chambers 735
New York, New York 10007

**Re: Zino Davidoff SA v. Selective Distribution International, Inc. et al
No. 07-CV-10326 (PAC) (MHD)**

Dear Judge Crotty:

I write herewith to advise the Court that this afternoon we received a Stipulation of Voluntary Dismissal as to Plaintiff, Davidoff's, claims against Defendant/Third-Party Plaintiff Selective Distribution. We were asked to sign off on said Stipulation by the end of business today.

The J&H parties have taken the Stipulation under advisement. The undersigned is uncomfortable simply signing off on the Stipulation of Voluntary Dismissal because the settlement agreement between Plaintiff and Defendant Selective has been deemed confidential. Our issue is that said settlement impacts the claims by both the Plaintiff and by Defendant/Third-Party Plaintiff against the J&H parties. Defendant Selective's damages for contribution, as alleged against the J&H parties, flow directly from the damages paid to Plaintiff. Further, Plaintiff's claims against the J&H parties must be mitigated by the damages already recovered by Plaintiff against these other Defendants. Accordingly, the undersigned is reluctant to sign off on a Stipulation which encompasses an executed confidential settlement to which we are not privy.

We have communicated these concerns to both counsel for Plaintiff and Defendant Selective, as well as to Dennis Schnur, directly. We are awaiting a return call from Bradley Schnur, Esq., counsel to Defendant Diamond Group. Enclosed herewith is a copy of the letter forwarded to counsel after our conversations this afternoon.

The Honorable Paul A. Crotty
November 3, 2009
Page 2

Based upon the foregoing, we write herewith to request a telephone conference regarding the J&H parties' concerns. We do not wish to require Plaintiff's counsel to engage in motion practice to dismiss its claims against Defendant Selective. We would simply like the Court's direction on how the parties can proceed in light of the J&H parties' concerns.

                                            Respectfully submitted,

                                            SOMER & HELLER, LLP

                                            Jeffrey T. Heller, Esq.

cc:    Robert Potter, Esq. (via facsimile: (212)775-8800)
        Kenneth N. Wolf, Esq. (via facsimile: (212)883-0068)
        Bradley D. Schnur, Esq. (via facsimile: (516)932-9195)



# SOMER & HELLER LLP
## ATTORNEYS AT LAW

2171 Jericho Turnpike, Suite 350, Commack, New York 11725 • (631) 462-2323

STANLEY J. SOMER
JEFFREY T. HELLER **

MELISSA CORWIN *

* ALSO ADMITTED IN FLORIDA
* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL
MICHAEL C. MARCUS

November 3, 2009

**Via Facsimile Only: (212) 775-8800**
KILPATRICK STOCKTON LLP
Robert Potter, Esq.
31 West 52nd Street, 14th Floor
New York, New York 10019

Re: Davidoff v. J&H, et al.
Case No. 07 Civ. 10326

Dear Mr. Potter:

I write herewith in furtherance of our telephone conversation on today's date regarding the Stipulation of Voluntary Dismissal as to Defendant Selective.

Unfortunately, at this time we are unable to execute the Stipulation on our client's behalf because the terms of the Plaintiff's settlement with Defendant Selective have been deemed confidential by the parties. The J&H parties cannot consent to the dismissal of Plaintiff's claims against Defendant Selective without knowing the terms of the settlement because said settlement impacts the claims against the J&H parties because the Plaintiff's claims against the J&H parties and against Selective are for the very same goods.

The J&H parties proposed on multiple occasions that the parties engage in global settlement negotiations. Unfortunately, the Plaintiff elected to settle this suit piecemeal and has failed and refused to make any settlement demand of the J&H parties, and now the J&H parties are asked to join in the voluntary dismissal of Selective being left in the dark as to the settlement with all other parties. Not only do Defendant Selective's and Diamond's damages for contribution, as alleged against the J&H parties, flow directly from the damages paid to Plaintiff in their respective settlements, but further, Plaintiff's claims against the J&H parties must be mitigated by the damages already recovered by Plaintiff against these other Defendants.

We offered to initiate a conference call with the Court regarding this issue, however, you declined that offer. If you elect to proceed by motion, we will file our objections thereto based upon the foregoing arguments. Enjoy your vacation and please contact the undersigned to discuss further upon your return.

Very truly yours,

SOMER & HELLER, LLP

Jeffrey T. Heller, Esq.

cc:   Kenneth N. Wolf, Esq. (via facsimile: (212)883-0068)
      Bradley D. Schnur, Esq. (via facsimile: (516)932-9195)