UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    :
ZINO DAVIDOFF S.A.,    :
    :    07 Civ. 10326 (PAE)
              Plaintiff,    :
    :    OPINION & ORDER
        -v-    :
    :
SELECTIVE DISTRIBUTION INTERNATIONAL, INC. :
et al.,    :
    :
              Defendants.    :
    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    This action arises from the discovery, by plaintiff Zino Davidoff, S.A. ("Davidoff"), that CVS stores were selling a counterfeit version of its product, the Davidoff "Cool Water" fragrance.[1]  Davidoff sued three entities that it alleged had been a link in the chain by which these counterfeit products were supplied to CVS:  Selective Distribution International, Inc. ("Selective"), Diamond Group, Inc. ("Diamond"), and J&H Cosmetics, Ltd. ("J&H").[2]  Each of the three has paid Davidoff money to settle Davidoff's claims.  This Opinion concerns the cross-claims that remain between Selective, Diamond, and J&H.

    J&H moves for summary judgment on Selective and Diamond's claims against it. Selective opposes that motion.  Diamond opposes J&H's motion, and cross-moves for summary

---

[1] Davidoff has settled its claims against CVS in a separate action.  *See Zino Davidoff SA v. CVS Corp.*, No. 06 Civ. 15332 (RJS), Dkt. 111.

[2] Davidoff also sued Gerald Schmeltzer, the principal of J&H; his wife Helene; and two allegedly associated entities, J&S Merchandising and jerryboy57 (collectively with J&H, the "J&H Parties").

judgment in its favor on the same claims. Neither Selective nor Diamond has moved for summary judgment on Selective's cross-claim against Diamond for breach of warranty.

On March 8, 2013, Hon. Michael H. Dolinger, United States Magistrate Judge, issued a thorough and well-reasoned Report and Recommendation (the "Report"), recommending that (1) J&H's motion for summary judgment be granted as to Selective's claims for contribution and indemnity; (2) J&H's motion for summary judgment be granted in J&H's favor (and, accordingly, that Diamond's cross-motion be denied) on Diamond's claims for indemnity, false designation of origin, and unfair competition; and (3) J&H and Diamond's cross-motions be denied as to Diamond's claim of breach of warranty (except as to Gerald Schmeltzer, Helene Schmeltzer, J&S Merchandising, and jerryboy57, in whose favor summary judgment should be granted).

For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

**I.     Background**

    **A. Procedural History**

On November 14, 2007, Davidoff filed the Complaint in this case, bringing claims solely against Selective. Dkt. 1. Selective then brought a third-party complaint against Diamond, Dkt. 6, which then brought a fourth-party complaint against J&H, Dkt. 23. On May 8, 2008, Davidoff amended its complaint to name all three defendants. Dkt. 24. Davidoff then executed separate settlement agreements with each defendant and voluntarily dismissed its claims. Dkt. 52, 61, 62.

On March 16, 2012, J&H moved for summary judgment. Dkt. 85. On May 1, 2012, Diamond opposed that motion and cross-moved for summary judgment. Dkt. 97. On May 4, 2012, Selective opposed J&H's motion. Dkt. 108. On May 25, 2012, J&H replied to Selective's

opposition, Dkt. 114, and on July 27, 2012, filed an opposition to Diamond's cross-motion, Dkt. 127. On August 17, 2012, Diamond replied in support of its cross-motion. Dkt. 132.

On March 8, 2013, Judge Dolinger issued the Report. Dkt. 138. On March 22, 2013, J&H filed its objections to the Report. Dkt. 139 ("J&H Obj."). On March 25, 2013, Diamond filed its objections to the Report. Dkt. 140 ("Diamond Obj.").[3] Selective did not file objections to the Report.

### B. Factual Background

Neither party objects to the factual background set out in the Report.[4] The Court adopts those facts and provides the following overview.

Davidoff is the maker of the "Cool Water" fragrance. In 2006, Davidoff inspected CVS's inventory. It discovered 836 units of Cool Water that it believed counterfeit. Davidoff also found 16,000 units of product that had been "de-coded," meaning that the production code which Davidoff had placed on the package had been removed.

In this lawsuit, Davidoff alleged that many counterfeit and decoded units were in boxes that identified Selective as the supplier to CVS of the Cool Water fragrance inside. Selective, in turn, alleges that it had purchased the fragrance from Diamond. Diamond, for its part, alleges that it had purchased the fragrance from J&H in April 2006. J&H denies that the Cool Water it sold to Diamond was counterfeit.

---

[3] On March 8, 2013, the Court issued an Order affirming that, under Federal Rule of Civil Procedure 72, any objections to the Report were due by March 22, 2013, and that there would be no extensions of this deadline. Dkt. 138. Thus, Diamond's objections are arguably untimely. *But see* Fed. R. Civ. P. 6(d). The Court considers them nevertheless.

[4] J&H objects to a few specific factual findings, which are addressed in detail in Parts II(B)(3) & (5), *infra*.

3

After Diamond, Selective, and J&H interposed cross-claims against each other, Davidoff amended its complaint to name all three as defendants. Davidoff also brought claims against Gerald Schmeltzer, the principal of J&H, and his wife Helene Schmeltzer, alleging that in addition to sales made to Diamond, they had been selling counterfeit Cool Water through their e-Bay outlet J&S Merchandising and their username jerryboy57 (also named as defendants).

### C. Judge Dolinger's Report

Judge Dolinger's Report addressed the following claims.

1. *Selective v. J&H – Contribution & Indemnification*

Selective seeks contribution and indemnification from J&H. Selective argues that J&H is liable for the money that Selective had to pay Davidoff to settle its claims, because J&H provided the counterfeit product to Diamond, which in turn provided it to Selective for distribution to CVS.

Although J&H advanced a number of arguments in support of its motion for summary judgment on these claims, Judge Dolinger found one dispositive. The settlement agreement between Davidoff and Selective expressly provided that Selective would pay Davidoff $75,000, and that this payment "shall be deemed to reflect compensation *solely* for Selective's profits under Lanham Act § 35(a) (15 U.S.C. § 1117(a))." *See* Declaration of Melissa Corwin in Support of J&H's Motion for Summary Judgment ("Corwin Decl."), Ex. W. §§ 15–16 (emphasis added). Thus, Judge Dolinger found, Selective's settlement agreement with Davidoff makes clear that Selective is seeking contribution and indemnification for a payment Selective made to resolve claims that it had violated the Lanham Act.

Judge Dolinger found that summary judgment was therefore warranted in J&H's favor, because contribution and indemnification are not available to reimburse a defendant for losses

4

attributable to its Lanham Act violations.  *See* Rep. 11–15 (citing, *inter alia*, *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 90–91 (1981) (private right to contribution or indemnity for damages incurred under a federal statute not available unless Congress explicitly or implicitly provides for such a remedy or one is recognized by federal common law); *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988) (no right to contribution for damages paid under Lanham Act); *Yves Saint Laurent Parfums, SA v. Costco Wholesaler Corp.*, No. 07 Civ. 3214 (LBS)(HBP), 2010 WL 2593671, at *6 (S.D.N.Y. June 24, 2010) (no right to indemnification for damages paid under Lanham Act); *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 126–27 (C.D. Cal. 2008) (no right to contribution or indemnification for Lanham Act damages)).

### 2. *Diamond v. J&H – Indemnification*

Diamond also seeks indemnification (though not contribution) from J&H, arguing that J&H should be liable for the amount Diamond paid to settle Davidoff's claims.  However, Diamond's settlement agreement also provided that it would pay $75,000 to Davidoff, and that this amount "shall be deemed to reflect compensation *solely* for [Diamond]'s profits under the Lanham Act § 35(a) (15 U.S.C. § 1117(a))."  *See* Declaration of Bradley Schnur in Support of Diamond's Opposition to J&H's Summary Judgment Motion and Diamond's Cross-Motion ("Schnur Decl."), Ex. J § 17 (emphasis added).

Thus, Judge Dolinger granted summary judgment in J&H's favor on this claim, for the same reasons as on Selective's indemnification claim.  *See* Rep. 16–17.

### 3. *Diamond v. J&H – Breach of Warranty*

Diamond also asserts a claim for breach of warranty, based on J&H's sale to Diamond of the allegedly counterfeit products.  Diamond argues that J&H breached two warranties: (1) the

warranty of title, which provides that "a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like," U.C.C. § 2-312(3); and (2) the warranty of merchantability, which provides that a merchant seller warrants that his goods are, *inter alia*, able to "pass without objection in the trade under the contract description," "fit for the ordinary purposes for which such goods are used," and "adequately . . . labeled," U.C.C. §§ 2-314(1) & (2).

First, Judge Dolinger noted that although Diamond named all of the J&H Parties as defendants on this claim, it did not argue that Gerald Schmeltzer, Helene Schmeltzer, J&S Merchandising, or jerryboy57 were liable for the breach of any warranty by J&H. Accordingly, Judge Dolinger granted summary judgment in favor of these defendants. *See* Rep. 18–19 (citing *In re Vebeliunas*, 332 F.3d 85, 91–92 (2d Cir. 2003)).

As between J&H and Diamond, however, Judge Dolinger denied both parties' cross-motions for summary judgment. That is, Judge Dolinger found genuine issues of material fact as to whether J&H breached a warranty to Diamond. *See* Rep. 19–23. In so finding, Judge Dolinger addressed each of the following arguments.

J&H first argued that Diamond cannot prove that the bottles of Cool Water that ended up at CVS were the same bottles that J&H (as opposed to some other supplier) sold to Diamond. Conversely, Diamond argued that the evidence it offered made it certain that the offending product came from J&H. Judge Dolinger rejected both arguments. He concluded that Diamond had provided sufficient evidence of the chain of custody of the bottles in question to permit a trier of fact to find that the offending bottles came from J&H, *see* Rep. 19–20, but that there were enough gaps in the evidence to make the provenance of the offending bottles a triable issue, *see* Rep. 37–43.

J&H also argued that Diamond cannot prove that the bottles of Cool Water in question were indeed counterfeit, because Diamond has not designated an expert witness to testify to that effect. Judge Dolinger rejected that argument, noting that Davidoff and its investigators have adduced sufficient evidence that the units in question were fake, and that, having offered evidence in the *CVS* litigation to that effect, presumably could adduce the same testimony here. *See* Rep. 20 (citing Schnur Decl. Exs. F–H).

Finally, J&H argued that Diamond failed to give it timely notice of the breach of warranty claim. *See* U.C.C. §§ 2-607(3)(a) & (b) (buyer must give notice of breach to seller within a "reasonable time" after discovering the breach, and, where the claim is one of infringement and the buyer is sued, within a reasonable time after receiving notice of the litigation). However, Judge Dolinger found that, although J&H argued that Diamond knew of the breach as far back as February 2007, Diamond proferred evidence that it did not learn that J&H was the supplier of the product in question until March 2008, only one month before it notified J&H. *See* Rep. 20–22. Thus, Judge Dolinger found that there was, at least, a triable issue of fact as to the timeliness of Diamond's notice.

4. *Diamond v. J&H – Unfair Competition and False Designation of Origin*

Diamond also asserts claims of unfair competition (under New York state law) and false designation of origin (under the Lanham Act) against J&H, based again on J&H's provision of allegedly counterfeit bottles of Cool Water to Diamond.

As to the false designation of origin claim, Judge Dolinger noted that Diamond did not defend that claim, and that summary judgment in J&H's favor was appropriate. *See* Rep. 24–25.

As to the unfair competition claim, Judge Dolinger addressed, and rejected, a number of arguments by J&H in support of its motion for summary judgment. *See* Rep. 25–27. However,

7

Judge Dolinger ultimately found that summary judgment was warranted in J&H's favor, because Diamond did not have a sufficient interest in the intellectual property at issue to prevail on an unfair competition claim: The allegedly misappropriated trademark belongs to Davidoff, not Diamond.  *See* Rep. 28–32.  In so finding, Judge Dolinger rejected Diamond's argument that it had a sufficient interest in Davidoff's mark based on the pecuniary injury it suffered from selling a counterfeit product.  *See* Rep. 31–33.

     5.  *J&H's Preclusion Request*

Finally, Judge Dolinger addressed, and denied, J&H's motion that Diamond be precluded from offering proof of its damages based on alleged violations of its discovery obligations. Judge Dolinger noted that J&H had never sought such relief for these alleged derelictions during the course of discovery.  *See* Rep. 33–36.  Moreover, Judge Dolinger noted, to the extent that any missing proof of Diamond's damages is relevant to its breach of warranty claim, Diamond could be ordered to produce such documentation before trial or else be precluded from introducing it— issues that were not fully addressed in summary judgment briefing and more appropriately resolved in a joint pretrial order or motion *in limine*.  *See* Rep. 36 & n.14.

## II.   Discussion

### A.  Standard of Review

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a question of material fact.  In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  To survive a

summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no timely objection has been made to the recommendations of a magistrate judge, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted). When a timely objection has been made, the court is obligated to review the contested issues *de novo*. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). "However, it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Cuevas v. United States*, No. 10 Civ. 5959 (PAE)(GWG), 2013 WL 655082, at *2 (S.D.N.Y. Feb. 22, 2013) (citation omitted).

### B. Objections to Judge Dolinger's Report

1. *Selective v. J&H – Contribution and Indemnification*

Neither party objects to Judge Dolinger's recommendation that summary judgment be granted in J&H's favor on Selective's claims for contribution and indemnification. Accordingly, the Court reviews this recommendation for clear error. *Carlson*, 2012 WL 928124, at *1. It finds none.

2. *Diamond v. J&H – Indemnification*

Neither party objects to Judge Dolinger's recommendation that summary judgment be granted in J&H's favor on Diamond's claim for indemnification. Once again, the Court does not find clear error.

3. *Diamond v. J&H – Breach of Warranty*

J&H objects to Judge Dolinger's recommendation that its motion for summary judgment on Diamond's breach of warranty claim be denied. It argues that Judge Dolinger erred in finding a triable issue whether Diamond gave proper notice to J&H of the alleged breach of warranty. J&H Obj. 2–4.[5] It is undisputed that Diamond did not notify J&H of its breach of warranty claim until April 2008. Thus, the question whether Diamond gave J&H notice of its claim within a reasonable time turns on when Diamond learned that J&H, as opposed to some other supplier, had supplied it with the product in question. *See* U.C.C. § 2-607(3); *see also First Sec. Mortg. Co. v. Goldmark Plastics Compounds, Inc.*, 862 F. Supp. 918, 933 (E.D.N.Y. 1994) (sufficient notice "depends upon the circumstances of each case and the term [reasonable time] is to be treated flexibly" (citing *Schnitzer v. Lang*, 239 N.Y. 1, 5 (1924))).

---

[5] J&H does not object to Judge Dolinger's findings that triable issues remain as to (1) the chain of custody of the bottles in question, *see* Rep. 19–20; and (2) whether the bottles in question were counterfeit, *see* Rep. 20. *See* J&H Obj. 2. The Court does not find clear error as to these points.

On February 15, 2007, an officer of Selective emailed an officer of Diamond to inform him that Davidoff was claiming that the products in question were counterfeit, and that Selective intended to hold Diamond liable for any damages Selective might have to pay Davidoff. *See* Reply Declaration of Melissa Corwin (Dkt. 128) ("Corwin Reply Decl."), Ex. C. Thus, J&H has demonstrated that, as of February 2007, Diamond had notice that it may have purchased counterfeit products from *someone*, likely in breach of that supplier's warranty.

J&H's argument fails, however, because it cannot show when Diamond knew that *J&H*, as opposed to some other supplier, was the source of the counterfeit goods (and therefore that Diamond's breach of warranty claim ran against J&H). As Judge Dolinger noted, there is record evidence reflecting that Diamond did not learn with certainty that J&H was the supplier of the goods in question until March 2008, when it received a sample box of Cool Water from J&H and confirmed that its source code matched that of the allegedly counterfeit products. *See* Rep. 22 (citing Reply Declaration of Jeffrey Parker in Support of Diamond's Cross-Motion for Summary Judgment (Dkt. 133) ("Parker Reply Decl.") ¶ 13).

In response, J&H argues that Diamond knew that J&H was the supplier long before March 2008. *See* J&H Obj. 3. As support, J&H points to a handwritten annotation on the sample box of Cool Water that reads: "This is a copy of the box of [Cool Water] received from J&H . . . . [W]e kept a sample in the office." Schnur Decl. Ex. D. On this basis, J&H appears to argue that, for some time before March 2008, Diamond had the sample in question, and thus the knowledge, or at least the ability to ascertain, that J&H had supplied the offending product. But J&H does not point to any evidence of when Diamond learned of the provenance of the Cool Water. And its theory is in tension with the deposition testimony of Jeffrey Parker that Diamond requested the sample from J&H only after Selective brought its claim against Diamond in

11

December 2007. *See* Schnur Decl. Ex. E (Deposition of Jeffrey Parker), at 114–17; *see also* Parker Reply Decl. ¶ 13 (stating that Diamond learned with certainty that J&H was the supplier of the offending product in March 2008). Thus, there is a triable issue of fact as to whether Diamond learned that J&H was the source of the allegedly counterfeit goods in March 2008, December 2007, sometime in between, or at some previous time.[6] Because the reasonableness of Diamond's April 2008 notification to J&H of its breach of warranty claim turns on this open factual question, summary judgment is not merited.

    4. *Diamond v. J&H – Unfair Competition and False Designation of Origin*

Neither party objects to Judge Dolinger's recommendation that summary judgment be granted in J&H's favor on Diamond's claim of false designation of origin. The Court finds no clear error.

Diamond does object, however, to Judge Dolinger's finding that it lacked a sufficient interest in the intellectual property at issue to state a claim of unfair competition. Diamond Obj. 2. Diamond argues that it "had an economic interest in the product which J&H sold to it . . . as it purchased the subject product from J&H and funds were exchanged." *Id.* This is a truncated version of Diamond's previous argument, *see* Diamond Reply Br. (Dkt. 132) 14–15, which Judge Dolinger rejected, *see* Rep. 31–33. The cases cited by Diamond in its reply brief merely

---

[6] J&H also argues that Diamond *must* have known that J&H was the source of the offending goods, because J&H was Diamond's only source of Cool Water during the relevant period. J&H Obj. 3. But this argument is contrary to J&H's argument in opposition to Diamond's summary judgment motion that J&H was *not* the only source of the offending goods. *See* J&H Br. (Dkt. 78) 8–10; J&H Reply Br. (Dkt. 127) 6–8; Corwin Decl. ¶¶ 34–39. It is also to contrary to Judge Dolinger's finding—which was beneficial to J&H on the chain of custody issue and therefore not objected to—that Diamond was incorrect in claiming that J&H was its only supplier. *See* Rep. 39–40. As Judge Dolinger noted, there is evidence that Diamond bought Cool Water from other sources during the relevant period. *See* Corwin Decl. Exs. O & P. Thus, there is at least a triable issue as to when Diamond ascertained the provenance of the Cool Water bottles in question.

stand for the proposition that a sufficient pecuniary interest in a trademark may exist where the plaintiff has an exclusive right to distribute or manufacture the mark in question. *See Faiveley Transp. USA, Inc. v. Wabtec Corp.*, No. 10 Civ. 4062 (JSR), 2011 WL 1899730, at *9 (S.D.N.Y. May 13, 2011); *Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 2d 157, 168 (S.D.N.Y. 1998); *see also Borgognone v. Patricia's Pizza & Pasta II, Inc.*, No. 10 Civ. 0841 (LAK), 2010 WL 4455820, at *2 n.1 (S.D.N.Y. Nov. 3, 2010). But that is not the situation presented here: Diamond is one of many entities that purchases Davidoff products for resale. As Judge Dolinger noted, simply purchasing a product for resale does not give rise to an interest in that product's trademark sufficient to state a claim for unfair competition. *See, e.g.*, *Telecom Intern. Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 198 (2d Cir. 2001) ("[A]bsent some appropriation of an idea or knowledge in which [plaintiff] had a property interest or a contractual arrangement creating such an interest, we see no such impropriety here as to call for relief under New York's law of unfair competition."); *cf. Silverstar Enters., Inc. v. Aday*, 537 F. Supp. 236, 241 (S.D.N.Y. 1982) (dismissing Lanham Act claim where plaintiff was not seeking to enforce registrant's rights, but rather its own contractual rights). The Court therefore adopts Judge Dolinger's recommendation and grants summary judgment in J&H's favor.

    5.  *J&H's Preclusion Request*

J&H objects to Judge Dolinger's recommendation that the Court deny J&H's request to preclude Diamond from introducing evidence of its damages at trial, based on Diamond's alleged non-compliance with discovery obligations. *See* J&H Obj. 4–6. Judge Dolinger denied J&H's request because it had not sought such relief during discovery. *See* Rep. 33–36. Opposing that finding, J&H argues that, although it never formally sought such relief, it protested Diamond's non-compliance: "[W]hile the parties appeared before Magistrate Dolinger on settlement

conferences, the issue of Diamond's failure to comply with J&H's demands was raised by J&H . . . and Diamond [] was directed to produce same as essential to proving its case, albeit not set forth in a formal order." J&H Obj. 5. In essence, J&H argues, it preserved its ability to raise the issue of Diamond's discovery infractions, and preclusion is the proper remedy for those abuses.

The Court adopts Judge Dolinger's recommendation that J&H's request for preclusion be denied, for two reasons. First, J&H has not pointed to any evidence of having raised these issues with Judge Dolinger during the discovery process.[7] Second, and more important, there is no need to address such a motion at this time. As Judge Dolinger noted, to the extent the alleged discovery non-disclosures are shown to have impeded J&H's ability to defend at trial against a claim for damages by Diamond, that issue can be fully addressed in a motion *in limine*, when the shape of, and evidence at, a trial has further crystallized.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Dolinger's Report and Recommendation in its entirety. To summarize:

1. Summary judgment is granted in favor of the J&H Parties with respect to all of Selective's claims against them.

2. Summary judgment is granted in favor of the J&H Parties with respect to all of Diamond's claims against them, with the exception of Diamond's claim for breach of warranty, which may be pursued solely against J&H (not Gerald Schmeltzer, Helene Schmeltzer, J&S Merchandising, or jerryboy57).

3. Diamond's motion for summary judgment in its favor is denied as to all of its claims.

---

[7] J&H has provided evidence of its efforts during the course of discovery to request proof of Diamond's damages from Diamond's counsel. *See* Corwin Reply Decl. Ex. E. But, as Judge Dolinger noted, Diamond specifically objected to this request. *See* Corwin Decl. Ex. G ¶ 90. And J&H provides no evidence of any attempt to raise the issue with the Court.

14

4. J&H's motion for preclusion as a discovery sanction is denied.

Therefore, the only remaining claims in this case are two breach of warranty claims: Selective against Diamond, and Diamond against J&H. A pretrial conference will be held on April 19, 2013, at 11:00 a.m. in Courtroom 1305 at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007. At that conference, the Court anticipates setting a prompt trial date and a schedule for the submission of a joint pretrial order and any motions *in limine*. The parties are directed to meet and confer in person for at least one hour, at least one week before that conference, and to submit a letter to the Court, no later than April 16, 2013, setting forth the parties' respective views on: (1) the prospects for settlement, including whether the parties would like the Court to preside over a settlement conference; (2) the anticipated length of trial; and (3) what motions *in limine* are anticipated.

The Clerk of Court is directed to terminate the motions pending at docket numbers 85 and 97.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 27, 2013
       New York, New York